UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,
   Plaintiff,

v              Case No. 15-20652
               Hon. George Caram Steeh

**COREY BAILEY**,
   Defendant.
_____

## MOTION FOR DISCOVERY AND TO EXCLUDE RAP VIDEOS

Defendant Corey Bailey, by his attorney, John Minock, requests that this Court grant his Motion for the following reasons:

1. Defendant is charged with RICO conspiracy, murder in aid of racketeering, and other charges, and is potentially facing the death penalty.

2. Defendant is in trial group two, scheduled for trial in February, 2018.

3. Defendant Graham has filed a motion to exclude rap videos and lyrics from evidence in the first trial in this case scheduled for October, 2017.  R 580.  The motion is based upon freedom of speech under the First Amendment and FRE 403.

4. The government filed a response to that motion and states that it intends to play eleven identified rap videos and likely another half dozen unidentified videos at trial.  R 628.  Defendant Graham has filed a Reply.  R 649.  The motion is set for hearing on September 11, 2017, at 2:00 p.m.

1

5. Defendant believes there are foundational issues beyond the discussion in the pleadings already filed which the Court should consider before ruling on the motion, including confrontation, hearsay, foundations for hearsay exceptions, and FRE 404(b).

6. Defendant makes this motion now out of concern that the Court's ruling on the current motion regarding the Group 1 trial could affect the Court's ruling on the admissibility of the rap videos against Defendant in the second trial.

7. In order to address the admissibility of the rap videos, Defendant needs information regarding the videos beyond that provided in the government Response.

8. After disclosure of the information, the Court should hold an evidentiary hearing, assess the admissibility of each video individually, and then exclude them.

9. The government does not agree to the relief requested.

**WHEREFORE**, Defendant requests that the Court enter an order requiring the government to provide additional information regarding the rap videos it seeks to introduce, conduct an evidentiary hearing, and exclude the rap videos from evidence.

Dated: September 5, 2017
                                                s/<u>John Minock</u>
Attorney for Defendant
339 E. Liberty Street, Suite 200
Ann Arbor, Michigan  48104
734-668-2200; fax: 734-668-0416
jminock@cramerminock.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,
        Plaintiff,

v
        Case No. 15-20652
        Hon. George Caram Steeh

**COREY BAILEY**,
        Defendant.
_____

### BRIEF IN SUPPORT OF MOTION FOR DISCOVERY AND TO EXCLUDE RAP VIDEOS

Defendant Corey Bailey is charged with RICO conspiracy, murder in aid of racketeering, and other charges. Defendant is in trial group two, scheduled for trial in February, 2018.

Co-Defendant Graham filed a motion to exclude rap videos and lyrics from evidence in the first trial scheduled for October, based upon freedom of speech under the First Amendment and FRE 403. R 580. The government Response, R 628, states that the government intends to play eleven identified rap videos and likely another half dozen unidentified videos at trial. Graham filed a Reply. R 649.

Defendant believes there are constitutional and evidentiary issues beyond those discussed in the pleadings already filed which the Court should consider in ruling on the motion. Although Defendant Bailey is in trial Group 2, Defendant makes this motion now out of concern that the Court's ruling on the current motion could affect

the admissibility of the rap videos in the second trial.

The admissibility of rap lyrics and videos was recently the subject of motions and a thoughtful 23 page opinion by United States District Judge Jay C. Zainey of New Orleans, Louisiana, in a similar RICO case, *United States v. Price, et al* (E. D. Louisana, Docket No. 15-154, R 425, attached).  After arguments were heard, Judge Zainey ruled that the admissibility of each song had to be examined separately for admissibility.

Among the issues which the Court took into consideration were: who appears in each video; who speaks; what was said; who wrote the lyrics; when was each video produced; who produced it; was it edited, and if so by whom and when; who will testify for foundation regarding the content of the video and  is the testimony based upon personal knowledge; did the speaker intend to make factual assertions under FRE 801; were the statements in furtherance of the conspiracy; and what is the government evidentiary theory of admissibility as to each video?

The Court noted that the foundational issues varied from video to video, so that each song and video had to be examined separately for admissibility, and the government bore the burden of proof on admissibility for each.  The Court also found that a *James*[1] hearing was necessary to determine whether an extra-judicial statement

---

[1] *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

by one alleged coconspirator could be used in evidence against another alleged coconspirator.

In order to address the admissibility of the rap videos, Defendant needs additional information beyond that provided in the government Response to the pending motion, namely answers to the questions noted above. From discussion with counsel for the government, it is likely some of the answers are unknown, but each question must be addressed with regard to each individual video. In its response, the government has implicitly acknowledged it will have to provide a theory of admissibility for each video. In addition, the government has also acknowledged that an evidentiary hearing may be necessary. Response, R 628, p. 7, PG ID 3117, fn. 2.

For all the above reasons, Defendant requests that the Court enter an order requiring the government to provide the information requested, thereafter hold a *James* hearing, and then exclude the videos from evidence at trial.

Dated: September 7, 2017                s/John Minock
                                        Attorney for Defendant
                                        339 E. Liberty Street, Suite 200
                                        Ann Arbor, Michigan  48104
                                        734-668-2200; fax: 734-668-0416
                                        jminock@cramerminock.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,
    Plaintiff,

v                                                Case No. 15-20652
                                                  Hon. George Caram Steeh

**COREY BAILEY**,
    Defendant.
_____

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2017, I electronically filed the foregoing document with the Clerk of the Court using the R system which will send notification of such filing to the attorneys of record.

                                                              s/<u>John Minock</u>
                                                              Attorney for Defendant