**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**,

    Plaintiff,

-vs-

**COREY BAILEY (D-4)**,

    Defendant.

File No. **15-20652**

Hon. **George Caram Steeh**

| **CHRISTOPHER GRAVELINE (P69515)** | **CRAIG A. DALY, P.C. (P27539)** | **KEITH A. SPIELFOGEL (IL BAR 2689537)** |
|---|---|---|
| Assistant U.S. Attorney | Attorney for Corey Bailey (D-4) | Attorney for Corey Bailey (D-4) |
| 211 W. Fort Street, Suite 2001 | 615 Griswold, Suite 820 | 190 S. LaSalle St., Suite 520 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 | Chicago, Illinois 60603 |
| Phone: (313) 226-9155 | Phone: (313) 963-1455 | Phone: (312) 236-6021 |
| christopher.graveline@usdoj.gov | 4bestdefense@sbcglobal.net | spielfogel@sbcglobal.net |

# MOTION FOR A WRITTEN PROFFER AND HEARING ON ADMISSIBILITY OF CO-CONSPIRATORS' STATEMENTS UNDER FRE 801(d)

Defendant COREY BAILEY, through his attorneys, CRAIG A. DALY, P.C. and KEITH A. SPIELFOGEL, moves this Court for a written proffer and hearing on admissibility of co-conspirators' statements under FRE 801(d), for the following reasons:

    1.    Defendant COREY BAILEY ("Bailey") is charged in eleven counts of the Fifth Superseding Indictment, as follows: Count One, RICO Conspiracy, *18 U.S.C. §1962(d)*; Count Four, Murder in Aid of Racketeering, *18 U.S.C. §1959(a)(1)*; Count Five, Use of Firearm, *18 U.S.C. §924(c)*; Count Six, Attempted Murder in Aid of Racketeering, *18 U.S.C. §1959(a)(5)*; Count Seven, Attempted Murder in Aid of

-1-

Racketeering, *18 U.S.C. §1959(a)(5)*; Count Eight, Attempted Murder in Aid of Racketeering, *18 U.S.C. §1959(a)(5)*; Count Nine, Assault with Dangerous Weapon in Aid of Racketeering, *18 U.S.C. §1959(a)(3); 2*; Count Ten, Assault with Dangerous Weapon in Aid of Racketeering, *18 U.S.C. §1959(a)(3); 2*; Count Eleven, Assault with Dangerous Weapon in Aid of Racketeering, *18 U.S.C. §1959(a)(3); 2*; Count Twelve, Use and Carry of a Firearm During, and in Relation to, a Crime of Violence, *18 U.S.C. §924(c); 2*; and Count Thirty-Two, Possession of a Firearm in Furtherance of a Crime of Violence, *18 U.S.C. §924(c); 2* (Doc. #704).

2. There are twenty (20) additional defendants charged in the same Indictment. The Fifth Superseding Indictment references Seven Mile Bloods ("SMB") by letter, rather than names, and charges that the defendants conspired with each other "and with persons known and unknown" in the conspiracy charge in Count One.

3. Given the conspiracy charges and discovery revealed to date, the exceptionally large number of charged and uncharged co-conspirators, it appears that the government will seek to introduce co-conspirator hearsay in their case-in-chief.

4. Defendant Bailey requests this Court make a pretrial determination of the admissibility of the statements by requiring disclosure of the statements and conduct a hearing to that effect pursuant to *Federal Rules of Evidence 104(a) and 801(d)(2)(E)*.

5. Since this motion requests a written proffer 30 days before trial and the government has agreed to release *Jencks* material 30 days before trial, the government cannot assert the prohibitions under *18 U.S.C. §3500*.

6. Concurrence with the government was sought on October 24, 2017 and denied.

7. The facts and law in support of this motion are more fully set forth in the accompanying Brief, which is incorporated by reference into this motion.

**WHEREFORE**, Defendant Corey Bailey requests this Honorable Court grant a hearing to determine the admissibility of co-conspirators statements and order the Government to provide a written proffer in advance of said hearing.

