# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

      Plaintiff,                                                File No. **15-20652**

-vs-

                                                   Hon. **George Caram Steeh**

**COREY BAILEY (D-4)**,

      Defendant.

| **CHRISTOPHER GRAVELINE (P69515)** | **CRAIG A. DALY, P.C. (P27539)** | **KEITH A. SPIELFOGEL (IL BAR 2689537)** |
|---|---|---|
| Assistant U.S. Attorney | Attorney for Corey Bailey (D-4) | Attorney for Corey Bailey (D-4) |
| 211 W. Fort Street, Suite 2001 | 615 Griswold, Suite 820 | 190 S. LaSalle St., Suite 520 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 | Chicago, Illinois 60603 |
| Phone: (313) 226-9155 | Phone: (313) 963-1455 | Phone: (312) 236-6021 |
| christopher.graveline@usdoj.gov | 4bestdefense@sbcglobal.net | spielfogel@sbcglobal.net |

# MOTION TO SUPPRESS AND
# FOR AN EVIDENTIARY HEARING

      Defendant COREY BAILEY, by counsel, CRAIG A. DALY, P.C. and KEITH A. SPIELFOGEL, and pursuant to *Federal Rules of Criminal Procedure 12(3)(c)*, moves to suppress evidence unlawfully seized by law enforcement and for which the government intends to use evidence seized pursuant to that unlawful conduct in violation of Corey Bailey's Fourth Amendment right for the reasons set forth in the attached brief.

-1-

**WHEREFORE**, for the foregoing reasons, Defendant Corey Bailey requests

this Court suppress the evidence, or in the alternative, grant an evidentiary hearing.

Respectfully submitted,

s/Craig A. Daly

**CRAIG A. DALY, P.C. (P27539)**
Attorney for Corey Bailey (D-4)
615 Griswold, Suite 820
Detroit, Michigan 48226
Phone:  (313) 963-1455
4bestdefense@sbcglobal.net

/s/Keith A. Spielfogel

**KEITH A. SPIELFOGEL (Bar No. 2689537)**
Co-Counsel for Corey Bailey (D-4)
190 S. LaSalle St., Suite 520
Chicago, Illinois 60603
Phone: (312) 236-6021
spielfogel@sbcglobal.net

Dated: March 1, 2018

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

     Plaintiff,                  File No. **15-20652**

-vs-

                                      Hon. **George Caram Steeh**

**COREY BAILEY (D-4),**

     Defendant.

| CHRISTOPHER GRAVELINE (P69515) | CRAIG A. DALY, P.C. (P27539) | KEITH A. SPIELFOGEL (IL BAR 2689537) |
|---|---|---|
| Assistant U.S. Attorney | Attorney for Corey Bailey (D-4) | Attorney for Corey Bailey (D-4) |
| 211 W. Fort Street, Suite 2001 | 615 Griswold, Suite 820 | 190 S. LaSalle St., Suite 520 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 | Chicago, Illinois 60603 |
| Phone: (313) 226-9155 | Phone: (313) 963-1455 | Phone: (312) 236-6021 |
| christopher.graveline@usdoj.gov | 4bestdefense@sbcglobal.net | spielfogel@sbcglobal.net |

# BRIEF IN SUPPORT OF
# MOTION TO SUPPRESS AND
# <u>FOR AN EVIDENTIARY HEARING</u>

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL FRAMEWORK. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

RELIEF SOUGHT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## FEDERAL CASES

*Angelo v. United States, 269 U.S. 20, 33, 46 S. Ct. 4, 70 L. Ed. 145 (1925).* . . . . . 5

*Arizona v. Gant, 556 U.S. 332, 343, 351, 129 S. Ct. 1710,*
*173 L. Ed. 2d 485 (2009)..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Arizona v. Johnson, 555 U.S. 323, 330, 129 S. Ct. 781,*
*172 L. Ed. 2d 694 (2009).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Beck v. Ohio, 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964).* . . . . . . . . . 5

*Berkemer v. McCarty, 468 U.S. 420, 442, 104 S. Ct. 3138,*
*82 L. Ed. 2d 317 (1984)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

*Brendlin v. California, 551 U.S. 249, 256-59, 127 S. Ct. 2400,*
*168 L. Ed. 2d 132 (2007).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Brown v. Illinois, 422 U.S. 590, 602, 95 S. Ct. 2254, 45 L. Ed. 2d 416 (1975).* . . . 15

