UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

COREY BAILEY (D-4),

        Defendants.
_____/

Case No. 15-20652-04

HON. GEORGE CARAM STEEH

OPINION AND ORDER DENYING DEFENDANT COREY
BAILEY'S MOTION FOR BILL OF PARTICULARS [DOC. 778]

This matter is before the court on defendant Corey Bailey's motion for a bill of particulars as to Count One, RICO Conspiracy, 18 U.S.C. §1962(d) and Count Thirty-Two, Possession of a Firearm in Furtherance of a Crime of Violence, 18 U.S.C. §924(c); 2 [doc. 778]. The motion is joined in by defendant Arlandis Shy [doc. 797].

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c). An indictment satisfies constitutional requirements so long as it contains the elements of the offense charged, fairly informs the defendant of the charge against which he must defend, and enables defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v.*

*United States*, 418 U.S. 87, 117 (1974). A bill of particulars is a device used to minimize surprise and assist defendant in obtaining information needed to prepare a defense and to preclude a second prosecution for the same crimes. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).

This court has previously addressed motions for a bill of particulars as to Counts One and Thirty-Two brought by co-defendants in this case. On July 19, 2016, defendant Graham filed a motion for bill of particulars regarding Count One. On October 24, 2017, this court issued an order denying that motion [Doc. 375]. The court held that based on the details provided in the indictment and the information contained in the discovery materials turned over to defense counsel, the defendant was fairly informed of the charges he was called upon to defend against, and was able to plead an acquittal or conviction in bar of future prosecutions for the same offense.

The indictment and superseding indictments filed in this case are quite detailed, particularly describing the racketeering enterprise alleged and the types of evidence the government intends to offer in proving the charges. Initial Jencks disclosures were made by the government to all defendants in December 2017, and the remaining *Jencks* materials that are particular to the defendants in Trial Group 2 are to be turned over at least 30 days prior to trial. Furthermore, defendant Bailey and his co-defendants

that have not yet been tried have the additional advantage of learning what evidence the government offered in support of the racketeering acts set forth in Count One of the indictment during the first trial which took place from January 31, 2018 to March 16, 2018. Based on the foregoing, the court finds that defendant is fairly informed of the charges against which he must defend himself such that a bill of particulars for Count One is not warranted.

The court previously ordered that a bill of particulars be produced, "providing the nexus of the gun to the crime charged and pointing to specific evidence contained in the Jencks materials," in response to defendant Devon Patterson's motion for bill of particulars as to Count Thirty-Two. The government filed a bill of particulars as to Count Thirty-Two on January 4, 2018 [doc. 813]. Defendant Bailey's motion is therefore moot as it relates to Count Thirty-Two. Now, therefore,

For the foregoing reasons, defendant Bailey's motion for a bill of particulars as to Count One is DENIED and his motion for a bill of particulars as to Count Thirty-Two is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: March 20, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 20, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk