UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

COREY BAILEY (D-4),

    Defendant.
_____/

Case No. 15-20652-04

HON. GEORGE CARAM STEEH

OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO STRIKE ALLEGATIONS AND PRECLUDE
EVIDENCE REGARDING A HOMICIDE AND SHOOTING FOR
<u>WHICH DEFENDANT WAS TRIED AND ACQUITTED [DOC. 776]</u>

This matter is before the court on defendant Corey Bailey's motion to strike allegations and preclude evidence regarding a homicide and shooting for which defendant was previously tried and acquitted. The motion is joined in by defendants Arlandis Shy [doc. 797] and Billy Arnold [doc 780]. The motion has been briefed and a response was filed by the government. The court does not believe oral argument would aid its determination of this matter.

Count One of the Sixth Superseding Indictment charges Bailey and 19 other defendants with RICO conspiracy. The Indictment lists 118 overt

acts that were allegedly committed in furtherance of the RICO conspiracy, including:

> 75. On or about October 21, 2009, R.C.-1 was shot and killed and R.C.-2 was shot in the chest by COREY BAILEY and another.

The Indictment also alleges, as part of the Notices of Acts with Enhanced Sentencing, the following:

> 2. On or about October 21, 2009, in the Eastern District of Michigan, enterprise member COREY BAILEY, aided and abetted by others known and unknown to the grand jury, did commit an act involving murder, that is, murdering R.C.-1, perpetrated by means of lying in wait, or any other willful, deliberate, and premeditated killing, all in violation of Michigan Compiled Laws, Section 750.316(1).
>
> 3. On or about October 21, 2009, in the Eastern District of Michigan, enterprise member COREY BAILEY, aided and abetted by others known and unknown to the grand jury, did commit an act involving murder, that is, assaulting R.C.-2 with intent to commit murder, all in violation of Michigan Compiled Laws, Sections 750.83 and 767.39.

Defendant moves to preclude evidence regarding the murder of R.C.-1 and the assault with intent to commit murder on R.C.-2 because after a jury trial in Michigan state court, he was acquitted of all charges for those acts on December 1, 2010. Defendant argues that the Fifth Amendment protects him from being subjected to multiple punishment for the same offense, or multiple trials for the same offense after an acquittal. Defendant recognizes that there is an exception to the Double Jeopardy Clause in that

it does not apply to suits by separate sovereigns. This is known as the dual sovereign doctrine. *See United States v. Mardis*, 600 F.3d 693, 696 (6th Cir. 2010). However, defendant argues that the dual sovereign doctrine has come under attack as failing to serve the purpose of shielding individuals from the harassment of multiple prosecutions for the same conduct and should not allow the government to use the particular conduct to establish the RICO conspiracy or to enhance defendant's sentence.

The dual sovereign doctrine provides "that two identical offenses are *not* the 'same offense' within the meaning of the Double Jeopardy Clause if they are prosecuted by different sovereigns." *Heath v. Alabama*, 474 U.S. 82, 92 (1985). The Supreme Court recently relied on and reaffirmed the validity of the dual sovereign doctrine. *Puerto Rico v. Sanchez Valle*, 136 S.Ct. 1863, 1877 (2016). In a concurrence, Justice Ginsberg "join[ed] in full the Court's opinion, which cogently applies long prevailing doctrine." *Id.* Though she opined that an appropriate case might call for a "fresh examination" of whether the dual sovereign doctrine serves the objective of 'shield[ing] individuals from the harassment of multiple prosecutions for the same misconduct," this was simply a musing and not a holding of the Court.

This court finds that the dual sovereign doctrine allows the government to use conduct for which defendant was tried and acquitted in state court to establish the RICO conspiracy in Count One and to enhance defendant's sentence. Now, therefore,

For the foregoing reasons, defendant Bailey's motion to strike allegations and preclude evidence regarding a homicide and shooting for which defendant was tried and acquitted is DENIED.

IT IS SO ORDERED.

Dated: April 19, 2018

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 19, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk