UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

D-4 COREY BAILEY,

    Defendant.
_____/

Case No. 15-20652-04

HON. GEORGE CARAM STEEH

OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO SUPPRESS
EVIDENCE FROM CELLULAR TELEPHONE [DOC. 681]

    This matter is before the court on defendant Corey Bailey's motion to suppress evidence acquired from the seizure and search of the cellular telephone acquired from him on July 22, 2014. On that date, members of the Detroit Police Department – Arson Unit were investigating a fire at 15642 Novara in the City of Detroit. Lieutenant Gerald Stewart and Lieutenant Jamal Mayers were conducting a canvass of the neighborhood to see if neighbors could assist in their investigation. Mayers testified that he watched a Ford Escape pull up and park on Novara in front of the house where he was standing. Corey Bailey got out of the car and walked past Mayers and went directly toward the two neighbors Mayers had just interviewed. Mayers saw Bailey attempt to conceal a large handgun with a

silver handle and black grip inside the waistband of his jeans. Mayers saw Bailey make hand gestures to the two neighbors that appeared to suggest he wanted them to hide the handgun. Mayers watched the three men walk toward the backyard and huddle together. Approximately one minute later, as Bailey walked back toward his vehicle, the officers stopped him and asked where his gun was. Bailey denied having a gun. More officers arrived and searched the backyard area. Lieutenant Dennis Richardson found two weapons – a loaded SKS rifle in a van with flat tires and a silver handled handgun in the adjacent yard within an arm's reach of the fence. The handgun was wrapped in a white t-shirt and was under two paper plates. Mayers said the handgun looked like the one he saw in Mr. Bailey's waistband. Bailey was arrested and searched. A cell phone was recovered from his person and placed in Detroit Police custody.

      The FBI Violent Crime Task Force took Bailey's case and he was prosecuted in federal court. On July 25, 2014, the FBI took custody of Bailey's cell phone from the Detroit Police Detention Center. On August 20, 2014, FBI Task Force Officer Kareem Wheeler applied for and received a warrant to search the cell phone for evidence of illegal possession of firearms. (August 2014 Warrant, "Search Warrant 1"). The phone was hooked up to software in order to download the information off the phone, but no information could be saved or converted properly.

Bailey was ordered detained pending his federal trial. He pleaded guilty to felon in possession of a firearm on December 3, 2014 and was sentenced to 55 months incarceration on June 16, 2015. Bailey has been in continuous custody since July 22, 2014 and his phone has been in police custody since that date as well. No one has claimed or attempted to retrieve the phone from police custody.

The government recently learned that technology is now available to access and search this phone. The government obtained a new warrant to search the phone for evidence of racketeering and violent crimes in aid of racketeering. (February 2018 Warrant, "Search Warrant 2"). The FBI was successful in obtaining a complete download of the phone. The downloaded materials were provided to Bailey's counsel.

Corey Bailey is charged in the Sixth Superseding Indictment with RICO conspiracy, as well as one count of murder in aid of racketeering, use and carry of a firearm during and in relation to a crime of violence resulting in death, three counts of attempted murder in aid of racketeering, three counts of assault with a dangerous weapon in aid of racketeering, and use and carry of a firearm during an in relation to a crime of violence. The firearms and shooting charges brought against Bailey stem from the shooting of Djuan Page on July 14, 2014. At the time he was shot, Page was traveling in a car with Corey Crawford, Michael Davis and Martaze

Davis. All of these individuals were members of the Hustle Boys, a rival gang to SMB. Page eventually died in August 2014.

I. <u>Seizure of Phone Incident to Arrest</u>

Based on the testimony presented at the evidentiary hearing, the court finds that the arrest of Corey Bailey was based on probable cause. Mayers was standing no more than fifteen feet from Bailey, who was walking toward him, when he saw the hand gun in his waistband. Mayers had a clear view of Bailey and described the handle of the gun in detail. When Bailey came back down the driveway without the gun, he was detained while Richardson and other officers searched the backyard for weapons. After the handgun matching the description given by Mayers was found, Bailey was arrested and searched. The search of Bailey's person resulted in the seizure of his cell phone which is the subject of this suppression motion.

A police officer can perform a warrantless search of an individual incident to a lawful arrest without additional justification beyond the probable cause for the arrest itself. *United States v. Robinson*, 414 U.S. 218, 235 (1973). During a search incident to arrest, police may look for weapons and evidence of a crime. *Id.* at 233-34; *United States v. Buford*, 632 F.3d 264, 269 (6th Cir. 2011). "It is the fact of the lawful arrest which establishes the authority to search, and . . . in the case of a lawful custodial

arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." *Robinson*, 414 U.S. at 235.

When a person is lawfully arrested, the seizure of an item on their person is justified incident to arrest in order to prevent the imminent loss or destruction of evidence while a warrant to search the item is obtained. *United States v. Gholston*, 993 F.Supp.2d 704, 715 (E.D. Mich. 2014) (citing *United States v. Respress*, 9 F.3d 483, 486 (6th Cir. 1993); *United States v. Bradley*, 488 Fed. Appx. 99, 103 (6th Cir. 2012)). Electronic evidence is "inherently ephemeral and easily destructible" if the device is not secured pending the issuance of a search warrant. *Bradley*, 488 Fed. Appx. at 104 (discussing electronic evidence contained on a laptop). Bailey's cell phone was lawfully seized incident to his arrest, and because it contained electronic evidence it properly remained in the custody of law enforcement officers until the government was able to secure a warrant to search the device.

Police are also able to inventory the property found on a person who is jailed. Bailey has been jailed continuously since July 22, 2014 and no one has requested the return of the cell phone. The police, and subsequently the FBI, have legally been in possession of the cell phone in question since it was taken from Bailey.

II. <u>Probable Cause for Search of Phone</u>

Bailey argues that the arresting officers had no reason to suspect the phone contained any evidence of the crime Bailey had either been arrested for or of any other crime. The government responds that it initially obtained a search warrant to search the cell phone for evidence of illegal possession of firearms. (Search Warrant 1). In his motion, the defendant challenges the probable cause contained in the search warrant affidavit filed by FBI Task Force Officer Wheeler in 2014. However, the search attempted pursuant to that warrant failed to capture any evidence. There is no evidence to suppress that was seized under Search Warrant 1.

Since the filing of Bailey's motion to suppress, the government applied for and obtained a new search warrant in February 2018 (Search Warrant 2), requesting authority to search for evidence of racketeering and violent crimes committed in aid of racketeering. The facts set forth in Task Force Officer Shawn Horvath's affidavit state there was a fair probability that a search of the phone could reveal evidence of the defendant's connection to other SMB members via call records, contact lists, text messages, or social media interaction and/or information about contact with Arnold around the time of the Djuan Page murder on July 14, 2014. Defendant has not voiced any challenge to Search Warrant 2.

CONCLUSION

For the reasons set forth above, the court finds that there was probable cause to arrest Corey Bailey. The lawful arrest provided the authority for the search of Bailey's person, and the seizure of the cell phone found on Bailey was justified in order to prevent the imminent loss or destruction of evidence of a crime. Search Warrant 2 was supported by probable cause that the cell phone could contain evidence of Bailey's connection to other SMB members or information about contact with Billy Arnold around the time of the Djuan Page murder.

Defendant Bailey's motion to suppress evidence from his cellular telephone is DENIED.

IT IS SO ORDERED.

Dated: May 9, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 9, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk