## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

     Plaintiff,                      File No. **15-20652**

-vs-

                                     Hon. **George Caram Steeh**

**COREY BAILEY (D-4)**,

     Defendant.

| CHRISTOPHER GRAVELINE (P69515) | CRAIG A. DALY, P.C. (P27539) | KEITH A. SPIELFOGEL (IL BAR 2689537) |
| --- | --- | --- |
| Assistant U.S. Attorney | Attorney for Corey Bailey (D-4) | Attorney for Corey Bailey (D-4) |
| 211 W. Fort Street, Suite 2001 | 615 Griswold, Suite 820 | 190 S. LaSalle St., Suite 520 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 | Chicago, Illinois 60603 |
| Phone: (313) 226-9155 | Phone: (313) 963-1455 | Phone: (312) 236-6021 |
| christopher.graveline@usdoj.gov | 4bestdefense@sbcglobal.net | spielfogel1@sbcglobal.net |

## <u>MOTION IN LIMINE</u>

Defendant, COREY BAILEY, through his attorneys, CRAIG A. DALY, P.C. and KEITH A. SPIELFOGEL, moves this Court pursuant to *Fed. R. Crim. P. 12(b)(2)*; *F.R.E. 401, 402, 403, 609(a) and (b)* and the *in* limine doctrine enunciated in *Luce v. United States, 469 U.S. 38, 40 n. 2 (1984)*, to exclude the following evidence that the government may seek to introduce for the following reasons:

1.      Defendant COREY BAILEY ("Bailey") is charged in eleven counts of the Fifth Superseding Indictment, as follows: Count One, RICO Conspiracy, *18 U.S.C. §1962(d)*; Count Four, Murder in Aid of Racketeering, *18 U.S.C. §1959(a)(1)*; Count Five, Use of Firearm, *18 U.S.C. §924(c)*; Count Six, Attempted Murder in Aid

-1-

of Racketeering, *18 U.S.C. §1959(a)(5)*; Count Seven, Attempted Murder in Aid of Racketeering, *18 U.S.C. §1959(a)(5)*; Count Eight, Attempted Murder in Aid of Racketeering, *18 U.S.C. §1959(a)(5)*; Count Nine, Assault with Dangerous Weapon in Aid of Racketeering, *18 U.S.C. §1959(a)(3); 2*; Count Ten, Assault with Dangerous Weapon in Aid of Racketeering, *18 U.S.C. §1959(a)(3); 2*; Count Eleven, Assault with Dangerous Weapon in Aid of Racketeering, *18 U.S.C. §1959(a)(3); 2*; Count Twelve, Use and Carry of a Firearm During, and in Relation to, a Crime of Violence, *18 U.S.C. §924(c); 2*; and Count Thirty-Two, Possession of a Firearm in Furtherance of a Crime of Violence, *18 U.S.C. §924(c); 2* (Doc. #704).

     2.    The government will seek to introduce the following inadmissible evidence at trial:

     A.    That Derrick Kennedy had a conversation with Michael Rogers ("Rogers") in December of 2014 about the shooting of Dejuan Page ("Neff") and Michael Davis, which occurred on July 14, 2014. According to Kennedy, Rogers told Kennedy that he, Kennedy was unaware that Bailey ("Sonny") was in the car with Billy Arnold ("Killer"), until Rogers told him that "the feds had came and questioned Bailey about the Neff murder" and Rogers told him that Bailey was in the car with Arnold, with "his dumb ass out of the window with a red flag when they were pulling off" (Tr. 03/01/2018, p. 123-127).

-2-

The alleged statements of Rogers to Kennedy are inadmissible because the statement was not among members of the alleged conspiracy or in furtherance of that conspiracy.

B.      According to Matleah Scott, she went to a Hustle Boys party with Devon McClure and Bailey around July of 2014.  Scott said McClure told her he was "going to start something."  McClure and Bailey alone went into the party for about 10 minutes.  When they returned, McClure had blood running from the top of his head and said "Neff hit him in the head with a Patron bottle" (Tr. 02/08/2018, p. 20-21).  McClure then allegedly told Arnold, Jig and Nice about the incident.  The only response among those told was from Jig who "was yelling because he was mad that they even went to the party" (*id*. at p. 22-23).

These statements are also inadmissible for the reasons stated above.

C.      On July 22, 2014, Bailey was arrested at 15621 Novara regarding a .40 caliber handgun (Overt Act 43).  According to the testimony of arson investigator Dennis Richardson, he and other investigators were conducting a fire investigation at 15642 Navarro, when Lt. Mayer saw Bailey with a handgun tucked in his pants walking toward the rear of 1561 Novara.  Bailey was subsequently arrested without the handgun.  Richardson was walking toward the back of the yard to look for a handgun and saw a white Dodge Caravan.  Inside, he saw the butt of a

-3-

SKS assault rifle, mostly concealed by clothing.  Although there is no direct or circumstantial evidence connecting Bailey to this weapon, the government intends to introduce this inadmissible evidence.

