UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

D-4 COREY BAILEY,

    Defendant.
_____/

Case No. 15-20652-4

HON. GEORGE CARAM STEEH

## ORDER DENYING DEFENDANT'S MOTIONS IN LIMINE [ECF NO. 993]

This matter is before the court on defendant Corey Bailey's motions in limine. The court heard oral argument on the motions on June 14, 2018. The following is a summary of the evidentiary issues raised by defendant:

1. Rap Video OG Handiwork Jig Ft, Cocaine Sonny – The parties agree that the lyrics "I kept silent, it was well worth it" will be redacted if the video is introduced at trial. In addition, the court held that the lyrics "Not guilty was the damn verdict" are not admissible.

2. Aliases - Defendant moves to prevent the government from introducing evidence that Bailey gave police false names when stopped or arrested in West Virginia on three occasions. Defendant argues that the use of alias statements is not relevant and does not pass Rule 403's

balancing test. Using a fake name to conceal one's true identity from police is proof of consciousness of guilt. *See United States v. Weaver*, 610 Fed. Appx. 539, 542 (6th Cir. 2015). For the reasons further stated on the record, the court denies defendant's motion to exclude alias statements.

    3.    Co-conspirator statements – Defendant seeks to exclude certain statements made by Michael Rogers and Devon McClure and testified to by Derrick Kennedy and Matleah Scott as inadmissible hearsay. The court will employ the protocol established by prior order [ECF Doc. 828] whereby the government must give notice to defendants of co-conspirator statements it will seek to introduce at least one day prior to offering such statements. The court will entertain an oral proffer as to the admissibility of said statements under Fed. R. Evid. 901(d)(2)(E) on the afternoon preceding the trial session in which such statements are anticipated to be offered into evidence. The court will employ the process approved by the Sixth Circuit whereby co-conspirator statements may be conditionally admitted "subject to later demonstration of their admissibility by a preponderance of the evidence." *United States v. Vinson*, 606 F.2d 149, 153 (6th Cir. 1979). Therefore, defendant's motion in limine is denied as premature.

    4.    Prior Convictions - Defendant asks the court to bar admission

of his prior convictions for felon in possession of a firearm (Overt Act 43), possession with intent to deliver less than 50 grams of cocaine (Overt Act 61), and felony possession of a short-barreled shotgun (Overt Act 95). The admission of prior convictions at trial has been upheld by the Sixth Circuit where (1) the court did not instruct the jury that a prior conviction established the predicate act as a matter of law and thereby preclude the defendant from contesting his commission of the act, and (2) the government introduced other evidence to prove the predicate acts. *United States v. Tocco*, 200 F.3d 401, 417-18 (6th Cir. 2000). In this case, the government acknowledges that introducing defendant Bailey's prior convictions into evidence at trial will not automatically prove Bailey's commission of the overt acts in furtherance of the RICO conspiracy, and agrees that it will not do so in its case in chief. Rather, the government will introduce other evidence to establish that Overt Acts 43, 61 and 95 occurred, and that defendant Bailey committed them.

5. Overt Acts and Physical Evidence - Defendant moves the court to exclude evidence of Overt Acts 71-72, 94, 95, 100, and 103, and one of the two seized guns identified in Overt Act 43. Defendant argues that the identified evidence is either irrelevant under Fed. R. Evid. 401, or, even if relevant, the risk of unfair prejudice substantially outweighs its probative

value under Rule 403.  The overriding argument made by defendant is that these overt acts pertain to "isolated instances without any evidence connecting them to either the SMB or any enterprise," and the government is improperly using them as character evidence.

The government responds that it will not seek to admit evidence of Overt Act 103 at trial.  As to the other evidence, the court finds that the motion in limine is premature and it will be in a better position to assess the relevance and admissibility of the particular evidence when it is offered at trial.

For these reasons as well as those stated on the record at oral argument, the government's motions in limine are DENIED.

Dated:  June 18, 2018

                            s/George Caram Steeh
                            GEORGE CARAM STEEH
                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 18, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk