UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                            Case No.  15-20652

vs.                                 HON.  GEORGE CARAM STEEH

D4 COREY BAILEY,

        Defendant.

_____/

OPINION AND ORDER DENYING DEFENDANT
COREY BAILEY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE
AS HEARSAY [ECF 993] AS ARGUED ON AUGUST 20, 2018

On June 14, 2018 the court heard oral argument on defendant Corey

Bailey's motion to exclude certain statements made by Michael Rogers and

Devon McClure, and to be testified to by Derrick Kennedy and Matleah

Scott, as inadmissible hearsay.  [ECF 993].  The court determined it would

employ a process approved by the Sixth Circuit whereby statements

offered as co-conspirator statements are conditionally admitted "subject to

later demonstration of their admissibility by a preponderance of the

evidence."  *United States v. Vinson*, 606 F.2d 149, 153 (6th Cir. 1979);

*United States v. Enright*, 579 F.2d 980 (6th Cir. 1978).

The court explained the protocol established by its prior order [ECF

828] whereby the government was to give notice to defendants of co-

conspirator statements it would seek to introduce at least one day prior to offering such statements.  The court would then entertain an oral proffer as to the admissibility of said statements under FRE 801(d)(2)(E) before the trial session in which such statements were going to be offered.

During the trial, a number of hearsay statements the government offered under the co-conspirator exception were admitted subject to defendants' continuing objection.  The government retained the burden to show by a preponderance of the evidence before the conclusion of their case in chief that: (1) a conspiracy existed, (2) that the defendants against whom the hearsay statement was offered were part of the conspiracy, and (3) that the statement was made during and in furtherance of the conspiracy.  *United States v. Warman*, 578 F.3d 320, 328 (6th Cir. 2009); *United States v. Odum*, No. 15-2280, 2017 WL 6524022, at *6 (6th Cir. Nov. 30, 2017); FRE 801(d)(2)(E).

On August 20, 2018, after the close of evidence, the court heard oral argument on three challenged hearsay statements conditionally admitted at trial under FRE 801(d)(2)(E).  Having heard all of the evidence adduced at trial, the court now addresses whether the government met its burden of proof.

First, the court finds that the government met its burden of proof in

establishing by a preponderance of the evidence that a conspiracy existed. For a full discussion of the evidence the court refers to its Order Denying Defendants' Motion for Judgment of Acquittal. (ECF 1163) The next element that must be satisfied under FRE 801(d)(2)(E) is that the defendants against whom the hearsay statement was offered were part of the conspiracy. The court finds that the government met its burden of proof by a preponderance of the evidence that the five defendants on trial were all part of the indicted conspiracy. Again, for a full discussion of the evidence the court refers to its Order Denying Defendants' Motion for Judgment of Acquittal. (ECF 1163)

The third element is that the statement must have been made during and in furtherance of the conspiracy. A statement is in furtherance of the conspiracy if it is intended to promote the objectives of the conspiracy. *United States v. Clark*, 18 F.3d 1337, 1342 (6th Cir. 1994). The Sixth Circuit has found statements to be in furtherance of a conspiracy "where they identify other coconspirators and their roles [or] apprise other coconspirators of the status of the conspiracy." *Warman*, 578 F.3d at 338; *Clark*, 18 F.3d at 1342. On the contrary, "idle chatter or casual conversation about past events" is not considered a statement "in furtherance of the conspiracy." *United States v. Darwich*, 337 F.3d 645,

657 (6th Cir. 2003).

### 1. Matleah Scott's testimony that Devon McClure said he was going to "start something."

This statement was made by Devon McClure to Matleah Scott and Corey Bailey just prior to McClure and Bailey entering a party hosted by the Hustle Boys at the Erotic City Club.  There was substantial evidence at trial that one of the purposes of the SMB enterprise was to preserve and protect its power and reputation through violence.  McClure's statement of his intention to "start something," made to Bailey, induced and prompted Bailey to come with him into the party to back up his fellow gang member in a fight with rivals.  The statement was made in furtherance of the conspiracy because it "induce[d] continued participation in the conspiracy," *United States v. Kelsor*, 665 F.3d 684, 694 (6th Cir. 2011), and "prompt[ed] a listener to act in a manner that facilitates the carrying out of the conspiracy," *United States v. Jerkins*, 871 F.2d 598, 606 (6th Cir. 1989).

