UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

    Case No. 15-20652
    HON. GEORGE CARAM STEEH

D4 COREY BAILEY,

    Defendant.
_____/

OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL AND JUDGMENT OF ACQUITTAL [ECF NOS. 1202 AND 1216]

From June 5 to August 27, 2018, defendant Corey Bailey was tried by a jury in this court along with co-defendants Eugene Fisher, Robert Brown, Keithon Porter and Arlandis Shy. On August 27, 2018, the jury convicted Bailey of Count One RICO conspiracy, Count Four murder in aid of racketeering, Counts Six, Seven and Eight attempted murder in aid of racketeering, and Count Thirty-Two possession of a firearm in furtherance of a crime of violence. On September 18, 2018, Bailey filed a joinder in the motions for judgment of acquittal and/or for a new trial filed by his co-defendants. On October 9, 2018 he filed a supplemental memorandum wherein he argues that the evidence presented at trial against him was insufficient for a jury to convict him of RICO conspiracy and murder or

attempted murder in aid of racketeering. For the reasons stated below, defendant's motion is DENIED.

The court incorporates its opinion and order denying defendants' motions for judgment of acquittal (ECF No. 1163), which was based on the evidence at the close of the government's case.

## I. Legal Standard

**A. Rule 29 Motion for Judgment of Acquittal**

"In reviewing a claim of insufficient evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Salgado*, 250 F.3d 4338, 446 (6th Cir. 2001) (emphasis in original) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). The Government "must present substantial evidence as to each element of the offense." *Brown v. Davis*, 752 F.2d 1142, 1145 (6th Cir. 1985) (internal citations omitted). "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion. It is evidence affording a substantial basis of fact from which the fact in issue can be reasonably inferred." *United States v. Martin*, 375 F.2d 956, 957 (6th Cir. 1967). "The government may meet its burden through

circumstantial evidence alone, and such evidence need not exclude every possible hypothesis except that of guilt." *Salgado*, 250 F.3d at 446 (citing *United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir. 1995)). The court must "draw all available inferences and resolve all issues of credibility in favor of the jury's verdict." *United States v. Maliszewski,* 161 F.3d 992, 1006 (6th Cir.1998).

**B. Rule 33 Motion for New Trial**

A court may vacate any judgment and grant a new trial "if the interest of justice so requires." Court have granted a new trial where "(i) the jury verdict was against the manifest weight of the evidence or (ii) substantial legal errors or omissions occurred." *United States v. Munoz*, 605 F.3d 359, 373-74 (6th Cir. 2010). The standard of review is broader under Rule 33 than it is for a motion for acquittal under Rule 29. That is, a verdict may be against the great weight of the evidence to support a new trial, but still be substantial enough to permit reasonable jurors to draw an inference of guilt. *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988) (citing *United States v. Turner*, 490 F.Supp. 583, 593 (E.D. Mich. 1979)).

## II. Discussion

Defendant Bailey argues that there was insufficient evidence for a jury to find that SMB was a racketeering enterprise and that Bailey was

associated with such enterprise.  Bailey contends that at most the evidence supports a drug conspiracy among certain individuals who identified themselves as SMB, but does not support a RICO enterprise.  At the conclusion of the government's case-in-chief, the court found that the government presented substantial evidence at trial to support a finding that SMB was a racketeering enterprise for purposes of RICO conspiracy. (ECF No. 1163, pp. 3-10)  To the extent Bailey continues to challenge the jury's verdict on that basis, the court stands by its previous order.

The government also presented substantial evidence for a rational fact finder to conclude that Bailey associated with the racketeering enterprise, agreed to conduct the affairs of SMB, and engaged in a pattern of racketeering activity on behalf of SMB.  This includes witness testimony from Johnnie Jones, Matleah Scott, Anthony Lovejoy and Derrick Kennedy that Bailey was a member of SMB.  (Trial Tr. 6/21/2018, at p. 180; 6/26/2018, at pp. 58, 64; 7/13/2018, at p. 78; 7/24/2018, at p. 64)  There was also evidence of Bailey's multiple tattoos indicating his association with SMB: a five-pointed star, the color red, nicknames of SMB members, and a mask that resembled those worn by SMB leader Billy Arnold.  (Trial Ex. A-L and associated testimony)  Videos that Bailey appeared and rapped in depict SMB's drug-dealing, money-making, and violent activities.  (Trial Ex.

62, 64)  Social media evidence from the Facebook and Instagram accounts of co-defendants establish relationships between Bailey and other SMB members.  (Trail Ex. 43-48, 51, 52, 54, 56)

Witnesses described how Bailey participated in the gang war between SMB and the Hustle Boys, and put Bailey at the scene when rival gang member Djuan Page was shot and killed.  (Trial Tr. 7/24/2018, at pp. 148-50)  Cell tower records corroborated that Bailey's phone utilized cell towers in the same area and during the same time frame as the Page murder.  (Trial Ex. 29, 36)

Finally, there was significant evidence produced from which it could be reasonably concluded that Bailey was involved in the drug dealing that SMB members and associates engaged in.  This included transporting pills to West Virginia.  Bailey was arrested in West Virginia on February 8, 2012 in possession of over $2,000 in US Currency and with Oxymorphone pills concealed in his body cavity.

With regard to the murder and attempted murder counts, the government must prove that the defendant's general purpose in shooting the victim "was to maintain or increase his position in the racketeering enterprise."  *United States v. Thai*, 29 F.3d 785, 817 (2nd Cir. 1994).  Bailey argues that the government was obligated to prove that his involvement in

the shooting on July 14, 2014 was an integral aspect of his membership in the SMB. However, Bailey contends that the evidence established that the shooting was committed by Billy Arnold alone as revenge against the Davis twins for a beef that was between Arnold and the twins.

Bailey focuses on evidence that tends to support his defense. However, as this court discussed in its previous order, after viewing all of the evidence presented in the light most favorable to the government, the court finds that substantial evidence was presented at trial for a rational fact finder to find all of the necessary elements of murder and attempted murder in aid of racketeering. (ECF No. 1163, pp. 17-19)

The jury's verdict was supported by substantial evidence and is not against the manifest weight of the evidence.

### III. Conclusion

For the reasons stated above, defendant Bailey's motion for judgment of acquittal and/or for new trial is DENIED.

IT IS SO ORDERED.

Dated: January 8, 2019

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 8, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk