UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

THE UNITED STATES OF AMERICA,

        Plaintiff,        Case No.: 15-cr-20652-04

v.        HON. GEORGE CARAM STEEH
        United States District Judge

D4-COREY BAILEY,

        Defendant.

---

## GOVERNMENT'S SENTENCING MEMORANDUM

Corey Bailey was a leader of the violent street gang the Seven Mile Bloods (SMB). Bailey personally participated in gang violence including murder, attempted murder, and assault. He also distributed drugs with his SMB associates and illegally possessed firearms. For the reasons discussed below, the government requests that the Court sentence Bailey to life imprisonment.

## FACTS

**Counts of Conviction**

The jury found Bailey guilty of RICO conspiracy-with the sentence enhancements (Count One), Murder in Aid of Racketeering (Count Four), three counts of Attempted Murder in Aid of Racketeering (Counts Six-Eight), and Possession of a Firearm in Furtherance of a Crime of Violence (Count Thirty-Two)

(R. 1170: Verdict Form). Count 32 was subsequently dismissed upon a motion by the government. (R. 1465: Order).

**Factual Background**

*1) Enterprise Evidence*

Bailey was more than just a member of SMB; he was one of its founders and leaders. (Tr. June 26, Pg.58, ln. 16-19 (claims SMB); Pg.64, ln. 2-11 (founded SMB)). In a text message from SMB leader Billy Arnold's phone, Bailey's nickname "Sonny" is stated as standing for the "S" in "SMB." (Tr. July 24, Pg.15, ln. 17-21 (Devon McClure's sister to Billy Arnold, "S-Sonny, M-Messiah, B-Bman.")). Bailey was literally a human advertisement for SMB. Photos presented at trial showed Bailey with multiple SMB gang tattoos:



*Trial Ex. 7G, Corey Bailey abdomen admitted on June 20, 2018, showing the violent nicknames of fellow SMB members including "Killa B-Man," "Meech Da Monsta," and "Hob Da Assassin"*



*Trial Ex.7D, Corey Bailey with five-pointed star on his face.*

*See also* Trial Ex. 7A-C and E-L (Tattoo Photographs – Corey Bailey).

Rivals even acknowledged Bailey's importance in the gang:



*Portion of Trial Ex. 41, (Instagram Hit List) containing a post that was made four days after Devon McClure was murdered. The post consists of a photo of Bailey with a message to all the other victims that the bloodshed is Bailey's fault.*

*See also* Trial Ex. 41 (Instagram records Hit List #1).

Bailey and his associates flaunted the violence of SMB and taunted their rivals. They made SMB's territory, the "Red Zone," into a war zone, placing the community on the east side of Detroit in danger and in fear.




*Photo of Bailey standing outside of a vacant house covered with SMB graffiti making hand motions of trigger pulling*

*SMB members Derrick Kennedy, Donell Hendrix, Devon McClure, Eugene Fisher and Bailey displaying gang signs.*

*See also* Trial Ex. 11 (Cell Phone Extraction Report Corey Bailey's Cell phone recovered 7/22/14).



*Portion of Bailey and Devon McClure titled "Damn I miss my dawgs #longliveBLOCK n Free CocaineSONNY..... #55 It's not a gang it's a family".*



*Bailey, Quincy Graham, Billy Arnold, and Michael Rodgers. Caption "7 Mile Bloodz".*



*Bailey, Robert Brown and Arlandis Shy displaying gang signs*

Bailey appeared in videos that discuss and depict SMB's drug-dealing, money-making, and violent activities, which were uploaded on the internet for the

community to see. Trial Ex. 62 (Cocaine Sonny Ft Berenzo & Block – Murda), Trial Ex. 64 (4shoMagcom Presents – 55 Dubb). Bailey described himself as a murderer, saying they call him "C Murda." *Id.* And, in one video which was not played at trial, Bailey even brags about beating a murder conviction, an obvious reference to Bailey's acquittal in Wayne County where he was charged with first degree murder for the October 21, 2009 shooting death of Ronald Calloway. (Hardwork Jig ft. Cocaine Sonny – OG, youtube.com).

### 2) *Gang Violence*

Bailey did not just talk-the-talk; he backed up his bravado. Indeed, Bailey was one of the catalysts of the SMB gang war. On July 14, 2014, Djuan Page was shot and killed and Michael Davis was seriously injured while driving in a car with Martaze Davis and Corey Crawford. Page and the Davis brothers were all members of Hustle Boyz, a long-standing rival gang. The shooting was perpetrated by SMB—both Billy Arnold and Corey Bailey were in the vehicle that shot at their rival gang members.

A few weeks prior to Page's murder, Bailey and Devon McClure went to a Hustle Boyz party to start trouble, and McClure ended up getting hit with a bottle. (Tr., July 24, Pg.133-37; Tr., July 25, Pg.12; Tr., July 13, Pg.81-86 ). As a result of the assault, Bailey and McClure summoned their fellow gang members, Arnold and Derrick Kennedy, to assist that night after McClure was injured at the party.

*Id.* No one else was injured that night, however, the SMB/Hustle Boyz feud did not cease after the encounter at the party; rather, it culminated in a gang war that left several gang members on both sides dead or seriously injured. The feud also resulted in several innocent civilians being shot.

During his interview with law enforcement a week after the Page shooting Bailey admitted that the Hustle Boyz were SMB's rivals:

> *Bailey: It's beefing going on with niggas in my camp and other niggas. I can tear them niggas down right now.*
>
> *Officer: Who's the other group? Who's the beef with?*
>
> *Bailey: The same bums, you know what Im sayin? I- like all type of shit going on.*
>
> *\*\*\*\*\*\*\**
>
> *Officer: Why do you all have beef with them?*
>
> *Bailey: I mean the beef started with them way back in the day. You know what I'm sayin? Uh- right now it's really like basically off like old beef man. You know what I'm sayin? They home boy, one of my lil home boys killed they one of they main guys my lil home boys killed they one of they main guys.*

Trial Ex. 344D-G. (Clips of Corey Bailey Interview).

On July 14, 2014, Arnold and the Hustle Boy Twins, Michael and Martez Davis, had overlapping appointments at the Lawton parole office. Trial Ex. 328 (Michigan Department of Corrections – Keiva Madison Report); Trial Ex. 329 (Michigan Department of Corrections – Charles Wright Report for Michael Davis – July 14, 2014); Trial Ex. 330-330A (Michigan Department of Corrections –

Charles Wright Reports for Martez Davis – July 14, 2014). Given their ongoing feud, this was an explosive situation. While in the area of the parole office, Arnold contacted several SMB members, including Bailey. Trial Ex. 36 (CAST report prepared by Special Agent Joseph R. Jensen).

As a result of Arnold's call, Bailey drove approximately 20 miles to the area of the parole office where he met up with Arnold. *Id.* More specifically, cell phone and cell tower records show both Arnold's phone and Bailey's phone traveling to meet around the time of the Page homicide. Trial Ex. 29 (313-784-6729 – Corey Bailey's phone records (CDR)); Trial Ex. 36 (CAST report prepared by Special Agent Joseph R. Jensen).

It is no surprise that Bailey would come to assist Arnold. Bailey himself explained that he and Arnold were close: "*I ain't gonna lie, B-Man, that's my partner man.*" Trial Ex. 344F (Clip of Corey Bailey Interview). When he arrived to assist Arnold, Bailey did not just sit back in the car while Arnold carried out the shooting. Instead, Bailey hung out the window waving a red bandana, an SMB symbol. (Tr., July 24, Pg.148-150 (Kennedy explaining how Michael Rogers, Bailey's brother, told Kennedy about Bailey waving the red bandana at the time of the Page homicide).

In addition to participating in the murder of Page, Bailey assaulted and threatened violence against Red Zone resident Johnnie Jones on multiple

occasions, including directing a group to beat Jones in front of his house, and threatening him in front of his daughter. (Tr., June 22, Pg.27-29 (Jones discussing fight in front of his home)); (*id.* Pg. 31 (Jones describing how Bailey threatened Jones at a store in front of his daughter saying "Murder bitch" and "I should have my boy beat your ass")); (*id.* Pg.64, ln. 8-12 (Jones explaining that Bailey stated he had a weapon)). Jones even witnessed Bailey inflict violence on other neighbors. (Tr. June 22, Pg.41 (Jones describing seeing Bailey and approximately three others attack his neighbor and heard gunshots)); (*id.* Pg.44 (Jones describing seeing Bailey and other SMB members fighting outside Jones' home)). Bailey and SMB targeted and tormented Jones because he refused to let the gang control and threaten him and his family.

### *3) Firearms and Drug Dealing*

Along with the violence, Bailey possessed firearms and engaged in drug dealing with his SMB associates. For example, on July 22, 2014, Bailey hid a loaded .40 caliber handgun in the backyard of a house on Novara Street in Detroit. (Tr. July 10, Pg.92-95). While searching the backyard, officers also recovered a loaded SKS rifle with a 30 round magazine sticking out of a vehicle. Trial Ex. 338, 342-43. (Tr. July 10, Pg.90-92).

Bailey also was part of the SMB contingent transporting pills to West Virginia for distribution on a regular basis over a substantial period. For example,

on February 8, 2012, Bailey was arrested at an apartment in Cross Lanes, West Virginia. At the time of his arrest, Bailey was in possession of over $2,000 and a bag of Oxymorphone pills that he had inserted in his rectum in an effort to avoid detection by law enforcement. Following his arrest, Bailey lamented to the officers that his arrest interfered with his plan to take "a 10 stack back to Detroit." (Tr. June 28, Pg.49-51, 65-69).

## GUIDELINE RANGE

### Count 1: RICO Conspiracy

The sentencing guideline for RICO conspiracy is found at § 2E1.1(a), which directs the Court to the greater of either 1) level 19, or 2) the offense level applicable to the underlying racketeering activity. Here, the underlying racketeering activity in Bailey was involved, or was reasonably foreseeable to him, included: 1) the murder of Djuan Page, 2) the attempted murder of Michael Davis, 3) the attempted murder of Martez Davis, 4) the attempted murder of Corey Crawford, and 5) the distribution of controlled substances.

*1) The Murder of Djuan Page*

The base level offense for the first degree murder of Djuan Page is 43. U.S.S.G. § 2A1.1(a).

### *2) The Attempted Murder of Michael Davis*

The base level offense for the attempted murder of Michael Davis is 33 because the object of the offense would have constituted first degree murder. U.S.S.G. § 2A2.1(a)(1). Further, four points are added because Michael Davis suffered a gunshot wound to the chest, which constitutes life-threatening injury. U.S.S.G. § 2A2.2(b)(1)(A). "Life-threatening injury" is defined as "injury involving a substantial risk of death." U.S.S.G. § 1B1.1, App. Note 1(K). The total offense level for the attempted murder of Michael Davis is therefore 37.

### *3) The Attempted Murder of Martez Davis*

The base level offense for the attempted murder of Martez Davis is 33 because the object of the offense would have constituted first degree murder. U.S.S.G. § 2A2.1(a)(1). Since there are no special offense characteristics, the total offense level is 33.

### *4) The Attempted Murder of Corey Crawford*

The base level offense for the attempted murder of Corey Crawford is 33 because the object of the offense would have constituted first degree murder. U.S.S.G. § 2A2.1(a)(1). Since there are no special offense characteristics, the total offense level is 33.

*5) Distribution of Controlled Substances*

The base level offense for the distribution of controlled substances is 19 because the total drug distribution by defendant would not result in an offense level higher than 19. § 2E1.1(a)(1).

**Count 4: Murder of Djuan Page in Aid of Racketeering**

The sentencing guideline for Violent Crimes in Aid of Racketeering is found at § 2E1.3(a), which directs the Court to the greater of either 1) level 12, or 2) the offense level applicable to the underlying crime. Here, the underlying crime is first degree murder. Therefore, the base level offense is level 43. U.S.S.G. § 2A1.1(a). Additionally, by statute, Count 4 carries a sentence of mandatory life. 18 U.S.C. § 1959(a)(1).

**Count 6: Attempted Murder of Michael Davis in Aid of Racketeering**

The sentencing guideline for Violent Crimes in Aid of Racketeering is found at § 2E1.3(a), which directs the Court to the greater of either 1) level 12, or 2) the offense level applicable to the underlying crime or racketeering activity. Here, the underlying crime is the attempted murder of Michael Davis. Because the object of the offense would have constituted first degree murder, the base level offense is 33. U.S.S.G. § 2A2.1(a)(1). Further, four points are added because Michael Davis suffered a gunshot wound to the chest, which constitutes life-threatening injury.

U.S.S.G. § 2A2.2(b)(1)(A). The total offense level for the conviction of Attempted Murder of Michael Davis in Aid of Racketeering is therefore 37.

### Count 7: Attempted Murder of Martez Davis in Aid of Racketeering

The sentencing guideline for Violent Crime in Aid of Racketeering is found at § 2E1.3(a), which directs the Court to the greater of either 1) level 12, or 2) the offense level applicable to the underlying crime or racketeering activity. Here, the underlying crime is the attempted murder of Martez Davis. Because the object of the offense would have constituted first degree murder, the base level offense is 33. U.S.S.G. § 2A2.1(a)(1).

### Count 8: Attempted Murder of Corey Crawford in Aid of Racketeering

The sentencing guideline for Violent Crime in Aid of Racketeering is found at § 2E1.3(a), which directs the Court to the greater of either 1) level 12, or 2) the offense level applicable to the underlying crime or racketeering activity. Here, the underlying crime is the attempted murder of Corey Crawford. Because the object of the offense would have constituted first degree murder, the base level offense is 33. U.S.S.G. § 2A2.1(a)(1).

### Grouping / Multiple Count Adjustment

The following events are grouped under U.S.S.G. § 3D1.2(a) as they involve the same victim and the same act or transaction:

- The murder of Djuan Page supporting the RICO Conspiracy conviction in Count One and the VICAR conviction in Count 4;
- The attempted murder of Michael Davis supporting the RICO Conspiracy conviction in Count One and the VICAR conviction in Count 5;
- The attempted murder of Martez Davis supporting the RICO Conspiracy conviction in Count One and the VICAR conviction in Count 6;
- The attempted murder of Corey Crawford supporting the RICO Conspiracy conviction in Count One and the VICAR conviction in Count 7.

Under U.S.S.G. § 3D1.4, the multiple count adjustment is as follows:

| Count # / RA | | Adjusted Offense Level | Units |
|---|---|---|---|
| 1(a) / 4 | Djuan Page murder | 43 | 1.0 |
| 1(b) / 6 | Michael Davis attempt murder | 37 | 0.5 |
| 1(c) / 7 | Martez Davis attempt murder | 33 | 0.0 |
| 1(d) / 8 | Corey Crawford attempt murder | 33 | 0.0 |
| 1(e) | Drug distribution | 19 | 0.0 |

As outlined above, the total number of Units is 1.5, which would increase the offense level by 1. Thus, the combined adjusted offense level is 44. However, the Guidelines restrict the maximum offense level to 43. Therefore, total offense level is 43.

Bailey's criminal history category is a Category VI.

With an offense level of 43 and a Criminal History Category of VI, the sentencing guideline range is Life.

## **SECTION 3553(a) FACTORS**

Through 18 U.S.C. § 3553(a) Congress has provided the relevant objectives and factors to be considered by sentencing courts in imposing a "sentence sufficient, but not greater than necessary." Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution.

### *1) The nature and circumstances of the offenses, and the history and characteristics of the defendant*

The nature and circumstances of the offense, and Bailey's history and characteristics, warrant a sentence of life imprisonment.

As discussed above, the predicate acts that led to his convictions involved Bailey, as a leader of SMB, engaging in acts of violence, including murder, and engaging in drug dealing throughout the Redzone and West Virginia. Bailey and his SMB associates literally took over blocks in Redzone neighborhoods to further their drug dealing operation. As a result, law-abiding residents in those

neighborhoods, like Johnnie Jones, became prisoners in their own homes, trying to avoid being collateral damage in SMB's criminal enterprise.

Bailey's criminal activities extend well beyond the underlying racketeering acts that form the basis of the sentencing guideline range. Indeed, his history and characteristics further demonstrate that he is an extreme danger to the community. Bailey's criminal record is abysmal. He has felony convictions for possessing a short-barreled shotgun, felony firearm, possession of a controlled substance, and attempt delivery of a controlled substance. He has violated previous terms of probation and parole and has committed criminal offenses while under court supervision. In 2010, Bailey was acquitted by a jury of first degree murder. He was charged with numerous other offenses that were dismissed, and he has an active bench warrant out of West Virginia for possession with intent to deliver a controlled substance. Based on his history of drug dealing, not surprisingly Bailey has never held a legitimate job admitting to probation that he supported himself by "hustling and selling weed." (PSR ¶ 134, Pg. 26-27).

> ### 2) *The need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, protection of the public, and rehabilitation)*

A life sentence is necessary to achieve the essential goals of sentencing. A sentence of life emphasizes the magnitude of the offense, and it will provide a just punishment. The sentence will also offer general deterrence, which is particularly

important in this case. A life sentence will send a clear message to other SMB gang members who were not prosecuted, and to gang members in general, that this type of activity will lead to substantial incarceration. During his period of incarceration, the BOP will provide Bailey with the needed educational and vocational training. Most importantly, however, a life sentence will ensure that the public is protected from Bailey's dangerous and deadly behavior.

### 3) *The kinds of sentences legally available*

The Court may sentence Bailey to a term of incarceration on Count One of up to life. Count Four carries a mandatory minimum sentence of life imprisonment. Counts Six, Seven, and Eight carry a statutory maximum of up to 120 months. To achieve the goals of sentencing, the Court should sentence Bailey to the maximum sentence allowed for each count of conviction.

### 4 &5) *The Sentencing Guidelines and policy statements*

As mentioned, the sentencing guideline in this case is Life. Further, application Note 2(A) in § 2A1.1 of the Guidelines states that "[i]n the case of premeditated killing, life imprisonment is the appropriate sentence if a sentence of death is not imposed."

> ***6) The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct***

The Court's sentence must avoid unwarranted disparities among similarly situated defendants. A sentence of life will avoid unwarranted disparities among defendants with similar records who have been sentenced for similar offenses.

## CONCLUSION

The Government requests that the Court sentence Corey Bailey as follows:

| | |
|---|---|
| Count One: RICO Conspiracy | Life |
| Count Four: Murder in Aid of Racketeering | Life (mandatory) |
| Count Six: Attempted Murder in Aid of Racketeering | 120 months |
| Count Seven: Attempted Murder in Aid of Racketeering | 120 months |
| Count Eight: Attempted Murder in Aid of Racketeering | 120 months |

The sentences on each count should run concurrent with each other.

Respectfully submitted,

MATTHEW J. SCHNEIDER
UNITED STATES ATTORNEY

s/ A. Tare Wigod
A. TARE WIGOD
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9191
tare.wigod@usdoj.gov
P58479

s/ Mark Bilkovic
MARK S. BILKOVIC
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9623
mark.bilkovic@usdoj.gov
P48855

Date: August 16, 2019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

>*s/ Mark S. Bilkovic*
>MARK S. BILKOVIC
>Assistant United States Attorney
>211 W. Fort St., Suite 2001
>Detroit, Michigan 48226
>Phone: (313) 226-9623
>mark.bilkovic@usdoj.gov
>P48855