Respectfully submitted,
s/Craig A. Daly
**CRAIG A. DALY, P.C. (P27539)**
Attorney for Corey Bailey (D-4)
615 Griswold, Suite 820
Detroit, Michigan 48226
Phone: (313) 963-1455
4bestdefense@sbcglobal.net

/s/ Keith A. Spielfogel
**KEITH A. SPIELFOGEL (Bar No. 2689537)**
Co-Counsel for Corey Bailey (D-4)
190 S. LaSalle St., Suite 520
Chicago, Illinois 60603
Phone: (312) 236-6021
spielfogel@sbcglobal.net

Dated: December 12, 2017

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

    Plaintiff,

-vs-

**COREY BAILEY (D-4),**

    Defendant.

File No. **15-20652**

Hon. **George Caram Steeh**

| **CHRISTOPHER GRAVELINE (P69515)** | **CRAIG A. DALY, P.C. (P27539)** | **KEITH A. SPIELFOGEL (IL BAR 2689537)** |
|---|---|---|
| Assistant U.S. Attorney | Attorney for Corey Bailey (D-4) | Attorney for Corey Bailey (D-4) |
| 211 W. Fort Street, Suite 2001 | 615 Griswold, Suite 820 | 190 S. LaSalle St., Suite 520 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 | Chicago, Illinois 60603 |
| Phone: (313) 226-9155 | Phone: (313) 963-1455 | Phone: (312) 236-6021 |
| christopher.graveline@usdoj.gov | 4bestdefense@sbcglobal.net | spielfogel@sbcglobal.net |

# BRIEF IN SUPPORT OF
# MOTION FOR A WRITTEN PROFFER
# AND HEARING ON ADMISSIBILITY OF CO-
# CONSPIRATORS' STATEMENTS UNDER *FRE 801(d)*

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF ISSUE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF CONTROLLING AUTHORITY. . . . . . . . . . . . . . . . . . . . . . . . iv

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    **I.    THIS COURT SHOULD ORDER THE GOVERNMENT TO PROVIDE A WRITTEN PROFFER AND HOLD A HEARING ON THE ADMISSIBILITY OF ANY CO-CONSPIRATOR STATEMENT THE GOVERNMENT INTENDS TO ADMIT UNDER *FRE 801(d)(2)(E)*.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RELIEF SOUGHT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## **TABLE OF AUTHORITIES**

**Page**

### **FEDERAL CASES**

*United States v. Childs, 539 F.3d 552, 559 (6th Cir. 2008)* . . . . . . . . . . . . . . . . . . . . 5

*United States v. Clark, 18 F.3d 1337, 1342 (6th Cir. 1994).* . . . . . . . . . . . . . . . . . . . 4

*United States v. Conrad, 507 F.3d 424, 429 (6th Cir. 2007).* . . . . . . . . . . . . . . . . . . . 3

*United States v. Dunn, 564 F.2d 348 (9th Cir. 1977).* . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Enright, 579 F.2d 980 (6th Cir. 1978).* . . . . . . . . . . . . . . . . . . . . iv, 2

*United States v. Holloway, 731 F.2d 378, 382 (6th Cir. 1984).* . . . . . . . . . . . . . . . . . 5

*United States v. James, 590 F.2d 575, 582 (5th Cir. 1979).* . . . . . . . . . . . . . . . . . . . . 5

*United States v. Mahone, 537 F.2d 922, 929 (7th Cir.),*
    *cert. denied, 429 U.S. 1025 (1976)..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Ricks, 639 F.2d 1305 (5th Cir. 1981).* . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Rodriquez-Lopez, 565 F.3d 312, 314 (6th Cir. 2009).* . . . . . . . . . . . 5

*United States v. Santiago, 582 F.2d 1128, 1131 (7th Cir. 1978).* . . . . . . . . . . . . . . . . 2

*United States v. Vinson, 606 F.2d 149 (6th Cir. 1979).* . . . . . . . . . . . . . . . . . . . . iv, 3

### **FEDERAL STATUTES AND RULES**

*18 U.S.C. §924(c)..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
*18 U.S.C. §924(c); 2..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
*18 U.S.C. §1959(a)(1).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
*18 U.S.C. §1959(a)(3); 2.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
*18 U.S.C. §1959(a)(5).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
*18 U.S.C. §1962(d)..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Federal Rule of Evidence 104(a).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
*Federal Rule of Evidence 801(d)(2)(E).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## STATEMENT OF ISSUE

I.     SHOULD THIS COURT ORDER THE GOVERNMENT TO PROVIDE A WRITTEN PROFFER AND HOLD A HEARING ON THE ADMISSIBILITY OF ANY CO-CONSPIRATOR STATEMENT THE GOVERNMENT INTENDS TO ADMIT UNDER FRE 801(d)(2)(E)?

## **STATEMENT OF CONTROLLING AUTHORITY**

Federal Rule of Evidence 104(a) is the controlling authority regarding a pre-trial hearing to determine the admissibility of any co-conspirator's statements which the government intends to introduce under the "co-conspirator's exception" to the Hearsay Rule. See also, *United States v. Enright, 579 F.2d 980 (6th Cir. 1978)* and *United States v. Vinson, 606 F.2d 149 (6th Cir. 1979)*.

# ARGUMENT

## I. THIS COURT SHOULD ORDER THE GOVERNMENT TO PROVIDE A WRITTEN PROFFER AND HOLD A HEARING ON THE ADMISSIBILITY OF ANY CO-CONSPIRATOR STATEMENT THE GOVERNMENT INTENDS TO ADMIT UNDER *FRE 801(d)(2)(E)*.

Defendant Corey Bailey is charged in eleven counts of the Fifth Superseding Indictment, as follows: Count One, RICO Conspiracy, *18 U.S.C. §1962(d)*; Count Four, Murder in Aid of Racketeering, *18 U.S.C. §1959(a)(1)*; Count Five, Use of Firearm, *18 U.S.C. §924(c)*; Count Six, Attempted Murder in Aid of Racketeering, *18 U.S.C. §1959(a)(5)*; Count Seven, Attempted Murder in Aid of Racketeering, *18 U.S.C. §1959(a)(5)*; Count Eight, Attempted Murder in Aid of Racketeering, *18 U.S.C. §1959(a)(5)*; Count Nine, Assault with Dangerous Weapon in Aid of Racketeering, *18 U.S.C. §1959(a)(3); 2*; Count Ten, Assault with Dangerous Weapon in Aid of Racketeering, *18 U.S.C. §1959(a)(3); 2*; Count Eleven, Assault with Dangerous Weapon in Aid of Racketeering, *18 U.S.C. §1959(a)(3); 2*; Count Twelve, Use and Carry of a Firearm During, and in Relation to, a Crime of Violence, *18 U.S.C. §924(c); 2*; and Count Thirty-Two, Possession of a Firearm in Furtherance of a Crime of Violence, *18 U.S.C. §924(c); 2* (Doc. #704).

Under *Federal Rule of Evidence 801(d)(2)(E)*, a statement of a co-conspirator during the course of and in furtherance of a conspiracy is not hearsay if offered against

a party. Bailey in his motion requests a written proffer by the government at least thirty (30) days prior to trial setting forth the basis for admission of co-conspirator statements and that the court subsequently conduct a hearing on the admissibility of the statements.

*Fed. R. Evid. 104(a)* and the court decisions interpreting it have defined the procedure by which the admissibility of co-conspirator declarations are determined. *Rule 104(a)* states, in pertinent part, "Preliminary questions concerning. . . admissibility of evidence shall be determined by the court." The rule allocates to the trial judge the responsibility of deciding preliminary questions of admissibility. The jury does not play a role in these preliminary determinations. Under *Rule 104*, the trial court must make the determination that co-conspirators' statements are admissible *before* they are presented to the jury, i.e., the "preliminary determination." *United States v. Santiago, 582 F.2d 1128, 1131 (7th Cir. 1978)*; *United States v. Childs, 539 F.3d 552, 559 (6th Cir. 2008)* (district court must find that co-conspirator's statements meet the requirements of Rule 801(d)(2)[E] "Before admitting the out-of-court statements of co-conspirators. . .").

The procedure for determining the admissibility of co-conspirator statements at trial was first articulated by the Sixth Circuit in *United States v. Enright, 579 F.2d 980 (6th Cir. 1978)*. In *Enright*, the court required that the trial judge find by a preponderance of the evidence that (1) a conspiracy existed that the defendant was involved in, (2) the declarant and the defendant participated in the conspiracy when the hearsay

-2-

statement was made, and (3) the statement was in furtherance of the conspiracy. *Id. at 985-86.* See also, *United States v. Conrad, 507 F.3d 424, 429 (6th Cir. 2007).*

Subsequently, the Sixth Circuit in *United States v. Vinson, 606 F.2d 149 (1979)*, in facing the question of when and how to determine whether the government has established the existence of a conspiracy such that co-defendants' statements may be admitted under *Rule 801*, set forth the position that trial courts must have considerable discretion to determine the mode and order of proof at trial. The Court stated that:

> One acceptable method is the so-called "mini-hearing" in which the court, without a jury, hears the government's proof of conspiracy and makes the preliminary Enright finding. n. 3 if the hearsay is found admissible, the case, including co-conspirator hearsay, is presented to the jury. Although this procedure has been criticized as burdensome, time-consuming and uneconomic, n. 4 a trial judge, in the exercise of his discretion, may choose to order the proof in this manner if the circumstances warrant. *606 F. 2d 152.*

\* \* \* \*

> The judge may also require the government to meet its initial burden by producing the non-hearsay evidence conspiracy first prior to making the Enright finding concerning the hearsay's admissibility. This procedure clearly avoids "the danger . . . of injecting the record with inadmissible hearsay in anticipation of proof of a conspiracy which never materializes" *606 F. 2d 152-53.*

The Court also noted that the judge may admit the hearsay statements subject to later demonstration of their admissibility by a preponderance of the evidence. *606 F.2d 153.*[1]

---

[1] An exception to the admissibility of a statement might apply if it is evidence that "someone solicited them to commit a crime," when offered not to prove the truth of the matter, but simply to show the words allegedly spoken by the solicitor. The witness would then be testifying

-3-

Although the Court may consider the hearsay statement itself in assessing whether the offering party has met its burden of admissibility, because the out-of-court statement is "presumptively unreliable," the hearsay statement alone is insufficient to establish admissibility.  *Vinson, 606 F.3d at 153*; *United States v. Clark, 18 F.3d 1337, 1342 (6th Cir. 1994)*.

Bailey requests that this Court conduct the "mini-hearing."  A hearing is the preferred procedure because it: (a) ensures that prejudicial information does not erroneously reach the jury, requiring a mistrial as in *United States v. Dunn, 564 F.2d 348 (9th Cir. 1977)*; (b) contributes to efficiency at trial by eliminating many trial objections and rulings; (c) lessens potential jury confusion; and (d) facilitates appellate review.  *United States v. Mahone, 537 F.2d 922, 929 (7th Cir.), cert. denied, 429 U.S. 1025 (1976)*. The advantages of a preliminary hearing also were noted by the court in *United States v. Ricks, 639 F.2d 1305 (5th Cir. 1981)*:

> A full hearing of all the evidence by the judge alone touching upon the issue which the judge alone is to decide is the best assurance that prejudicial hearsay will not be taken, inadvertently, before the jury. Following our preferred order of proof during jury trial can be clumsy. Often, witnesses to the existence of the predicate facts are also witnesses to the statements sought to be presented. Taking evidence from all witnesses to the predicate facts before introducing the statements, the admissibility of which depends upon those facts, can require more than one trip to the witness stand by several witnesses shuttling into and out of the courtroom.  *639 F.2d at 1309.*

---

to a "verbal act" rather than an "assertion" and would not be hearsay. *Childs, 539 F.3d at 559.*

See also, *United States v. James, 590 F.2d 575, 582 (5th Cir. 1979).*[2]

The additional time it may take for a pre-trial hearing and a submission by the government in writing that the defense can respond to is a small price to pay to ensure that inadmissible evidence is not presented to the jury and eliminates the risk of a mistrial, or a post-conviction hearing on appeal. See *United States v. Holloway, 731 F.2d 378, 382 (6th Cir. 1984).* This is especially true given the nature of the charge against Defendant Bailey and the co-defendants and the possible sentence, should they be convicted.

Finally, as noted the government may assert that the statements by co-conspirators are not hearsay because they will not be offered to prove the truth of the matter asserted in the statements, but rather as "verbal acts," i.e. simply words that were spoken. However, the case law regarding non-hearsay, verbal acts is somewhat limited. *United States v. Childs, 539 F.3d 552, 559 (6th Cir. 2008)* ("A witness who testifies at trial that [someone solicited them to commit a crime] is testifying to a verbal act of which the witness has direct knowledge - the extension of the invitation."); *United States v. Rodriquez-Lopez, 565 F.3d 312, 314 (6th Cir. 2009)* ("[I]f the statements were questions or commands, they could not - absent some indication that the statements were actually code for something else - be offered for their truth because they would not

---

[2] *Rule 801(d)(2)* provides that the hearsay statements themselves are "not alone sufficient" to prove the conspiracy or the defendant's participation in the conspiracy.

-6-

be assertive speech at all."); *United States v. Wright, 343 F.3d 849, 865-66 (6th Cir. 2003)* (testifying witnesses' statement, summarized as "where is your husband?" is not asserting anything, and therefore is not hearsay). In other words, "verbal acts" are not all-inclusive of the statements the government will introduce at trial. Also, there is no procedure by which the defendants and the court will be put on notice as to the purpose of seeking admission of certain statements, which would require a ruling and a cautionary instruction that the jury is not to consider the statement as being truthful, or not, but simply that it was said.

## RELIEF SOUGHT

**WHEREFORE**, Defendant Corey Bailey requests this Honorable Court grant a hearing to determine the admissibility of co-conspirators statements and order the Government to provide a written proffer in advance of said hearing.

Respectfully submitted,

s/Craig A. Daly
**CRAIG A. DALY, P.C. (P27539)**
Attorney for Corey Bailey (D-4)
615 Griswold, Suite 820
Detroit, Michigan 48226
Phone: (313) 963-1455
4bestdefense@sbcglobal.net

/s/ Keith A. Spielfogel
**KEITH A. SPIELFOGEL (Bar No. 2689537)**
Co-Counsel for Corey Bailey (D-4)
190 S. LaSalle St., Suite 520
Chicago, Illinois 60603
Phone: (312) 236-6021
spielfogel@sbcglobal.net

Dated: December 12, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

    Plaintiff,

-vs-

**COREY BAILEY (D-4)**,

    Defendant.

File No. **15-20652**

Hon. **George Caram Steeh**

| **CHRISTOPHER GRAVELINE (P69515)** | **CRAIG A. DALY, P.C. (P27539)** | **KEITH A. SPIELFOGEL (IL BAR 2689537)** |
|---|---|---|
| Assistant U.S. Attorney | Attorney for Corey Bailey (D-4) | Attorney for Corey Bailey (D-4) |
| 211 W. Fort Street, Suite 2001 | 615 Griswold, Suite 820 | 190 S. LaSalle St., Suite 520 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 | Chicago, Illinois 60603 |
| Phone: (313) 226-9155 | Phone: (313) 963-1455 | Phone: (312) 236-6021 |
| christopher.graveline@usdoj.gov | 4bestdefense@sbcglobal.net | spielfogel@sbcglobal.net |

# CERTIFICATE OF SERVICE

    I, **CRAIG A. DALY, P.C.**, hereby certify that on the **12th** day of **December 2017**, I electronically filed **Motion for a Written Proffer and Hearing on Admissibility of Co-Conspirators' Statements Under FRE 801(d)** with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **Hon. George Caram Steeh, AUSA Christopher Graveline and Attorneys of Record**.

    Respectfully submitted,

    s/Craig A. Daly
    **CRAIG A. DALY, P.C. (P27539)**
    Attorney for Corey Bailey (D-4)
    615 Griswold, Suite 820
    Detroit, Michigan 48226
    Phone: (313) 963-1455
    E-Mail: 4bestdefense@sbcglobal.net

Dated: December 12, 2017