*Bumper v. North Carolina, 391 U.S. 543, 584-49 (1968).* . . . . . . . . . . . . . . . . . 13

*Byars v. United States, 273 U.S. 28, 29, 32, 47 S. Ct. 248,*
*71 L. Ed. 520 (1927).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

*California v. Hodari D., 499 U.S. 621, 626 , 111 S. Ct. 1547,*
*113 L. Ed. 2d 690 (1991).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Chimel v. California, 395 U.S. 752, 762-63, 89 S. Ct. 2034,*
*23 L. Ed. 2d 685 (1969).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Coolidge v. New Hampshire, 403 U.S. 443, 465, 91 S. Ct. 2022,*
*29 L. Ed. 2d 564 (1971).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Page**

*Devenpeck v. Alford, 543 U.S. 146, 152, 125 S. Ct. 588,*
      *160 L. Ed. 2d 537 (2004).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Florida v. Bastick, 501 US 429, 437, 111 S. Ct. 2382, 115 L. Ed. 2d 389 (1991).* . 7

*Harris v. Bornhorst, 513 F.3d 503, 511 (6th Cir. 2008).* . . . . . . . . . . . . . . . . . . . . . 6

*Horton v. California, 496 U.S. 128, 136-137, 110 S. Ct. 2301,*
      *110 L. Ed. 2d 112 (1990).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Jones v. United States, 357 U.S. 493, 499, 78 S. Ct. 1253,*
      *2 L. Ed. 2d 1514 (1958).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Katz v. United States, 389 U.S. 347, 357, 88 S. Ct. 507,*
      *19 L. Ed. 2d 576 (1967).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

*Kaupp v. Texas 538 U.S. 626, 123 S. Ct. 1843, 155 L. Ed. 2d 814 (2003).* . . . . . . 7

*Mapp v. Ohio, 367 U.S. 643, 654, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961).* . . . . 14

*Maryland v. Wilson, 519 U.S. 404, 414-15m 117 S. Ct. 882,*
      *137 L. Ed. 2d 41 (1997).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*McDonald v. United States, 335 U.S. 451, 456, 69 S. Ct. 191,*
      *93 L. Ed. 153 (1948).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Michigan v. Chesternut,486 US 567, 573, 108 S. Ct. 1975,*
      *100 L. Ed. 2d 565 (1988).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Minnesota v. Dickerson, 508 U.S. 366, 113 S. Ct. 2130,*
      *124 L. Ed. 2d 334 (1993).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Rodriguez v. United States, 571 U.S. 1, 135 S. Ct. 1609,*
      *191 L. Ed. 2d 492 (2015).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Page**

*Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041,*
*36 L. Ed. 2d 854 (1973).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Terry v. Ohio, 392 U.S. 1, 21, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).* . . . . . . . . . 8

*Wong Sun v. United States, 371 U.S. 471, 491, 83 S. Ct. 407,*
*9 L. Ed. 2d 441 (1963).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Akram, 165 F.3d 452, 457-60 (6th Cir. 1999).* . . . . . . . . . . . . . . . 10

*United States v. Anderson, 42 F. Supp.2d 713, 717-19 (ED Mich 1999).* . . . . . . . 10

*United States v. Baldwin, 114 Fed. Appx. 675-679 (6th Cir. 2004).* . . . . . . . . . . 8-9

*United States v. Beal, 810 F.2d 574, 577 (6th Cir. 1987).* . . . . . . . . . . . . . . . . . . 10

*United States v. Berry, 670 F.2d 583, 593 (5th cir. 1982) (en banc).* . . . . . . . . . . 13

*United States v. Blair, 524 F.3d 740, 752 (6th Cir. 2008).* . . . . . . . . . . . . . . . . . 11

*United States v. Buckingham, 433 F.3d 508, 514 (6th Cir. 2006).* . . . . . . . . . . . . 12

*United States v. Buford, 632 F.3d 264, 268 (6th Cir. 2011).* . . . . . . . . . . . . . . . . . 8

*United States v. Campbell, 486 F.3d 949, 955 (6th Cir. 2007).* . . . . . . . . . . . . . . . 7

*United States v. Carter, 378 F.3d 584, 587 (6th Cir. 2004) (en banc).* . . . . . . . . . 13

*United States v. Carter, 14 F.3d 1150, 1154 (1994).* . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Cortez, 449 U.S. 411, 417-18, 101 S. Ct. 696,*
*66 L. Ed. 2d 621 (1981).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Crowder, 62 F.3d 782, 786-87 (6th Cir. 1995).* . . . . . . . . . . . . . . 13

-iv-

**Page**

*United States v. Davis, 430 F.3d 345, 354-54 (6th Cir. 2005).* . . . . . . . . . . . . 8, 11

*United States v. Erwin, 155 F.3d 818, 825 (6th Cir. 1995)*
    *(en banc)* (Martin, C.J., dissenting). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Fowler, 42 F.3d 1389 (6th Cir. 1994).* . . . . . . . . . . . . . . . . . . . . 9

*United States v. Freeman, 209 F.3d 464 (6th Cir. 2000)..* . . . . . . . . . . . . . . . . . 10

*United States v. Garrido-Santana, 360 F.3d 565, 576 (6th Cir),*
    *cert den, 542 U.S. 945, 124 S. Ct. 2926, 159 L. Ed.2d 826 (2004).* . . . . . . 14

*United States v. Harness, 453 F.3d 752, 754 (6th Cir. 2006).* . . . . . . . . . . . . . . . . 6

*United States v. Henry, 429 F.3d 603, 616 (6th Cir. 2005)..* . . . . . . . . . . . . . . . . 14

*United States v. Hill, 195 F.3d 258, 265-67 (6th Cir. 1999), cert den,*
    *528 U.S. 1176, 120 S. Ct. 1207, 145 L. Ed.2d 1110 (2000).* . . . . . . . . . . . 10

*United States v. Kelly, 913 F.2d 261, 265 (6th Cir. 1990).*  . . . . . . . . . . . . . . . . . 12

*United States v. Lopez-Arias, 344 F.3d 623, 630 (6th Cir. 2003).* . . . . . . . . . . . . 15

*United States v. Lucas, 640 F.3d 168, 174 (6th Cir. 2011).* . . . . . . . . . . . . . . . . . 13

*United States v. Lyons, 687 F.3d 754, 763 (6th Cir. 2012).* . . . . . . . . . . . . . . . . . 10

*United States v. McLevain, 310 F.3d 434, 438-39 (6th Cir. 2002).* . . . . . . . . . . . . 12

*United States v. Mendenhall, 446 U.S. 544, 554-55, 100 S. Ct. 1870,*
    *64 L. Ed. 2d 497 (1980).*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Miles, 247 F.3d 1009, 1014-15 (9th Cir. 2001)..* . . . . . . . . . . . . . 9

*United States v Moon, 513 F.3d 527, 537 96th Cir. 2008).* . . . . . . . . . . . . . . . . . . 5

**Page**

*United States v. Pearce, 531 F.3d 374, 381 (6th Cir. 2008).* . . . . . . . . . . . . . . . . 14

*United States v. Porter, 701 F.3d 1158, 1165 (6th Cir. 1983)* . . . . . . . . . . . . . . 5-6

*United States v. Robinson, 414 U.S. 218, 234-35, 94 S. Ct. 467,*
    *38 L. Ed. 2d 427 (1973).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Shaw, 464 F.3d 615, 626, 631 (6th Cir. 2006).* . . . . . . . . . . . 7, 15

*United States v. Sokolow, 490 U.S. 1, 7, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989)* 9

*United States v. Strickland, 144 F.3d 412, 415 (6th Cir. 1998).* . . . . . . . . . . . . . 6

*United States v. Taverna, 348 F.3d 873, 878 (10th Cir. 2003).* . . . . . . . . . . . . . 13

*United States v. Townsend, 305 F.3d 537, 541 (6th Cir. 2002)..* . . . . . . . . . . . . . 11

*United States v. Worley, 193 F.3d 380, 386 (6th Cir. 1999).* . . . . . . . . . . . . . . . . 13

*Whren v. United States, 517 U.S. 806, 810, 116 S. Ct. 1769,*
    *135 L. Ed. 2d 89 (1996).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

## STATEMENT OF FACTS

### July 23, 2004   (Overt Act 104)

On July 23, 2004 at about 11:45 a.m. Corey Bailey was walking on Gratiot in the City of Detroit.  Detroit Police Officer Tremayne Burton was standing in front of an ATM machine on Gratiot when he saw Bailey walking in his direction.  Believing that Bailey was rolling a cigarette, that Burton thought may contain marijuana, Burton stopped Bailey and searched him.  In Bailey's right rear pocket, Burton removed seven small ziplock bags of suspected marijuana.  Bailey was issued an ordinance ticket and released.

### May 5, 2005   (Overt Act 102)

On May 5, 2005 at around 12:50 p.m. Detroit Police officers executed a search warrant at 14578 Manning in Detroit.  Inside that location, a number of people were detained, marijuana and suspected loose rocks of cocaine were seized, along with $360 from Julian Patterson.  Three occupants, all with the last name of Patterson, were issued tickets for occupying a place of illegal operation.  Julian Patterson admitted he was selling marijuana and was subsequently charged with possession with intent to deliver.  Outside and next door to 14578 Manning, the police arrested Corey Bailey and three other individuals.  These individuals were subsequently released without charges.

-1-

**April 13, 2007   (Overt Act 95)**

On April 13, 2007 at about 5:30 p.m., Amanda Pitts walked into the Fifth Precinct of the Detroit Police Department.  She told the desk officer that she was parking her car when Corey Bailey pulled up in a Dodge van and backed into the front of her car, causing damage to the front grill.  No personal injuries were reported by Pitts or the other passengers.

The police ran a lien check on Bailey and discovered a bench warrant out of the 36th District Court for failure to appear on a misdemeanor.  The police then went to 14117 Collingham, Bailey's home address.  The police were met at the house by Kisha Bembry who, according to the police allowed the police in, but the defense contends the evidence will show no consent was given allegedly allowing the police in.  The police located Bailey in the basement and placed him under arrest. The police then conducted a search and found a small amount of marijuana and eight plastic wraps of suspected crack cocaine in a concealed container.  A further search of the wall of the room, concealed in the wall, the police found a short barrel shotgun.

**August 30, 2007   (Overt Act 94)**

On August 30, 2007 at around 12:15 a.m., Detroit Police Officers were on routine patrol and entered a "vacant" house at 14560 Manning, after seeing a person walk past a window upstairs.  The police found five individuals inside who were

-2-

issued tickets for entering a vacant building.  In the basement, the police found Corey Bailey who was issued an ordinance violation and released.  According to the police, a full search of Bailey found suspected crack cocaine concealed in his boxer shorts.

**October 27, 2009   (Overt Acts 73-74)**

On October 27, 2009 at about 11:00 p.m. officers from the Metro Drug Enforcement Network team saw a black Chrysler at Lee Street E in the City of Charleston, West Virginia, with allegedly a non-functioning left rear brake light, which was an unlawful pretext for the stop.  Detective Hackney followed the vehicle before exiting his vehicle and informing the driver that she was stopped for a brake light that was out.  Hackney saw the passengers moving about and ordered them to stop and put their hands in a place he could see them.  He then ordered the front passenger, Corey Bailey, to exit the car and searched him for weapons.  Hackney questioned Bailey about his name and where he was going.  Bailey gave the name Dwayne Pruitt.  The other occupants were ordered out of the vehicle and were searched.  A search of the trunk revealed a black duffle bag that contained $3,100 and a small amount of marijuana.  Devon McClure told the police the bag was his.  The police fingerprinted and photographed Bailey and he was released.

**February 8, 2012   (Overt Acts 65-66)**

On February 8, 2012 at around 12:00 a.m., Detectives from the Metro Drug Unit in Charleston, West Virginia went to an apartment complex to investigate an allegation that pills were being sold from an apartment.  Adam Halstead and two other individuals were located inside the apartment.  Halstead consented to a search of the apartment and the two individuals allegedly consented to a pat down for weapons.  Bailey denies giving consent for a search. Corey Bailey, who had identified himself as Eric Brown, was patted down for offense weapons when Detective Allen felt what he believed to be a large amount of currency in the front left pocket of Bailey.  Allen removed the money and conducted a further search beyond the alleged consent given.  Believing Bailey had concealed a plastic bag in his buttock, Allen handcuffed and searched Bailey.  Bailey was transported to the station and informed a search warrant for his rectum would be obtained.  Bailey subsequently turned the bag containing pills over to the police.

## LEGAL FRAMEWORK

The Fourth Amendment protects the right of the people to be free from unreasonable searches and seizures.  For a warrantless search to pass constitutional muster, it must fall within one of the narrowly drawn exceptions to the warrant requirement.  *Katz v. United States, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d*

*576 (1967)* ("searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment - subject only to a few specifically established and well-delineated exceptions"); *Jones v. United States, 357 U.S. 493, 499, 78 S. Ct. 1253, 2 L. Ed. 2d 1514 (1958)* ("[t]he exceptions to the rule that a search must rest upon a search warrant have been jealously and carefully drawn"); *United States v Moon, 513 F.3d 527, 537 96th Cir. 2008)*. A warrantless search cannot be justified simply because the police believe they have probable cause that they will find contraband. *Angelo v. United States, 269 U.S. 20, 33, 46 S. Ct. 4, 70 L. Ed. 145 (1925)*. The government has the burden of proving that the warrantless search was necessary because "the exigencies of the situation made that course imperative." *McDonald v. United States, 335 U.S. 451, 456, 69 S. Ct. 191, 93 L. Ed. 153 (1948)*. In addition, Fourth Amendment protections are to be construed liberally to safeguard the right of privacy. *Byars v. United States, 273 U.S. 28, 32, 47 S. Ct. 248, 71 L. Ed. 520 (1927)*.

## WARRANTLESS ARREST

Consistent with the Fourth Amendment is the principle that a person may not be arrested without probable cause. *Beck v. Ohio, 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964)*. Given the warrantless arrest, the government has the burden of showing constitutional probable cause for the arrest. *United States v. Porter, 701*

*F.3d 1158, 1165 (6th Cir. 1983)* ("The burden of showing probable cause to make a warrantless arrest is on the government.").  Probable cause for an arrest exists only when the officer(s) possess, at the time of the arrest, facts that would cause a reasonable person to believe that the person arrested has committed a crime. *Devenpeck v. Alford, 543 U.S. 146, 152, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004)*; *United States v. Harness, 453 F.3d 752, 754 (6th Cir. 2006)*.  Probable cause requires "more than mere suspicion" and the officer must be able "to articulate concrete facts from which they infer probability that illegality has occurred," (*id.*)  Probable cause may be based on "only the information possessed by the arresting officer at the time of the arrest." *United States v. Strickland, 144 F.3d 412, 415 (6th Cir. 1998)*; *Harris v. Bornhorst, 513 F.3d 503, 511 (6th Cir. 2008)*.

"[A]n arrest requires either physical force . . . or, where that is absent, submission to the assertion of authority . . . an assertion of authority and purpose to arrest followed by submission of the arrestee constitutes an arrest."  *California v. Hodari D., 499 U.S. 621, 626 , 111 S. Ct. 1547, 113 L. Ed. 2d 690 (1991)*.  An arrest occurs when the show of police authority and force is such that a "reasonable person would believe he was not free to leave."  *United States v. Mendenhall, 446 U.S. 544, 554-55, 100 S. Ct. 1870, 64 L. Ed. 2d 497 (1980)*.  The test is whether a reasonable person, under the circumstances would believe he/she was under arrest. *Berkemer v.*

*McCarty, 468 U.S. 420, 442, 104 S. Ct. 3138, 82 L. Ed. 2d 317 (1984)* ("[T]he only relevant inquiry is how a reasonable person in the suspect's position would have understood his situation.") Probable cause is required when "taking into account all the circumstances surrounding the encounter, the police conduct would 'have communicated to a reasonable person that he [or she] was not at liberty to ignore the police presence and go about his [or her] business". *Kaupp v. Texas 538 U.S. 626, 123 S. Ct. 1843, 155 L. Ed. 2d 814 (2003),* quoting *Florida v. Bastick, 501 US 429, 437, 111 S. Ct. 2382, 115 L. Ed. 2d 389 (1991).*

> [w]hat constitutes a restraint on liberty prompting a person to conclude that he is not free to "leave" will vary, not only with the particular police conduct at issue, but also with the setting in which the conduct occurs. *Michigan v. Chesternut,486 US 567, 573, 108 S. Ct. 1975, 100 L. Ed. 2d 565 (1988).*

An investigatory arrest is strictly prohibited in the absence of probable cause. *Brown, 422 U.S. at 606* (finding arrest investigatory because "the detectives embarked upon this expedition for evidence in the hope that something might turn up."); *United States v. Shaw, 464 F.3d 615, 631 (6th Cir. 2006).*

## SEARCH INCIDENT TO AN ARREST

The police may perform a warrantless search of an individual's person incident to a lawful arrest. *United States v. Robinson, 414 U.S. 218, 234-35, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973)*; *United States v. Campbell, 486 F.3d 949, 955 (6th Cir. 2007).*

The search-incident-to-arrest exception to the warrant requirement allows the police to search for and remove any weapons and to seize evidence that may be concealed or destroyed. *Chimel v. California, 395 U.S. 752, 762-63, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969)*; *United States v. Buford, 632 F.3d 264, 268 (6ᵗʰ Cir. 2011)*.  this exception authorizes a search that is limited to "the arrestee's person" and the "area within his immediate control.'" *Chimel, 395 U.S. at 763*.

In the context of vehicles searches, the police are authorized to search a vehicle incident to the arrest of a recent occupant only if: (1) "the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search," or (2) "it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Arizona v. Gant, 556 U.S. 332, 343, 351, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009)*.

### *TERRY*  INVESTIGATIVE STOP

In order for the police to conduct a brief investigative stop, the officer must point to specific, articulable facts that give rise to a "reasonable suspicion" that the suspect was engaged in criminal activity. *Terry v. Ohio, 392 U.S. 1, 21, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)*.  "A reasonable suspicion exists when, based on the totality of the circumstances, a police officer has "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Davis, 430 F.3d 345, 354 (6ᵗʰ Cir. 2005)*; *United States v. Baldwin, 114 Fed. Appx.*

-8-

675-679 (6*th* Cir. 2004), quoting *United States v. Cortez, 449 U.S. 411, 417-18, 101 S. Ct. 696, 66 L. Ed. 2d 621 (1981)*. The police "must be able to articulate something more than an inchoate and unparticularized suspicion or hunch" *United States v. Sokolow, 490 U.S. 1, 7, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989)*.[1] Under a *Terry* investigatory detention, a police officer may conduct a limited pat-down frisk of a suspect's outer clothing. *Terry, 392 U.S. at 27*. The scope of the search is limited to weapons and may not be used to search for evidence of a crime, *id*. at 29-30; *Minnesota v. Dickerson, 508 U.S. 366, 113 S/ Cy/ 2130, 124 L. Ed. 2d 334 (1993)*; *United States v. Miles, 247 F.3d 1009, 1014-15 (9*th* Cir. 2001)* (a manipulation of clothing to learn its contents exceeded scope of *Terry* because it was clear that the clothing did not contain a weapon).

## TRAFFIC STOPS

When a motorist is stopped by the police, he, and all of the passengers are "seized" within the meaning of the Fourth Amendment. *Brendlin v. California, 551 U.S. 249, 256-59, 127 S. Ct. 2400, 168 L. Ed. 2d 132 (2007)*. The police may stop a vehicle when they possessed probable cause of a traffic infraction or they have reasonable suspicion of criminal activity. *Whren v. United States, 517 U.S. 806, 810,*

---

[1]A passenger has standing to contest the stop of the vehicle and the subsequent detention. *United States v. Carter, 14 F.3d 1150, 1154 (1994)*; *United States v. Fowler, 42 F.3d 1389 (6*th* Cir. 1994)*.

*116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996)*; *United States v. Lyons, 687 F.3d 754, 763 (6th Cir. 2012)*.  Although the officer's subjective intent in stopping the vehicle is generally irrelevant under *Whren v. United States, 517 U.S. 806, 813 (1996)*, if the actual motivation in stopping the vehicle is to search for contraband, an illegal search cannot be justified by the evidence it produces.  *United States v. Freeman, 209 F.3d 464 (6th Cir. 2000)* (Clay concurring, at 468 citing to *Byars v. United States, 273 U.S. 28, 29, 47 S. Ct. 248, 71 L. Ed. 520 (1927) (1927)*.  In other words, the government bears the burden of proving the existence of probable cause, *United States v. Beal, 810 F.2d 574, 577 (6th Cir. 1987)* and the courts should carefully scrutinize the officer's credibility when using traffic laws to engage in both lawful and illegal stops and searches.  See, *United States v. Hill, 195 F.3d 258, 265-67 (6th Cir. 1999), cert den, 528 U.S. 1176, 120 S. Ct. 1207, 145 L. Ed.2d 1110 (2000)* (noting that an officer's credibility in making the initial stop must be scrutinized); *United States v. Akram, 165 F.3d 452, 457-60 (6th Cir. 1999)*; *United States v. Anderson, 42 F. Supp.2d 713, 717-19 (ED Mich 1999)*; (recognizing the potential for abuse under *Whren* and therefore "closely scrutiniz[ing] the government's purported reason for the stop").

During a traffic stop, the police may order the driver and passengers out of the vehicle.  *Maryland v. Wilson, 519 U.S. 404, 414-15m 117 S. Ct. 882, 137 L. Ed. 2d*

*41 (1997)*.  When an officer makes a traffic stop, he is permitted to conduct a limited search of the outer clothing for weapons to protect the officer.  *Arizona v. Johnson, 555 U.S. 323, 330, 129 S. Ct. 781, 172 L. Ed. 2d 694 (2009)*.  However, any detention for the traffic stop may only last until the "tasks tied to the traffic infraction [were] - or reasonably should have been - completed."  *Rodriguez v. United States, 571 U.S. 1, 135 S. Ct. 1609, 191 L. Ed. 2d 492 (2015)*.  Once a traffic stop is completed by issuance of a ticket or the decision to issue a warning, any continued detention of the motorist must be supported by reasonable suspicion that the individual has engaged in more extensive criminal conduct.  *United States v. Blair, 524 F.3d 740, 752 (6th Cir. 2008)*; *United States v. Townsend, 305 F.3d 537, 541 (6th Cir. 2002)*; *United States v. Davis, 430 F.3d 345, 353-54 (6th Cir. 2005)* ("once the purpose of the initial traffic stop is completed, an officer cannot further detain the vehicle or its occupants unless something happened *during the stop* to cause the officer to have 'reasonable and articulable suspicion that criminal activity [is] afoot.'" (emphasis in original) There are, of course, limits to be drawn on a detention after the traffic stop so that law enforcement does not extend the detention to increase their chances of conclusive evidence of wrongdoing or to elicit consent from the detainee.  See, *United States v. Erwin, 155 F.3d 818, 825 (6th Cir. 1995)* (*en banc*) (Martin, C.J., dissenting).

## PLAIN VIEW

The plain view doctrine is also recognized as an exception to the warrant requirement. *Coolidge v. New Hampshire, 403 U.S. 443, 465, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971)*. In order for the plain view exception to apply, four factors must be satisfied: (1) the object must be in plain or open view; (2) the officer must be legally present in the place the object can be plainly seen; (3) the object's incriminating nature must be immediately apparent; and (4) the officer must have a right to access to the object. *Horton v. California, 496 U.S. 128, 136-137, 110 S. Ct. 2301, 110 L. Ed. 2d 112 (1990)*; *United States v. McLevain, 310 F.3d 434, 438-39 (6th Cir. 2002)*.

## CONSENT

A warrantless search is not unreasonable if the person gives free and voluntary consent. *Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973)*; *United States v. Kelly, 913 F.2d 261, 265 (6th Cir. 1990)*. The government bears the burden of proving, through "clear and positive testimony" that the consent to search was given voluntarily. *United States v. Buckingham, 433 F.3d 508, 514 (6th Cir. 2006)* (consent must be "unequivocally and specifically . . . given"). The Sixth Circuit explained why the district courts should carefully examine an allegation of consent.

-12-

> Because the government often asserts that a defendant consented in cases "where the police have some evidence of illicit activity, but lack probable cause to arrest or search," *Schneckloth, 412 U.S. at 227, 93 S. Ct. 2041*, we carefully examine the government's claim that a defendant consented. *United States v. Worley, 193 F.3d 380, 386 (6th Cir. 1999).*

"Knowledge of the right to refuse consent is one factor to be taken into account." *Schneckloth, 412 U.S. at 227*. The Sixth Circuit has also clearly announced that acquiescence is not a substitute for consent. *Worley, 193 F.3d at 387*, citing to *United States v. Berry, 670 F.2d 583, 593 (5th cir. 1982) (en banc)* citing to *Bumper v. North Carolina, 391 U.S. 543, 584-49 (1968)*.

"[V]oluntariness is a questions of fact to be determined from all the circumstances"; *United States v. Carter, 378 F.3d 584, 587 (6th Cir. 2004) (en banc)*; *United States v. Crowder, 62 F.3d 782, 786-87 (6th Cir. 1995)*. The court is to consider the person's age, intelligence, education, whether he was informed and understood his right to refuse and understand his constitutional rights, as well as any form of coercive conduct, overt and subtle, that may have affected Culp's judgment. *United States v. Lucas, 640 F.3d 168, 174 (6th Cir. 2011)* citing to *Schneckloth, 412 U.S. at 226*. Coercion or duress may be either implied or expressed. *United States v. Taverna, 348 F.3d 873, 878 (10th Cir. 2003)*. Even without overt duress or coercion, in conducting the analysis "account must be taken of subtly coercive police questions,

-13-

as well as the possibly vulnerable subjective state of the person who consents." *Schneckloth, 412 U.S. at 229*.

"When law enforcement officers rely upon consent as the basis for a warrantless search, the scope of the consent given determines the possible scope of the search." *United States v. Henry, 429 F.3d 603, 616 (6th Cir. 2005)* citing to *United States v. Garrido-Santana, 360 F.3d 565, 576 (6th Cir), cert den, 542 U.S. 945, 124 S. Ct. 2926, 159 L. Ed.2d 826 (2004)*.

## FRUITS OF THE POISONOUS TREE

"In order to deter law enforcement officials from violating the Fourth Amendment by stopping persons without reasonable suspicion or by arresting them without probable cause, the Supreme Court has directed that 'all evidence obtained by an unconstitutional search and seizure (is) inadmissible in federal court regardless of its source.'" *United States v. Pearce, 531 F.3d 374, 381 (6th Cir. 2008)* (quoting *Mapp v. Ohio, 367 U.S. 643, 654, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961)*). The rule is not total exclusion of evidence. The exclusionary rule will not apply if "the connection between the [arrest] and [evidence] had become so attenuated as to dissipate the taint." *Wong Sun v. United States, 371 U.S. 471, 491, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963)*. The court should consider such factors as the length of time between the illegal seizure and the unlawful arrest, detention, or consent, the presence

-14-

of intervening circumstances, the purpose and the flagrancy of the official miscon-

duct.  See, *Brown v. Illinois, 422 U.S. 590, 602, 95 S. Ct. 2254, 45 L. Ed. 2d 416*

*(1975)*; *United States v. Shaw, 464 F.3d 615, 626 (6th Cir. 2006)*; *United States v.*

*Lopez-Arias, 344 F.3d 623, 630 (6th Cir. 2003)*.

## APPLICATION

### A.     July 23, 2004

The investigative stop of Bailey on suspicion he was rolling a "marijuana"

cigarette was not supported by reasonable suspicion.  The investigative detention

turned into an arrest without probable cause.  The search of his person exceeded the

scope of a *Terry* pat-down or was a search incident to a unlawful arrest.

### B.     May 2, 2005

While executing a search warrant at 14578 Manning, the Detroit Police arrested

Bailey and others who were outside at a house next to 14578 Manning.  The arrest

and/or detention was unlawful.

### C.     April 13, 2007

The police arrived at 14117 Collingham, Corey Bailey's home, to execute a

warrant for a bench warrant on a misdemeanor.  Kisha Berry did not have actual or

apparent authority to consent to the search of Bailey's home.  The consent was not

freely or voluntarily given.  The police unlawfully seized and searched a container,

which when opened, revealed drugs.  An unlawful search of a door in the wall revealed a firearm.

### D.    August 30, 2007

Bailey was located in a vacant building.  He was issued an ordinance ticket and released.  An unlawful search revealed drugs in his boxer shorts.

### E.    October 27, 2009

Police in Charleston, West Virginia conducted an unlawful stop of a vehicle that Bailey was a passenger in.  As a result of the unlawful stop and subsequent seizure, Bailey allegedly gave a false name.

### F.    February 8, 2012

Detectives in Charleston, West Virginia entered an apartment without lawful consent.  Bailey did not consent to the search, but the police conducted a pat-down, which lead to the discovery of a large amount of currency on Bailey's person.  Bailey also gave an alias to the police.  An unlawful arrest followed and after transportation to a local precinct, Bailey gave the police drugs concealed in his rectum.  The relinquishment of the drugs was not free and voluntary.

## RELIEF SOUGHT

**WHEREFORE**, for the foregoing reasons, Defendant Corey Bailey requests

this Court suppress the evidence, or in the alternative, grant an evidentiary hearing.

Respectfully submitted,

<sub>s/</sub>Craig A. Daly

**CRAIG A. DALY, P.C. (P27539)**
Attorney for Corey Bailey (D-4)
615 Griswold, Suite 820
Detroit, Michigan 48226
Phone:  (313) 963-1455
4bestdefense@sbcglobal.net

/s/ Keith A. Spielfogel

**KEITH A. SPIELFOGEL (Bar No. 2689537)**
Co-Counsel for Corey Bailey (D-4)
190 S. LaSalle St., Suite 520
Chicago, Illinois 60603
Phone: (312) 236-6021
spielfogel@sbcglobal.net

Dated: March 1, 2018