D.    The government intends to introduce a rap video titled OG Handiwork Jig Ft, Cocaine Sonny, in which Bailey raps about his previous state murder case that he was tried and acquitted (Overt Act 75).  Bailey says "I beat a murder.  Ain't nobody seen it but they all heard it.  Not guilty was the damn verdict. *I kept silent, it was well worth it*."  The government's use of the last sentence is an improper use of Bailey's exercise of his Fifth Amendment rights.

E.    While in West Virginia on February 8,2 012 and November 6, 2009, Bailey was arrested by the Charleston Police Department.  In the first instance, Bailey told the police he was Eric Brown, and in the second incident he said he was Wayne Pruitt (Overt Acts 66, 74).  In each case, law enforcement were able to identify Bailey as the person arrested.  The use of aliases at trial is only relevant to identify a defendant, a matter not in dispute in either incident, or to attack his credibility if he testifies.  This evidence is not relevant and is unfairly prejudicial.

F.    Bailey was convicted of several of the Overt Acts in state and/or federal court (Overt Acts 43, 61, 95).  A prior conviction is admissible only to attack Bailey's credibility if he testifies and if the convictions meet the requirements of

*F.R.E. 609(a) and (b)*.  Bailey's conviction for possession with intent to deliver less than 50 grams of cocaine (WCCC No. 12-008335-01-FH) (10/12/2012); possession of a short barreled shotgun, felony firearm (WCCC No. 07-008235-01-FH) (09/05/2007); and felon in possession (Eastern District, Southern Division, 14-cr-020470 (06/18/2015) are inadmissible.  Bailey also has convictions for malicious destruction of property (WCCC No. 15-006445-01-FH) (11/30/2015) and possession of cocaine (WCCC No. 07-014106-01-FH) (11/06/2007).  None of these convictions meet the requirements of admissibility.

      G.    The following Overt Acts identified in the Indictment are not admissible under *F.R.E. 401, 402, and 403*:

      a) Overt Acts 71-72. The purported evidence on these two acts is that on November 6, 2009, Bailey was arrested in West Virgina with marijuana, pills and 1.8 grams of cocaine. When arrested he gave his name as Dwayne Pruitt. Bailey was observed to be by himself before and at the time of arrest. The case against him was dismissed less than a month later. Evidence of this arrest is not relevant to the charges against him in that there is no evidence that during the activities on November 6, 2009 he was in any way furthering the charged conspiracy. As such this evidence has no relevance to the instant case and it's introduction serves only the purpose of causing prejudice to Bailey;

b) Overt Act 94. The purported evidence is that on August 30, 2007, Bailey was arrested in the basement of an abandoned building. He was in possession of cocaine. Again there is no evidence that his possession of cocaine was for anything more than his personal use  or that it was an act in furtherance of the conspiracy. As such this evidence has no relevance to the instant case and it's introduction serves only the purpose of causing  prejudice to Bailey;

c) Overt Act 95. As was developed at the motion to suppress, on April 13, 2007, Bailey was arrested with a gun and drugs in the basement of a home. There is no evidence to establish that the possession of that gun or those drugs had anything to do with the charged conspiracy much  less that they furthered the conspiracy. The gun was never tied to any act of violence set forth in the indictment.  As such this evidence has no relevance to the instant case and it's introduction serves only the purpose of causing  prejudice to Bailey;

d) Overt Act 100. This overt act alleges that on March 31, 2006 Bailey and other unknown SMB members made threats to the residents of 14717 Tacoma Street. The tendered discovery does not disclose who these persons were nor does it establish that the alleged threats were in furtherance of the conspiracy. As such this evidence has no relevance to the instant case and it's introduction serves only to prejudice the defendant;

e) Overt Act 103. On December 1, 2004, conducted a search of Anthony Lovejoy's home. Drugs and other materials were located in Lovejoy's bedroom and in his kitchen. Bailey was present in the home and was found to possess 3 grams of marijuana and $20. This evidence against Bailey has no relevance in that the event did not take place in his home, the amount of marijuana recovered from him was a personal use amount, the event occurred nearly fourteen years ago, Bailey was not charged with an offense, and his being in Lovejoy's house was not done in furtherance of any conspiracy. As such this evidence has no relevance to the instant case and it's introduction serves only to prejudice the defendant.

3.      The government does not concur with this motion.

4.      The facts and law in support of this motion are more fully set forth in the accompanying Brief, which is incorporated by reference into this Motion.

**WHEREFORE**, for the foregoing reasons, Defendant requests this Court grant this motion.

Respectfully submitted,

s/Craig A. Daly

**CRAIG A. DALY, P.C. (P27539)**
Attorney for Corey Bailey (D-4)
615 Griswold, Suite 820
Detroit, Michigan 48226
Phone:  (313) 963-1455
4bestdefense@sbcglobal.net

-7-

_/s/_ _Keith A. Spielfogel_

**KEITH A. SPIELFOGEL (Bar No. 2689537)**
Co-Counsel for Corey Bailey (D-4)
190 S. LaSalle St., Suite 520
Chicago, Illinois 60603
Phone: (312) 236-6021
spielfogel@sbcglobal.net

Dated:  May 11, 2018

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

      Plaintiff,                           File No. **15-20652**

-vs-

                                               Hon. **George Caram Steeh**

**COREY BAILEY (D-4),**

      Defendant.

| | | |
|---|---|---|
| **CHRISTOPHER GRAVELINE (P69515)** | **CRAIG A. DALY, P.C. (P27539)** | **KEITH A. SPIELFOGEL (IL BAR 2689537)** |
| Assistant U.S. Attorney | Attorney for Corey Bailey (D-4) | Attorney for Corey Bailey (D-4) |
| 211 W. Fort Street, Suite 2001 | 615 Griswold, Suite 820 | 190 S. LaSalle St., Suite 520 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 | Chicago, Illinois 60603 |
| Phone:  (313) 226-9155 | Phone:  (313) 963-1455 | Phone: (312) 236-6021 |
| christopher.graveline@usdoj.gov | 4bestdefense@sbcglobal.net | spielfogel1@sbcglobal.net |

# BRIEF IN SUPPORT OF MOTION IN LIMINE

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iii

STATEMENT OF ISSUE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF CONTROLLING AUTHORITY. . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    **I.**    **THE COURT SHOULD EXCLUDE EVIDENCE THAT IS INADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE AND WILL DEPRIVE DEFENDANT BAILEY OF A FAIR TRIAL UNDER THE CONSTITUTION**. . . . . . . . . 6

RELIEF SOUGHT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## FEDERAL CASES

*Bowling v. Parker, 344 F.3d 487, 514 (6th Cir. 2003).* . . . . . . . . . . . . . . . . . . . . .   12

*Gordon v. United States, 383 F.2d 936, 940 (D.C.Cir.1967) (Burger, J.), cert. denied,*
    *390 U.S. 1029, 88 S. Ct. 1421, 20 L. Ed. 2d 287 (1968).* . . . . . . . . . . . . . . .   8

*Griffin v. California, 380 U.S. 609 (1965).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Luce v. United States, 469 U.S. 38, 40 n. 2 (1984).* . . . . . . . . . . . . . . . . . . . . . . .   7

*Raper v. Mintzes, 706 F.2d 161, 164 (6th Cir. 1983).* . . . . . . . . . . . . . . . . . . . . . .   12

*United States v. Bonds, 12 F.3d 540, 567 (6th Cir. 1993).* . . . . . . . . . . . . . . . . . . . .   7

*United States v. Clark, 18 F.3d 1337, 1342 (6th Cir. 1994).* . . . . . . . . . . . . . . . . .   9

*United States v. Conrad, 507 F.3d 424, 429 (6th Cir. 2007).* . . . . . . . . . . . . . . . . .   9

*United States v. Darwich, 337 F.3d 645, 657 (6th Cir. 2003).* . . . . . . . . . . . . . . . . .   9

*United States v. Emuegbunam, 268 F.3d 377, 394 (6th Cir. 2001).* . . . . . . . . . . . .   13

*United States v. Gessa, 971 F.2d 1257, 1261 (6th Cir. 1992) (en banc).* . . . . . . . . .   9

*United States v. Johnson, 200 F.3d 529, 533 (7th Cir. 2000).* . . . . . . . . . . . . . . . .   9

*United States v. Mahler, 579 F.2d 730, 734 (2nd  Cir.1978).* . . . . . . . . . . . . . . . . . 8-9

*McHenry v. Chadwick, 896 F.2d 184, 188 (6th Cir. 1990).* . . . . . . . . . . . . . . . . . .   15

*United States v. Meyers, 952 F.2d 914, 916 (6th  Cir.1992).* . . . . . . . . . . . . . . . . . .   9

*United States v. Mitchell, 31 F.3d 628, 632 (9th Cir. 1994).* . . . . . . . . . . . . . . . . .   10

**Page**

*United States v. Moore, 917 F.2d 215, 234 (6th Cir.1990)*. . . . . . . . . . . . . . . . . .  8

*United States v. Morrow, 977 F.2d 222, 228 (6th Cir. 1992)*. . . . . . . . . . . . . . .  15

*United States v. Newsom, 452 F.3d 593, 603 (6th Cir. 2006)*. . . . . . . . . . . . . . .  7

*United States v. Sloman, 909 F.2d 176, 180 (6th Cir. 1990)*. . . . . . . . . . . . . . . .  15

*United States v. Tocco, 200 F.3d 401, 419 (6th Cir. 2000)*. . . . . . . . . . . . . . . . .  9

*United States v. Warman, 578 F.3d 320, 328 (6th Cir. 2009)*. . . . . . . . . . . . . . .  9

*United States v. Wilkerson, 456 F.2d 57, 59 (6th Cir. 1972)*.. . . . . . . . . . . . . . .  13

*United States v. Williams 158 Fed. Appx. 651, 654-55 (6th Cir. 2005)*. . . . . . . .  13

## FEDERAL STATUTES AND RULES OF EVIDENCE

*18 U.S.C. §924(c)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1
*18 U.S.C. §924(c); 2*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1
*18 U.S.C. §1959(a)(1)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1
*18 U.S.C. §1959(a)(3); 2*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1
*18 U.S.C. §1959(a)(5)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1
*18 U.S.C. §1962(d)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

*F.R.E. 104(a)(c)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6
*F.R.E. 401*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7
*F.R.E. 403*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7
*F.R.E. 609(a) and (b)*.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 8, 14, 15
*F.R.E 801(d)(2)(E)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

## STATEMENT OF ISSUE

I.    **SHOULD THE COURT EXCLUDE EVIDENCE THAT IS INADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE AND WILL DEPRIVE DEFENDANT BAILEY OF A FAIR TRIAL UNDER THE CONSTITUTION?**

   Defendant answers "yes"
   Government answers "no"

## STATEMENT OF CONTROLLING AUTHORITY

Defendant relies on the following controlling authority:

## STATEMENT OF FACTS

Defendant COREY BAILEY ("Bailey") is charged in eleven counts of the Fifth Superseding Indictment, as follows: Count One, RICO Conspiracy, *18 U.S.C. §1962(d)*; Count Four, Murder in Aid of Racketeering, *18 U.S.C. §1959(a)(1)*; Count Five, Use of Firearm, *18 U.S.C. §924(c)*; Count Six, Attempted Murder in Aid of Racketeering, *18 U.S.C. §1959(a)(5)*; Count Seven, Attempted Murder in Aid of Racketeering, *18 U.S.C. §1959(a)(5)*; Count Eight, Attempted Murder in Aid of Racketeering, *18 U.S.C. §1959(a)(5)*; Count Nine, Assault with Dangerous Weapon in Aid of Racketeering, *18 U.S.C. §1959(a)(3); 2*; Count Ten, Assault with Dangerous Weapon in Aid of Racketeering, *18 U.S.C. §1959(a)(3); 2*; Count Eleven, Assault with Dangerous Weapon in Aid of Racketeering, *18 U.S.C. §1959(a)(3); 2*; Count Twelve, Use and Carry of a Firearm During, and in Relation to, a Crime of Violence, *18 U.S.C. §924(c); 2*; and Count Thirty-Two, Possession of a Firearm in Furtherance of a Crime of Violence, *18 U.S.C. §924(c); 2* (Doc. #704).

The government will seek to introduce the following inadmissible evidence at trial:

A.     That Derrick Kennedy had a conversation with Michael Rogers ("Rogers") in December of 2014 about the shooting of Dejuan Page ("Neff") and Michael Davis, which occurred on July 14, 2014.  According to Kennedy, Rogers told

-1-

Kennedy that he, Kennedy was unaware that Bailey ("Sonny") was in the car with Billy Arnold ("Killer"), until Rogers told him that "the feds had came and questioned Bailey about the Neff murder" and Rogers told him that Bailey was in the car with Arnold, with "his dumb ass out of the window with a red flag when they were pulling off" (Tr. 03/01/2018, p. 123-127).

The alleged statement of Rogers to Kennedy are inadmissible because the statement was not among members of the alleged conspiracy or in furtherance of that conspiracy.

B.      According to Matleah Scott, she went to a Hustle Boys party with Devon McClure and Bailey around July of 2014. Scott said McClure told her he was "going to shoot something." McClure and Bailey went into the party for about 10 minutes. When they returned, mcClure had blood running from the top of his head and said "Neff hit him in the head with a Patron bottle" (Tr. 02/08/2018, p. 20-21). McClure then allegedly told Arnold, Jig and Nice about the incident. The only response among those told was from Jig who "was yelling because he was mad that they even went to the party" (*id*. at p. 22-23).

These statements are also inadmissible for the reasons stated above.

C.      On July 22, 2014, Bailey was arrested at 15621 Novara regarding a .40 caliber handgun (Overt Act 43). According to the testimony of arson investiga-

tor Dennis Richardson, he and other investigators were conducting a fire investigation at 15642 Navarro, when Lt. Mayer saw Bailey with a handgun tucked in his pants walking toward the rear of 1561 Novara.  Bailey was subsequently arrested without the handgun.  Richardson was walking toward the back of the yard to look for a handgun and saw a white Dodge Caravan.  Inside, he saw the butt of a SKS assault rifle, mostly conceded by clothing.  Although there is no direct or circumstantial evidence connecting Bailey to this weapon, the government intends to introduce this inadmissible evidence.

D.     The government intends to introduce a rap video titled OG, Handiwork Jig Ft., Cocaine Sonny, in which Bailey raps about his previous state murder case (Overt Act 75) that he was tried and acquitted.  Bailey says "I beat a murder.  Ain't nobody seen it but they all heard it.  Not guilty was the damn verdict. *I kept silent, it was well worth it*."  The government's use of the last sentence is an improper use of Bailey's exercise of his Fifth Amendment rights.

E.     While in West Virginia on February 8,2 012 and November 6, 2009, Bailey was arrested by the Charleston Police Department.  In the first instance, Bailey told the police he was Eric Brown, and in the second incident he said he was Wayne Pruitt (Overt Acts 66, 74).  In each case, law enforcement were able to identify Bailey as the person arrested.  The use of aliases at trial is only relevant to identify a

defendant, a matter not in dispute in either incident, or to attack his credibility if he testifies.  This evidence is not relevant and is unfairly prejudicial.

F.      Bailey was convicted of several of the Overt Acts in state and/or federal court (Overt Acts 43, 61, 95).  A prior conviction is admissible only to attack Bailey's credibility if he testifies and if the convictions meet the requirements of *F.R.E. 609(a) and (b)*.  Bailey's conviction for possession with intent to deliver less than 50 grams of cocaine (WCCC No. 12-008335-01-FH) (10/12/2012); possession of a short barreled shotgun, felony firearm (WCCC No. 07-008235-01-FH) (09/05/2007); and felon in possession (Eastern District, Southern Division, 14-cr-020470 (06/18/2015) are inadmissible.  Bailey also has convictions for malicious destruction of property (WCCC No. 15-006445-01-FH) (11/30/2015) and possession of cocaine (WCCC No. 07-014106-01-FH) (11/06/2007).

G.      The following Overt Acts identified in the Indictment are not admissible under *F.R.E. 401, 402, and 403*:

1.      Overt Acts 71-72. The purported evidence on these two acts is that on  November 6, 2009, Bailey was arrested in West Virgina with marijuana, pills and 1.8 grams of cocaine. When arrested he gave his name as Dwayne Pruitt. Bailey was observed to be by himself before and at the time of arrest. The case against him was dismissed less than a month later. Evidence of this arrest is not relevant to the

-4-

charges against him in that there is no evidence that during the activities on November 6, 2009 he was in any way furthering the charged conspiracy. As such this evidence has no relevance to the instant case and it's introduction serves only the purpose of causing prejudice to Bailey;

2.      Overt Act 94. The purported evidence is that on August 30, 2007, Bailey was arrested in the basement of an abandoned building. He was in possession of cocaine. Again there is no evidence that his possession of cocaine was for anything more than his personal use  or that it was an act in furtherance of the conspiracy. As such this evidence has no relevance to the instant case and it's introduction serves only the purpose of causing  prejudice to Bailey;

3.      Overt Act 95. As was developed at the motion to suppress, on April 13, 2007, Bailey was arrested with a gun and drugs in the basement of a home. There is no evidence to establish that the possession of that gun or those drugs had anything to do with the charged conspiracy much  less that they furthered the conspiracy. The gun was never tied to any act of violence set forth in the indictment. As such this evidence has no relevance to the instant case and it's introduction serves only the purpose of causing  prejudice to Bailey;

4.      Overt Act 100. This overt act alleges that on March 31, 2006 Bailey and other unknown SMB members made threats to the residents of  14717

-5-

Tacoma Street. The tendered discovery does not disclose who these persons were nor does it establish that the alleged threats were in furtherance of the conspiracy. As such this evidence has no relevance to the instant case and it's introduction serves only to prejudice the defendant;

       5.      Overt Act 103. On December 1, 2004, conducted a search of Anthony Lovejoy's  home. Drugs and   other materials were located in Lovejoy's bedroom and in his kitchen. Bailey  was present in the home and was found to possess 3 grams of marijuana and $20. This evidence against Bailey has no relevance in that the event did not take place in his home, the amount of marijuana recovered from him was a personal use amount, the event occurred nearly fourteen years ago, Bailey was not charged with an offense, and his being in Lovejoy's house  was not done in furtherance of any conspiracy. As such this evidence has no relevance to the instant case and it's introduction serves only to prejudice the defendant.

## **ARGUMENT**

**I.    THE COURT SHOULD EXCLUDE EVIDENCE THAT IS INADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE AND WILL DEPRIVE DEFENDANT BAILEY OF A FAIR TRIAL UNDER THE CONSTITUTION.**

    The Rules of Evidence provide that questions of admissibility of evidence may be addressed in advance of trial and out of the presence of the jury. *F.R.E. 104(a)(c)*. The courts have acknowledged that the proper procedure is for a party to file a Motion

in Limine.  *Luce v. United States, 469 U.S. 38, 40 n. 2 (1984)*.  The Court should rule the following evidence that the government intends to produce at trial is inadmissible and that the government is barred from seeking admission and will take the necessary steps to inform its witnesses of the court's ruling.

## LEGAL ANALYSIS

Evidence is "relevant" if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  *F.R.E. 401*.

Even if it is relevant, however, evidence may still be executed if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  *F.R.E. 403*.

Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis."  *United States v. Newsom, 452 F.3d 593, 603 (6th Cir. 2006)* (quoting *United States v. Bonds, 12 F.3d 540, 567 (6th Cir. 1993)*.

Under *F.R.E. 609(a) and (b)*, a prior conviction is admissible only to attack the credibility of a witness if the conviction meets the requirements of the rule.  If

Defendant Bailey elects to testify at trial, the government may seek to impeach him with his prior convictions.

*Rule 609(a)(1)* provides that, for impeachment purposes, evidence that an accused has been convicted of . . . a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.

A district court assessing whether to admit a defendant's prior conviction for impeachment purposes must consider:

1.  The impeachment value of the prior crime.

2.  The point in time of the conviction and the witness' subsequent history.

3.  The similarity between the past crime and the charged crime.

4.  The importance of the defendant's testimony.

5.  The centrality of the credibility issue.

*United States v. Moore, 917 F.2d 215, 234 (6th Cir.1990)* (citing *Gordon v. United States, 383 F.2d 936, 940 (D.C.Cir.1967) (Burger, J.), cert. denied, 390 United States 1029, 88 S.Ct. 1421, 20 L. Ed. 2d 287 (1968)*). The Sixth Circuit has "taken notice" of the *Gordon* factors and requires that a district court hold an on-the-record hearing and explicitly find that the probative value of the evidence substantially outweighs its prejudicial effect on the defendant. Id. (citing *United States v. Mahler, 579 F.2d 730,*

*734 (2nd Cir.1978)*). On appeal, the district court's *Rule 609(a)(1)* determinations are reviewed for abuse of discretion. *United States v. Meyers, 952 F.2d 914, 916 (6th Cir.1992)* (citing *Moore, 917 F.2d at 234)*).

*Rule 801(d)(2)(E)* provides a hearsay exception when the statement is made by a co-conspirator of a party during the course and in furtherance of the conspiracy. Only if the government establishes by a preponderance of the evidence that (1) the conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) that the student was made during the course of an in furtherance of the conspiracy. *United States v. Warman, 578 F.3d 320, 328 (6th Cir. 2009)*; *United States v. Conrad, 507 F.3d 424, 429 (6th Cir. 2007)*; *United States v. Gessa, 971 F.2d 1257, 1261 (6th Cir. 1992) (en banc)*. A statement is in furtherance of a conspiracy if it is intended to promote the objectives of the conspiracy. *United States v. Clark, 18 F.3d 1337, 1342 (6th Cir. 1994)* "[I]dle chatter or casual conversation about past events", "merely narrative declarations" is not considered a statement "in furtherance of the conspiracy." *United States v. Darwich, 337 F.3d 645, 657 (6th Cir. 2003)* (statement by nephews of the defendant that they had bagged marijuana the previous night was "simply casual conversation" about the illegal nature of the work and did not fall within the exception of the rule); *United States v. Tocco, 200 F.3d 401, 419 (6th Cir. 2000)*; *United States v. Johnson, 200 F.3d 529, 533 (7th Cir. 2000)* (narrative

-9-

discussions of past events were not statements made in furtherance of the conspiracy); *United States v. Mitchell, 31 F.3d 628, 632 (9th Cir. 1994)* (holding that a statement that "simply informs the listener" of the speakers criminal acts does not satisfy the furtherance request).

### A.   THE INADMISSIBLE HEARSAY STATEMENTS.

1.     About five months after the shooting of Dejuan Page, Derrick Kennedy said he had a conversation with Michael Rogers ("Smoke").  According to Kennedy, he was unaware that Corey Bailey was with Billy Arnold during the shooting.  Michael Rogers allegedly told Kennedy that right after Bailey was arrested ("locked up") on another case, the "feds . . . were questioning Bailey about the Page shooting" (*id*., p. 124).  Kennedy asked why the feds were questioning Bailey because he was not there.  Michael Rogers said "his dumb ass was out the window with a red flag when they was pulling off" and that's "why everybody thought Sonny did it" (*id*, p. 127).  This conversation between Kennedy and Michael Rogers is clearly a simple conversation about past events.  There is nothing in the conversation that promotes the objectives of the alleged conspiracy.  At best, it appears that Michael Rogers was disassociating Bailey from the shooting itself.  Additionally, Kennedy testified he was not a SMB member or a co-conspirator.  The statement is inadmissible.

2.      Matleah Scott has said that Devon McClure and Bailey went to a party hosted by the Hustle Boys.  McClure allegedly said he was going to start something.  Scott did not go inside the Club.  After about ten minutes, McClure and Bailey returned to the car.  McClure was bleeding from the head and allegedly said "Neff hit him with a Patron bottle" (Tr. 02/08/2018, p. 20-21).  They were going to go to the hospital, but that plan changed.  McClure then allegedly told Arnold, Jig and Nice about what had happened.  With the exception of Jig, no one responded to what McClure said.  Jig was mad and yelled at McClure for going to the party (*id*., p. 22-23).

Scott was not a witness to the alleged incident.  McClure's alleged statement to her that Neff hit him in the head with a bottle, was reiteration of what happened.  McClure's statement to her and others did not further the alleged conspiracy or promote any objectives, other than a purely theoretical and speculative manner.  The overwhelming evidence is that the shooting of Page by Arnold involved a personal vendetta between Arnold and the Davis twins where Page was accidentally shot.

**B.      THE SKS ASSAULT RIFLE FOUND IN A VAN ON JULY 22, 2014.**

Without *any* evidence linking Bailey to a SKS assault rifle found in a van parked in the rear of 15621 Novara, the government intends to introduce it as evidence against Bailey.  The van belonged to the owners of the house and in a subsequent

prosecution by federal authorities, Bailey was not charged with possessing that weapon.  No one will testify that Bailey directly or constructively possessed the weapon.

### C.   VIOLATION OF BAILEY'S FIFTH AMENDMENT RIGHT TO REMAIN SILENT AND NOT TESTIFY AT TRIAL.

It is undisputable that the government is prohibited from eliciting, using or commenting in anyway on a defendant's exercise of his right to remain silent.  *Griffin v. California, 380 U.S. 609 (1965)*; *Bowling v. Parker, 344 F.3d 487, 514 (6th Cir. 2003)*; *Raper v. Mintzes, 706 F.2d 161, 164 (6th Cir. 1983)*.  The government intends to play a rap video titled, OG Handiwork Jig Ft., Cocaine Johnny.  In the video Bailey raps:

> I beat a murder.  Ain't nobody seen it but they heard it.
> Not guilty was the damn verdict.
> I kept silent.
> It was well worth it.

Bailey was tried in state court and acquitted of the Calloway homicide.  Bailey did not testify at his trial.  Use of the phrase, "I kept silent.  It was well worth it" implicates Bailey's Fifth Amendment right.  The use of that statement in this trial violates his constitutional rights.  Additionally, the jury will not know what murder Bailey is speaking of, may well assume he "got away" with a different murder than charged in this case.  As such, the statement would be unfairly prejudicial.

-12-

### D.   THE USE OF ALIASES IS INADMISSIBLE, UNLESS USED TO ATTACK BAILEY'S CREDIBILITY.

The use of aliases is admissible in evidence only if it is necessary to identify the defendant and connect him to the acts charged.  *United States v. Williams 158 Fed. Appx. 651, 654-55 (6th cir. 2005)*; *United States v. Emuegbunam, 268 F.3d 377, 394 (6th Cir. 2001)*; *United States v. Wilkerson, 456 F.2d 57, 59 (6th Cir. 1972)*.  The use of aliases by the government suggests an improper character attack.  *Williams, 158 Fed. Appx. at 655*.

On two separate occasions, Bailey used the alias Eric Brown and Wayne Pruitt when arrested in Charleston, West Virginia.  In both instances law enforcement was able to identify Bailey as the person.  There is no issue that Bailey is the person who used the aliases.  When Bailey was arrested on November 6, 2009, there was an outstanding warrant for the homicide (Appendix, Exhibits A, B, C).  The charges were subsequently dismissed based upon his extradition back to Michigan (Appendix, Exhibit C).  If Bailey testifies, the government may use the aliases to attack his credibility.   Otherwise, the use of this evidence is unduly prejudicial and inadmissible.[1]

---

[1]At an evidentiary hearing, Bailey testified he was in possession of the drugs and will not contest his possession at trial.

## E.     BAILEY'S PRIOR CONVICTIONS ARE INADMISSIBLE.

A prior conviction is admissible *only* for impeachment if a defendant testifies and the requirements of *F.R.E. 609* is met.   Initially, convictions are subject to exclusion under the time limitations of subsection (b) when more than 10 years has elapsed since conviction or release from confinement.   There are no exceptional circumstances that would allow for the admission of convictions over ten years old in the present case. Additionally, none of the convictions involve dishonesty or false statement.  There are no specific facts and circumstances of any of the convictions that constitute probative value regarding credibility, that are not substantially outweighed by prejudicial effect.  In short, none of the convictions are admissible for impeachment purposes.  The admission of the convictions would deprive Defendant Bailey of his right to testify on his own behalf and to present his defense.

1.     <u>Convictions More than 10 Years Old</u>.  Convictions over ten years old are presumptively inadmissible, but may be admitted only in "very rarely and in exceptional circumstances." *F.R.E. 609(b)*.

2.     <u>Crimes of Dishonesty and Theft</u>. *Rule 609(a)(2)*, provides:

(2)     Evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

-14-

Any prior conviction, regardless if it is for a felony or misdemeanor, are admissible under this section of the rule and the court has no discretion to deny its admissibility. *United States v. Morrow, 977 F.2d 222, 228 (6th Cir. 1992)*; *United States v. Sloman, 909 F.2d 176, 180 (6th Cir. 1990)*. The conviction must be for a crime for which the elements require proof of "an act of dishonesty or false statement," which include perjury, subordination of perjury, false statement, criminal fraud, embezzlement and false pretenses. *F.R.E. 609. Advisory Committee Notes to 2006 Amendments*; *McHenry v. Chadwick, 896 F.2d 184, 188 (6th Cir. 1990)*.

The mandatory provisions of *Rule 609(a)(2)* do not apply to any of Defendant Bailey's prior convictions.

3.     <u>Other Felony Convictions Within 10 Years</u>. Felony convictions, other than those described in *Rule 609(a)(2)*, within 10 years are presumptively admissible against a witness, but admissible against a defendant only if the probative value of admission outweighs its prejudicial effect to the accused. The rule provides:

(1)     Evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.

The obvious risk of unfairness to a defendant is when "the defendant's own convictions are offered as evidence" against him. *F.R.E. 609. Advisory Committee Notes to 1990 Amendments*. Generally speaking, most jurors are more likely to use the prior conviction for the very reason they should be excluded, i.e. as propensity evidence. The normal response to this evidence, notwithstanding a cautionary instruction, is that a convicted criminal is more likely to have committed the crime for which he is on trial for. Few jurors are likely to say that they think the defendant is lying because he was previously convicted. To that extent, there is little probative value on the issues of *credibility* of any of Defendant Bailey's convictions.

Finally, the importance of Defendant's testimony will be crucial to the defense. The government's case is admittedly circumstantial, requiring the jury to interpret and infer certain circumstances.[2] Only Defendant Bailey can provide an alternative interpretation of the events, consistent with his innocence.

This Court should exercise its discretion to exclude all of Defendant's prior convictions.

---

[2]Defendant Bailey has not made any incriminating statement to law enforcement which he intends to disavow, which might place his credibility *vis-a-vis* others into question. In fact, at a recent evidentiary hearing, Bailey testified and admitted to the commission of several of the offenses.

-16-

**F.    OVERT ACTS 71-72, 94, 95, 100 AND 103 ARE ISOLATED INSTANCES, ARE NOT RELEVANT AND CREATE A DANGER OF UNFAIR PREJUDICE.**

The government has merely sifted through Bailey's past alleged criminal activity, inserted them in the Indictment, without any connection to the conspiracy in Count 1.  Each of the incidents are isolated instances without any evidence connecting them to either the SMB or any enterprise.  It appears that the government intends to attempt to create a heap of alleged misconduct by Bailey to show that he is a person of bad character in order to persuade the jury to convict in Count 1.  Any remote probative value the government may conjure up is substantially outweighed by danger of unfair prejudice, confusion of the real issues before the jury and will be a needless waste of time.

## **RELIEF REQUESTED**

**WHEREFORE**, for the foregoing reasons, Defendant requests this Court grant

this Motion in Limine.

<div style="margin-left: 40%">

Respectfully submitted,

s/Craig A. Daly

**CRAIG A. DALY, P.C. (P27539)**
Attorney for Corey Bailey (D-4)
615 Griswold, Suite 820
Detroit, Michigan 48226
Phone:  (313) 963-1455
4bestdefense@sbcglobal.net

/s/ Keith A. Spielfogel

**KEITH A. SPIELFOGEL (Bar No. 2689537)**
Co-Counsel for Corey Bailey (D-4)
190 S. LaSalle St., Suite 520
Chicago, Illinois 60603
Phone: (312) 236-6021
spielfogel@sbcglobal.net

</div>

Dated: May 11, 2018

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**,

      Plaintiff,                       File No. **15-20652**

-vs-

                                       Hon. **George Caram Steeh**

**COREY BAILEY (D-4),**

      Defendant.

## CERTIFICATE OF SERVICE

I, CRAIG A. DALY, P.C., hereby certify that on the **11**[th] day of **May 2018**, I electronically filed **Motion in Limine and Brief in Support** with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **Hon. George C. Steeh, AUSA Christopher Graveline and Attorneys of Record**.

                                  Respectfully submitted,

                                  /s/Craig A. Daly

                                  **CRAIG A. DALY, P.C. (P27539)**
                                  Attorney for Corey Bailey (D-4)
                                  615 Griswold, Suite 820
                                  Detroit, Michigan 48226
                                  Phone: (313) 963-1455
                                  E-Mail: 4bestdefense@sbcglobal.net

Dated: May 11, 2018