### 2. Matleah Scott's testimony that Devon McClure said Neff hit him in the head with a bottle.

While this statement, which was made by McClure to Scott after exiting the party, is admissible as a co-conspirator statement, it is also appropriately admitted for its truth as an excited utterance.  To satisfy the hearsay exception for an excited utterance under Fed. R. Evid. 803(3),

"[f]irst, there must be an event startling enough to cause nervous excitement; [s]econd, the statement must be made before there is time to contrive or misrepresent; [a]nd, third, the statement must be made while the person is under the stress of the excitement caused by the event." *United States v. Davis*, 577 F.3d 660, 669 (6th Cir. 2009) (quoting *Haggins v. Warden, Fort Pillow State Farm*, 715 F.2d 1050, 1057 (6th Cir. 1983)).

In this case, McClure's statement satisfies all three criteria. Scott testified that McClure made this statement when he returned to the car about 10 minutes after entering the club, with blood running down his face. She explained that McClure was banging on the window of the car because she had locked the doors. Under these circumstances, the statement meets the first and third elements: being assaulted and struck in the head with a bottle sufficiently hard to draw blood is undoubtedly a startling event, and Scott's description of McClure's agitated return to the car minutes later, banging on the door while bleeding, indicates McClure made the statement while under the stress of the excitement caused by the event. McClure's statement also meets the second element because he said it to Scott upon returning to the car outside the club, immediately after the assault and injury occurred and thus before there was time to contrive. Moreover, he had no motive to conceal the identity of his attacker from his girlfriend.

**3. Derrick Kennedy's testimony that Michael Rogers told him that Corey Bailey was in the car with Billy Arnold at the Neff shooting with "his dumb ass out of the window with a red flag when they were pulling off."**

About five months after the shooting of Djuan Page, Derrick Kennedy said he had a conversation with Michael Rogers. According to Kennedy, he was unaware that Bailey was with Arnold during the Page shooting. Michael Rogers allegedly told Kennedy that right after Bailey was arrested on another case, the "feds . . . were questioning Bailey about the Page shooting." Kennedy asked Rogers why the feds were questioning Bailey because he was not there. Rogers said, "his dumb ass was out the window with red flag when they were pulling off" and that is "why everybody thought Sonny did it."

The court finds that Roger's statement to Kennedy, that Bailey was also in the car when Arnold shot Page in July 2014, was in furtherance of the conspiracy because it "identif[ied] other co[-]conspirators and their roles," and "apprise[d] other co[-]conspirators of the status of the conspiracy." *See Warman*, 578 F.3d at 338. Rogers updated Kennedy, who was an SMB member or associate, of a fact Kennedy did not know: that is, that Bailey had a role in shooting at and killing rival gang members.

The evidence at trial established that the July 14, 2014 murder of Page was the spark that ignited a violent gang war between SMB and the

Hustle Boys. This gang war lasted from roughly July 2014 until September 2015 when several SMB members were arrested. During this time period it was important that co-conspirators stay updated on who was doing what, to whom, in order to carry out revenge on rivals and to stay alive themselves. Roger's statement put Kennedy on notice that (1) as an SMB member or associate he could be targeted for revenge, and (2) he could be targeted specifically any time he is with Arnold or Bailey, the actual perpetrators. Kennedy needed to know that Bailey was involved in the shooting of Neff because he was vulnerable to retribution from the rival gang. The statement was in furtherance of the conspiracy because by apprising a co-conspirator of Bailey's role in a past event, Rogers was helping a co-conspirator anticipate responses from their rivals.

The fact that Rogers made the contested statement in December 2014, roughly five months after the July shooting Rogers described, does not bar its qualification as a statement in furtherance of the conspiracy. Factual context shows the ongoing significance of the statement at the time Rogers made it. In the time between the July 14, 2014 shooting and Rogers' December 2014 statement, SMB member Jerome Gooch was shot on November 1, 2014 and SMB member Quincy Graham was shot at on December 18, 2014. This shows that other SMB members were being

targeted during the intervening time period, such that the statement served to keep a co-conspirator abreast of conspirator activities which were impacting SMB members.

For the reasons stated above, defendant Corey Bailey's motion in limine to exclude certain statements as hearsay is DENIED.

IT IS SO ORDERED.

Dated:  September 4, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 4, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk