1

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                         SOUTHERN DIVISION

 3

 4   UNITED STATES OF AMERICA,

 5               Government,
                                    HONORABLE GEORGE CARAM STEEH
 6        v.
                                    No. 15-20652
 7   D-3 EUGENE FISHER,
     D-4 COREY BAILEY,
 8   D-6 ROBERT BROWN,
     D-13 ARLANDIS SHY,
 9   D-19 KEITHON PORTER,

10               Defendants.
     _____/
11
                             JURY TRIAL
12
                     Thursday, August 16, 2018
13
                          -    -    -
14
     APPEARANCES:
15
     For the Government:          JULIE FINOCCHIARO, ESQ.
16                                JUSTIN WECHSLER, ESQ.
                                  TARE WIGOD, ESQ.
17                                MARK BILKOVIC,ESQ.
                                  Assistant U.S. Attorneys
18

19   For the Defendants:         HENRY M. SCHARG, ESQ.
                                  On behalf of Eugene Fisher
20
                                  CRAIG DALY, ESQ.
21                                KEITH SPIELFOGEL, ESQ.
                                  On behalf of Corey Bailey
22
                                  JAMES FEINBERG, ESQ.
23                                On behalf of Robert Brown

24
                                  MARK MAGIDSON, ESQ.
25                                JOHN THEIS, ESQ.
                                  On behalf of Arlandis Shy
```

Case 2:15-cr-20652-GCS-DRG ECF No. 1570 PageID.21748 Filed 12/16/19 Page 2 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.15546 Page 2 of 115

2

1                                        STEVEN SCHARG, ESQ.

2                             On behalf of Keithon Porter

3

4                          -    -    -

5

6               *To Obtain Certified Transcript, Contact:*
          *Ronald A. DiBartolomeo, Official Court Reporter*

7          *Theodore Levin United States Courthouse*
        *231 West Lafayette Boulevard, Room 1067*

8              *Detroit, Michigan  48226*
               *(313) 962-1234*

9           *Proceedings recorded by mechanical stenography.*

10      *Transcript produced by computer-aided transcription.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case 2:15-cr-20652-GCS-DRG  ECF No. 1572  PageID.21749  Filed 12/16/19  Page 3 of 115
Case 2:15-cr-20652-GCS-DRG  ECF No. 1208  PageID.16701-18  Filed 12/15/47  Page 3 of 115

3

1                          I  N  D  E  X

2    _____Page

3    Jury charge                                                 4

4

5

6

7

8

9

10

11

12

13

14

15                       E  X  H  B  I  T  S

16

17   Identification_____Offered    Received

18

19                    N       O       N       E

20

21

22

23

24

25

             15-20652; USA v. EUGENE FISHER, ET AL

Case 2:15-cr-20652-GCS-DRG ECF No. 1572, PageID.21758 Filed 12/16/19 Page 4 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.15548 Page 4 of 115

4

| | |
|---|---|
| 1 | Detroit, Michigan |
| 2 | Thursday, August 16, 2018 |
| 3 | At 8:58 a.m. |
| 4 | -    -    - |
| 5 | (Proceedings held with jury.) |
| 6 | |
| 7 | **THE COURT:**  All right, folks.  You can take |
| 8 | your seats. |
| 9 | Good morning, everyone. |
| 10 | **ALL JURORS:**  Good morning. |
| 11 | **THE COURT:**  Okay.  So members of the jury, |
| 12 | now is time for me to instruct you about the law that you |
| 13 | must follow in deciding this case. |
| 14 | I will start by explaining your duties and the |
| 15 | general rules that apply in every criminal case.  Then I |
| 16 | will explain the elements or parts of the crimes that the |
| 17 | defendants are accused of committing, and I will explain |
| 18 | then some rules to you that you must use in evaluating |
| 19 | particular testimony and evidence, and last I will explain |
| 20 | the rules that you must follow during your deliberations |
| 21 | in the jury room, and the possible verdicts that you may |
| 22 | return. |
| 23 | Please listen very carefully to everything that I |
| 24 | say. |
| 25 | You have to main duties as jurors.  The first is |

*15-20652; USA v. EUGENE FISHER, ET AL*

1    to decide what the facts are from the evidence that you

2    saw and heard here in court.  Deciding what facts are is

3    your job, not mine, and nothing I have said or done during

4    the trial was meant to influence your decision about the

5    facts in any way.

6         Your second duty is to take the law that I give to

7    you, apply it to the facts, and decide if the government

8    has proved a defendant guilty beyond a reasonable doubt.

9         It is my job to instruct you about the law, and

10   you are bound by the oath that you took at the beginning

11   of the trial to follow -- I lost my spot -- you're bound

12   by the that you took at the beginning of the trial to

13   follow the instructions that I give you, even if you may

14   personally disagree with them.  This include the

15   instructions that I gave you before and during the trial

16   and these instructions.

17        All of the instructions are important, and you

18   should consider them together as a whole.

19        The lawyers may have talked about the law during

20   the trial, and may talk about the law during their

21   arguments, but if what they say is different from what I

22   say, you must follow what I say.  What I say about the law

23   controls.

24        Perform these duties fairly.  Don't let any bias,

25   sympathy or prejudice that you may feel towards one side

*15-20652; USA v. EUGENE FISHER, ET AL*

1    or the other influence your decision in any way.

2         As you know, each defendant has pleaded not guilty

3    to the crimes charged in the superseding indictment, which

4    I will refer to here and after as the indictment.  The

5    indictment is not any evidence at all of guilt.  It's just

6    a formal way that the government tells a defendant what

7    crimes or crime he is accused of committing.  It does not

8    even raise any suspicion of guilt.

9         Instead, each defendant starts the trial with a

10   clean slate with no evidence against him, and the law

11   presumes that he is innocent.  This presumption of

12   innocence stays with him unless the government presents

13   evidence here in court that overcomes the presumption, and

14   convinces you beyond a reasonable doubt that a particular

15   defendant is guilty.

16        This means that a defendant has no obligation to

17   present any evidence at all, or to prove to you in any way

18   that he is innocent.  It is up to the government to prove

19   that a defendant is guilty, and this burden stays on the

20   government from start to finish.  You must find a

21   defendant not guilty unless the government convinces you

22   beyond a reasonable doubt that that person is guilty.

23        The government must prove every element of the

24   crime charged beyond a reasonable doubt.  Proof beyond a

25   reasonable doubt does not mean proof beyond all possible

1    doubt.  Possible doubts or doubts that are based purely on

2    speculation are not reasonable doubts.

3            A reasonable doubt is a doubt based on reason and

4    common sense.  It may arise from the evidence, from the

5    lack of evidence or from the nature of the evident.  Proof

6    beyond a reasonable doubt means proof that is so

7    convincing, that you would not hesitate to rely and act on

8    it in making the most important decisions in your on

9    lives.

10           If you are convinced that the government has

11   proved a particular defendant guilty beyond a reasonable

12   doubt, say so by returning a guilty verdict.  If you are

13   not convinced, say so by returning a not guilty verdict.

14           You must make your decision based only on the

15   evidence that you saw and heard here in court.  Don't let

16   rumors, suspicions, or anything that you may have seen or

17   heard outside the court influence your decision in any

18   way.

19           The evidence in this case includes only what the

20   witnesses said while they were testifying under oath, the

21   exhibits that were allowed into evidence, the

22   stipulations -- and the stipulations that the lawyers

23   agreed to.

24           Nothing else is evidence.  The lawyers' statements

25   and arguments are not evidence.  Their questions and

*15-20652; USA v. EUGENE FISHER, ET AL*

1  objections are not evidence.  My legal rulings are not

2  evidence, and my comments and questions are not evidence.

3  During the trial if -- During the trial I did not

4  let you hear the answers to some of the questions that

5  lawyers asked.  I also ruled that you could not see some

6  of the exhibits that the lawyers wanted you to see, and

7  sometimes I ordered you to disregard things that saw or

8  heard, or that I struck things from the record.

9  You must completely ignore all of these things.

10  Do not even think about them.  Don't speculate about what

11  a witness might have said or what an exhibit might have

12  shown.  These things are not evidence, and you are bound

13  by your oath not allow them to influence your decision in

14  any way.

15  Make your decision based only on the evidence that

16  I have defined here and nothing else.

17  You should use your own common sense in weighing

18  the evidence.  Consider the evidence in light of your

19  everyday experience with people and events, and give it

20  whatever weight you believe it deserves.  If your

21  experience tells you that certain evidence leads you to a

22  conclusion, you are free to reach that conclusion.

23  Now some you may have heard of the terms like

24  "direct evidence" and "circumstantial evidence."

25  Direct evidence is simply evidence like the

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1570, PageID.21755 Filed 12/16/19 Page 9 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 PageID.16701 Filed 03/15/18 Page 9 of 115

9

1    testimony of an eyewitness, which if you believe it,

2    directly proves a fact.  If a witness testified that he

3    saw it raining outside and you believed him, that would be

4    direct evidence that it was raining.

5         Circumstantial evidence is simply a chain of

6    circumstances that indirectly proves a fact.  If someone

7    walked into the courtroom wearing a raincoat covered with

8    drops of water and carrying a wet umbrella, that would be

9    circumstantial evidence from which you could conclude that

10   it was raining outside.

11        It is your job to decide how much weight to give

12   the direct and the circumstantial evidence in this case.

13   The law makes no distinction between the weight that you

14   should give to either one, or says that one is any better

15   evidence than the other.

16        You should consider all the evidence, both direct

17   and circumstantial, and then give it whatever weight you

18   believe it deserves.

19        Another part of your job as jurors is to decide

20   how credible or believable each witness was.  This is your

21   job and not mine.  It's up to you decide if a witness'

22   testimony was believable, and how much weight you think it

23   deserves.  You are free to believe everything that a

24   witness said or only part of it or none of it at all, but

25   you should act reasonably and carefully in making these

                15-20652; USA v. EUGENE FISHER, ET AL

Case 2:15-cr-20652-GCS-DRG ECF No. 1520 PageID.21766 Filed 12/19/19 Page 10 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/05/18 PageID.9354 Page 10 of 115

10

1    decisions.

2         Let me suggest some things for you to consider in

3    evaluating each witness' testimony:

4         Ask yourself if the witness was able to clearly

5    see or hear the events.  Sometimes even an honest witness

6    may not have been able to see or hear what was happening,

7    and may make a mistake.

8         Ask yourself how good the witness' memory seemed

9    to be.  Did the witness seem able to accurately remember

10   what happened?

11        Ask yourself if there was anything else going on

12   that might have interfered with the witness' ability to

13   perceive or remember the events.

14        Ask yourself how the witness acted while

15   testifying.  Did the witness appear honest or did the

16   witness appear to be lying?

17        Ask yourself if the witness had any relationship

18   to the government or the defendants, or anything to gain

19   or lose from the case that might influence that witness'

20   testimony.

21        Consider yourself -- or ask yourself if the

22   witness had any bias or prejudice or reason for testifying

23   that might cause the witness to lie or to slant the

24   testimony in favor of one side or the other.

25        Ask yourself if the witness testified

*15-20652; USA v. EUGENE FISHER, ET AL*

1    inconsistently while on the witness stand, or if the

2    witness said or did something or failed to say or do

3    something that at any other time would be inconsistent

4    with what the witness said while testifying.

5         If you believe that the witness was inconsistent,

6    ask yourself if this makes the witness' testimony less

7    believable.  Sometimes it may.  Other times it may not.

8    Consider whether the inconsistency was about something

9    important or about some unimportant detail.

10        Ask yourself if it seemed like an innocent mistake

11   or if seemed deliberate.

12        And ask yourself how believable the witness'

13   testimony was in light of all of the other evidence in the

14   case.  Was the witness' testimony supported or

15   contradicted by other evidence that you did find

16   believable?  If you believe that a witness' testimony was

17   contradicted by other evidence, remember that people

18   sometimes forget things that even two honest people who

19   witnessed the same event may not describe it exactly the

20   same way.

21        These are only some of the things that you may

22   consider in deciding how believable each witness was.  You

23   may also consider other things that you think shed some

24   light on the witness' believability.

25        Use your own common sense and your everyday

15-20652; USA v. EUGENE FISHER, ET AL

Case 2:15-cr-20652-GCS-DRG ECF No. 1720 PageID.21758 Filed 12/19/19 Page 12 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/05/18 PageID.13556 Page 12 of 115

12

1    experience in dealing with other people, and then decide

2    what testimony you believe, and how much weight you think

3    it deserves.

4          One more point about witnesses.  Sometimes jurors

5    wonder if the number of witnesses who testified makes any

6    different.  Don't make any decisions based only on the

7    number of witnesses who testified.  What's more important

8    is how believable the witnesses were, and how much weight

9    you think their testimony deserves.  Concentrate on that

10   and not on the numbers.

11         There is one more general subject that I would

12   like to talk to you about before I explain the elements of

13   the crimes charged in this case.

14         The lawyers for both sides have objected to some

15   things that were said or done during the trial.  Don't

16   hold that against either side.  The lawyers have a duty to

17   object whenever they think that something is not permitted

18   by the Rules of Evidence.  These rules are designed to

19   make sure both sides get a fair trial.

20         And don't interpret my rulings on their objections

21   as any indication of how I think the case should be

22   decided.  My rulings are based on the Rule of Evidence,

23   and not how I feel about the case.

24         Remember that your decision must be based only on

25   the evidence that you saw and heard here in court.

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG  ECF No. 1520  PageID.21759  Filed 12/19/19  Page 13 of 115
Case 2:15-cr-20652-GCS-DRG  ECF No. 1208  filed 10/05/18  PageID.9957  Page 13 of 115

13

1          That concludes the part of my instructions

2     explaining your duties and the general rules that apply in

3     every criminal case.  In a moment I will explain the

4     elements of the crimes that the defendants are accused of

5     committing, but before I do that, I want to emphasize that

6     a defendant is on trial only for the particular crimes

7     charged in the indictment.  Your job is limited to

8     deciding whether the government has proved the crimes

9     charged.

10          Keep in mind that whether anyone else should be

11    prosecuted or convicted for these crimes is not a matter

12    proper for you to consider.  The possible guilt of others

13    is no defense to a criminal charge.  Your job is to decide

14    if the government has proved a particular defendant guilty

15    of a particular crime that is charged.  Don't let the

16    possible guilt of others influence your decision in any

17    way.

18          The defendants have been charged with different

19    crimes.  I'll explain to you in more detail shortly which

20    defendants have been charged with which crimes, but before

21    I do that, I want to emphasize several things.

22          The number of charges is no evidence of guilt, and

23    this should not influence your decision in any way.  In

24    our system of justice, guilt or innocence is personal and

25    individual.  It is your duty to separate and separately

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1572, PageID.17760 Filed 12/19/19 Page 14 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/07/18 PageID.9358 Page 14 of 115

14

1  consider the evidence against each defendant on each

2  charge, and to return a separate verdict for each of them.

3  For each one, you must decide whether the government has

4  proved -- has presented proof beyond a reasonable doubt

5  that a particular defendant is guilty of a particular

6  charge.

7      Your decision on any one defendant or charge,

8  whether it is guilty or not guilty, should not influence

9  your decision on any of the other defendants or charges.

10      Next, I want to say a word about the dates

11  mentioned in the indictment.

12      In Count 1 and Count 32, the indictment alleges

13  that the charges occurred on a date unknown, but starting

14  no later than the year 2003, and continuing until the date

15  of the last indictment being January 3, 2018.

16      In the remaining counts, the indictment alleges

17  that the charges occurred on or about certain dates.  The

18  government does not have to prove that these crimes

19  happened on or during those exact dates, but the

20  government must prove that the crimes happened reasonably

21  close to those dates.

22      Next, I want to explain something about proving a

23  defendant's state of mind.

24      Ordinarily there's no way that a defendant's state

25  of mind can proved directly because no one can read

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1572, PageID.21761 Filed 12/19/19 Page 15 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/07/18 PageID.9559 Page 15 of 115
115

15

1    another person's mind and tell what that person is

2    thinking, but a defendant's state of mind can be prove

3    indirectly from the surrounding circumstances.  This

4    includes things like what the defendant said, what the

5    defendant did, how the defendant acted, and any other

6    facts or circumstances in which circumstances in evidence

7    that show what was in the defendant's mind.

8         You may also consider the natural and probable

9    results of any acts that the defendant knowingly did or

10    did not do, and whether it is reasonable to conclude that

11    the defendant intended those results.  This, of course, is

12    all for you to decide.

13         Additionally, if a defendant intended to kill one

14    person but instead unintentionally killed or harmed

15    another, the crime is the same as if the first person had

16    actually been killed or harmed.  This is called

17    transferred intent.

18         Although the indictment charges that the statute

19    was violated by acts that are connected by the word "and",

20    and it is sufficient if the evidence establishes a

21    violation of the statute by any one of the acts charged.

22    This, of course, must be prove beyond a reasonable doubt.

23         The defendants are charged with various crimes

24    about which I will instruct you shortly.  Each charge is

25    called a count.  I will refer to each count by the number

*15-20652; USA v. EUGENE FISHER, ET AL*

1  assigned to it in the charging instrument called an

2  indictment, but you will not be furnished with the

3  indictment itself, because an indictment is merely a

4  statement of charges and not itself evidence.  I will

5  summarize the allegations in the indictment for you now.

6      Count 1 charges all the defendants:  Eugene

7  Fisher, Corey Bailey, Robert Brown, II, Arlandis Shy,

8  Keithon Porter with RICO conspiracy.

9      The RICO conspiracy alleges that from the

10  beginning on a date unknown, but starting no later than

11  the year 2003, and continuing to the date of the late

12  indictment, January 3, 2018, the defendants who were

13  alleged members or associates of an enterprise known as

14  the Seven Mile Bloods, conspired and agreed to knowingly

15  and unlawfully participate in the conduct of the affairs

16  of the Seven Mile Bloods through a pattern of racketeering

17  activity, consisting of multiple acts involving first

18  degree murder, attempted murder, conspiracy to commit

19  murder, robbery, distribution of controlled substances,

20  conspiracy to distribute controlled substances, and

21  witness intimidation.

22      The purposes of the Seven Mile Bloods enterprise

23  alleged in the indictment were:

24      A, maximizing profits for enterprise members from

25  a variety of illegal activity.

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1572 PageID.21763 Filed 12/19/19 Page 17 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.9561 Page 17 of 115

17

1    B, preserving and protecting the power, territory

2    and profits of the enterprise through the use of

3    intimidation and violence, including assaults and threats

4    of violence.

5    C, promoting and enhancing the enterprise and its

6    members and associates' activities.

7    And D, keeping victims in fear of the enterprise,

8    and in fear of its members and associates through threats

9    of violence and violence.

10    Count 2 of the indictment charges the defendant

11    Robert Brown, II with violating federal law by committing

12    or aiding and abetting the commission of murder in aid of

13    racketeering, involving the alleged murder of Cleo

14    McDougal on June 7, 2006.

15    Count 3 of the indictment charges the defendant

16    Robert Brown, II with use of a firearm in furtherance of a

17    crime of violence causing death, or aid and abetting this

18    offense involving the alleged murder of Cleo McDougal on

19    June 7, 2006.

20    Count 4 of the indictment charges the defendant

21    Corey Bailey with violating federal law by committing or

22    aiding and abetting in the commission of murder in aid of

23    racketeering involving the alleged murder of Djuan Page on

24    July 14, 2014.

25    Count 5 of the indictment charges the defendant

*15-20652; USA v. EUGENE FISHER, ET AL*

1   Corey Bailey with use of a firearm in furtherance of a

2   crime of violence causing death, or aiding and abetting

3   this offense involving the alleged murder of Djuan Page on

4   July 14, 2014.

5           Count 6 of the indictment charges the defendant

6   Corey Bailey with violating federal law by committing or

7   aiding and abetting in the commission of attempted murder

8   in aid of racketeering involving the alleged attempted

9   murder of Michael Davis on July 14, 2014.

10          Count 7 of the indictment charges the defendant

11  Corey Bailey with violating federal law by committing or

12  aiding and abetting the commission of attempted murder in

13  aid of racketeering involving the alleged attempted murder

14  of Martez Davis on July 14, 2014.

15          Count 8 of the indictment charges defendant Corey

16  Bailey with violating federal law by committing or aiding

17  and abetting the commission of attempted murder in the aid

18  of racketeering involving the alleged attempted murder of

19  Corey Crawford of July 14, 2014.

20          Count 12 of the indictment charges Corey Bailey

21  with violating federal law by using and carrying a firearm

22  during and in the relation to a crime of violence or

23  aiding and abetting this offense involving the alleged

24  attempted murders on July 14, 2014.

25          Count 13 of the indictment charges the defendant

*15-20652; USA v. EUGENE FISHER, ET AL*

1    Keithon Porter with violating federal law by committing,

2    or aiding and abetting the commission of attempted murder

3    in aid of racketeering involving the alleged attempted

4    murder of Raphael Carter on May 1, 2015.

5         Count 15 of the indictment charges Keithon Porter

6    with violating federal law by using and carrying a firearm

7    during and in relation to a crime of violence, or aiding

8    and abetting this offense involving the alleged attempted

9    murder of Raphael Carter on May 1, 2015.

10        Count 16 of the indictment charges the defendants

11   Arlandis Shy and Keithon Porter with violating federal law

12   by committing, or aiding and abetting the commission of

13   murder in aid of racketeering involving the alleged murder

14   of Dvante Roberts on May 8, 2015.

15        Count 17 of the indictment alleges that the

16   defendants Arlandis Shy and Keithon Porter -- let me

17   restate that.

18        Count 17 of the indictment charges the defendants

19   Arlandis Shy and Keithon Porter with use of a firearm in

20   furtherance of a crime of violence causing death, or

21   aiding and abetting this offense involving the alleged

22   murder of Dvante Roberts on May 8, 2015.

23        Count 18 of the indictment charges the defendants

24   Arlandis Shy and Keithon Porter with violating federal law

25   by committing, or aiding and abetting the commission of

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1520 PageID.17766 Filed 12/19/18 Page 20 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.13564 Page 20 of 115

20

1    attempted murder in aid of racketeering involving the

2    alleged attempted murder of Marquis Wicker on May 8, 2015.

3         Count 19 of the indictment charges the defendants

4    Arlandis Shy and Keithon Porter with violating federal law

5    by committing, or aiding and abetting the commission of

6    attempted murder in aid of racketeering involving the

7    alleged attempted murder of Darrio Roberts on May 8, 2015.

8         Count 22 of the -- excuse me.  Count 20 of the

9    indictment charges defendant Keithon Porter with violating

10   federal law by committing, or aiding and abetting the

11   commission of attempted murder in aid of racketeering

12   involving the alleged attempted murder of Jesse Ritchie on

13   May 8, 2015.

14        Count 24 of the indictment charges the defendants

15   Arlandis Shy and Keithon Porter with violating federal law

16   by using and carrying a firearm during and in relation to

17   a crime of violence, or aiding and abetting this offense

18   involving the alleged attempted murders on May 8, 2015.

19        Count 25 of the indictment charges the defendants

20   Eugene Fisher and Robert Brown with violating federal law

21   by committing, or aiding and abetting the commission of

22   attempted murder in aid of racketeering involving the

23   alleged attempted murders of Derrick Peterson, Darnell

24   Canady and Jason Gaskin on May 10, 2015.

25        Count 27 of the indictment charges Eugene Fisher

*15-20652; USA v. EUGENE FISHER, ET AL*

and Robert Brown with violating federal law by using and
carrying a firearm during and in relation to a crime of
violence, or aiding and abetting this offense involving
the alleged attempted murders on May 10, 2015.

Count 32 of the indictment charges all of the
defendants with aiding and abetting each other and others
in possessing firearms in furtherance of a crime of
violence, which in this case is conspiracy to commit the
crime of racketeerings as alleges in Count 1.

Count 33 charges Eugene Fisher with violating
federal law by being a convicted felon in possession of a
firearm on or about September 26, 2015.

Count 34 of the indictment charges Eugene Fisher
with violating federal law by being a convicted felon in
possession of a firearm or ammunition on or about
November 12, 2015.

The following instructions relate to racketeering
conspiracy as charged in Count 1, and possession of a
firearm in furtherance in the crime of violence
represented in Count 32, involving the defendants Eugene
Fisher, Corey Bailey, Robert Brown, II, Arlandis Shy and
Keithon Porter.

Count 1 charges that from the beginning -- from
beginning on a date unknown, but starting no later than
the year 2003, and continuing to the date of the

15-20652; USA v. EUGENE FISHER, ET AL

Case 2:15-cr-20652-GCS-DRG ECF No. 1728, PageID.21768 Filed 12/19/18 Page 22 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.9566 Page 22 of 115

22

 1    indictment in this case, January 3, 2018, in the Eastern

 2    District of Michigan and elsewhere, Eugene Fisher, Corey

 3    Bailey, Robert Brown, II, Arlandis Shy and Keithon Porter,

 4    and other individuals knowingly agreed to conduct affairs

 5    of an association of persons called the Seven Mile Bloods

 6    through a pattern of racketeering activity.

 7         The law of the United States is that whoever

 8    conspires to conduct the affairs of any enterprise through

 9    a pattern of racketeering activity commits a crime, if the

10    enterprise affects interstate or foreign commerce.

11         In order to convict any one of these defendants of

12    the crime charged in Count 1, the RICO conspiracy, the

13    evidence presented during trial must prove each of the

14    following five elements beyond a reasonable doubt:

15         One, the enterprise that is alleged in the

16    indictment existed.

17         Two, a particular defendant was associated with

18    the enterprise.

19         Three, a particular defendant knowingly agreed to

20    conduct or participate directly or indirectly in the

21    conduct of the enterprise.

22         Four, that a particular defendant and at least one

23    other conspirator agreed that the defendant or a

24    conspirator would engage in a pattern of racketeering,

25    that is, commit at least two acts of racketeering of the

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1728, PageID.21769 Filed 12/19/18 Page 23 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.13567 Page 23 of 115

115

23

1        type I will describe shortly in furtherance of the

2        enterprise.

3               And five, the activities of the enterprise

4        affected interstate or foreign commerce.

5               Now I will define for you those five elements in

6        additional detail.

7               As I just said, the first element of Count 1

8        requires that the evidence prove beyond a reasonable doubt

9        that the Seven Mile Bloods existed as an enterprise as

10       alleged in the indictment.

11              The term "enterprise" can include a group of

12       people associated together for a common purpose of

13       engaging in a course of conduct.  This group maybe

14       associated together for purposes that are both legal and

15       illegal.

16              For to you find that the enterprise existed, the

17       government must prove an enterprise existed by evidence of

18       an ongoing organization, formal or informal, and by

19       evidence that the various associates functioned as a

20       continuing unit.  The enterprise must have the three

21       following structural features:

22              One, a common purpose.

23              Two, relationships among those associated with the

24       enterprise.

25              And three, longevity sufficient to permit these

1    associates to pursue the enterprise's purposes.

2         In considering whether a group is an enterprise,

3    you may consider whether it has an ongoing organization or

4    structure, either formal or informal, and whether the

5    various members of the group functioned as a continuing

6    unit.  A group may continue to be an enterprise even if

7    the changes membership by gaining or losing members over

8    time.

9         The government must prove that the group described

10   in the indictment was the enterprise charged, but need not

11   prove each and every allegation in the indictment about

12   the enterprise or the manner in which the enterprise

13   operated.

14        The government need not prove the association had

15   any form or structure beyond the minimum necessary to

16   conduct the charged pattern of racketeering.

17        The second element that the evidence presented

18   during trial must prove beyond a reasonable doubt for you

19   to find the defendant guilty of Count 1, is that the

20   defendant was associated with the enterprise.

21        To associate means to join as a partner, fellow

22   worker, colleague, friend, companion or ally.  To be

23   associated with an enterprise, a person must be involved

24   with the enterprise in a way that is related to its

25   affairs or common purpose, although the person need not

1     have a stake in the goals of the enterprise.  A person may

2     be associated with the enterprise without being so

3     throughout its existence.

4          A person is associated with an enterprise when,

5     for example, he joins with other members of the enterprise

6     and knowingly aids or furthers the activities of the

7     enterprise.  The evidence is not required to prove that

8     any defendant had a formal position in the enterprise, or

9     participated in the activities of the enterprise, or had

10    free knowledge of all the enterprise activities.

11         However, mere presence in an area where alleged

12    racketeering acts may have been committed is not by itself

13    sufficient to prove that a defendant was associated with

14    the enterprise.

15         For example, a defendant is not a member of a

16    conspiracy just because he knew or was associated with

17    people who were involved in the conspiracy, knew there was

18    a conspiracy, and or was present during conspiratorial

19    discussions.

20         The third element the evidence presented at trial

21    must prove beyond a reasonable doubt for you to find a

22    defendant guilty of Count 1, is that the defendant agreed

23    to conduct or participate in the conduct of the affairs of

24    the enterprise.

25         One way to show that is with evidence that the

1    defendant agreed that he or another conspirator would

2    intentionally perform acts, functions or duties which were

3    necessary to or helpful in the operation of the

4    enterprise.

5         Another way to show it is with evidence -- another

6    way to show is with evidence that the defendant agreed

7    that he or one of the other companions would have some

8    part in directing the enterprise's affairs.

9         However, it is not necessary for the evidence to

10   show that the defendant you are considering exercised

11   significant control over or within the enterprise, or that

12   he had a formal position in the enterprise, or that he had

13   primary responsibility for the enterprise's affairs.

14        In order to have conducted or participated in the

15   conduct of the affairs of an enterprise, a person need not

16   have participated in all of the activities alleged in

17   Count 1.  Still the government must prove that a defendant

18   agreed to conduct or participate in the affairs of the

19   enterprise.

20        The fourth element that the evidence must prove

21   beyond a reasonable doubt for you to find a defendant

22   guilty of Count 1 is that the defendant under

23   consideration agreed that he or one or more of the other

24   conspirators were associated with the Seven Mile Bloods

25   enterprise, would engage in a pattern of racketeering that

*15-20652; USA v. EUGENE FISHER, ET AL*

1    is intentionally commit or cause, or help to commission of

2    two or more racketeering acts that I will describe to you.

3    The enterprise (sic) is not required to prove that

4    racketeering acts were actually committed, or that

5    defendant agreed to personally commit the racketeering

6    acts.

7         The evidence must show three things beyond a

8    reasonable doubt to establish a pattern of racketeering

9    activity:

10        One, the defendant agreed that he or one or more

11   of the other conspirators would commit at least two acts

12   involving murder, robbery, conspiracy to distribute, and

13   distribution of controlled substances, witness

14   intimidation or two different acts of the same types

15   described above.  I will describe each of these acts in

16   more detail below.

17        Two, the racketeering acts on which you agree had

18   a meaningful connection to the enterprise and were related

19   to each other.  The racketeering acts may be considered

20   related to each other if they had the same or similar

21   purposes, results, participants, victims or methods of

22   commission, or were otherwise interrelated by

23   distinguishing characteristics, that is, the acts of

24   racketeering cannot merely be isolated events.

25        You may find that two or more racketeering acts

                    *15-20652; USA v. EUGENE FISHER, ET AL*

1   are related even though they are not similar to each other

2   as long as they both relate to the activities of the

3   enterprise.

4        For example, two racketeering acts are related to

5   each other, and have a meaningful connection to the

6   enterprise if the evidence shows that both acts were

7   possible solely by virtue of a conspirator's position in

8   the enterprise, or that his involvement in or control over

9   its affairs or by evidence that a defendant's

10  possession -- or position in the enterprise facilitated

11  his commission of the racketeering acts, or by evidence

12  that both of the racketeering acts benefitted the

13  enterprise or were authorized by the enterprise or

14  promoted or furthered the purposes of the enterprise.

15       Three, the racketeering activity must have

16  extended over a substantial period of time or posed a

17  threat of continuing criminal activity.  The threat of

18  continued criminal activity is established when the

19  evidence shows that the racketeering activity is part of a

20  long term association that exists for criminal purposes,

21  or when the racketeering act is shown to be the regular

22  way of conducting the affairs of the enterprise.

23       The racketeering acts that are charged in Count 1

24  of the indictment are all themselves violations of

25  Michigan or United States law.  You should apply the

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1528 PageID.17758 Filed 12/19/19 Page 29 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/07/18 PageID.9373 Page 29 of 115

29

1    following instructions when you consider whether the

2    evidence shows beyond a reasonable doubt that one or more

3    of the defendants agreed that the racketeering acts

4    involving murder, robbery, conspiracy to distribute and

5    distribution of controlled substances, witness

6    intimidation or any combination thereof would be committed

7    to further the enterprise.

8         Racketeering activity as defied in the RICO

9    statute includes specific kinds of crimes under state or

10   federal law.  Count 1 alleges that the defendants agreed

11   that specific crimes of racketeering activity of the

12   following types would be committed:

13        First degree premeditated murder under Michigan

14   law.  One type of racketeering act involving murder is

15   what is known as first degree murder.  To prove first

16   degree murder the government must prove each of the

17   following elements beyond a reasonable doubt:

18        First, the defendant or a conspirator caused the

19   death of another person, that is, that the other person

20   died as a result of the act or acts committed by the

21   defendant or the conspirator.

22        Second, that the defendant or the conspirator

23   intended to kill the deceased.

24        Third, that this intent to kill was premedicated,

25   that is, thought out beforehand.

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1578 PageID.17768 Filed 12/19/19 Page 30 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/07/18 PageID.9374 Page 30 of 115

30

1           And fourth, that the killing was deliberate, which

2    means that the defendant or a conspirator considered the

3    pros and cons of the killing, and thought about and chose

4    his actions before he did it.  There must be have been a

5    real and substantial reflection for long enough to give a

6    reasonable person a chance to think twice about the intent

7    to kill.  The law does not say how much time is needed.

8    It's up to you to decide if enough time passed under the

9    circumstances of this case.  The killing cannot be the

10   result of a sudden impulse without thought or reflection.

11          You must think about all of the evidence in

12   deciding what the defendant's state of mind was at the

13   time of the alleged killing.

14          State of mind may be inferred from the kind of

15   weapon that was used, the type of wounds inflicted, the

16   acts and words of the defendant, or any other

17   circumstances surrounding the alleged killing.

18          Premeditation and deliberation may be inferred

19   from any actions of the defendant which show planning or

20   from any other circumstances surrounding the killing.

21          Another type of racketeering activity -- excuse

22   me.

23          Another type of racketeering act involving murder

24   is what is known as assault with intent to murder commonly

25   referred to as attempted murder.  To prove assault with

                    *15-20652; USA v. EUGENE FISHER, ET AL*

1    intent to murder, the government must prove each of the

2    following elements beyond a reasonable doubt:

3           First, that the defendant or a conspirator tried

4    to physically injure another person.

5           Second, that when the defendant or a conspirator

6    committed the assault, he had the ability to cause the

7    injury or at least believe that he had the ability to do

8    so.

9           And third, the defendant or a conspirator intended

10   to kill the person he assaulted.

11          You should follow the following instructions when

12   you consider whether the evidence shows beyond a

13   reasonable doubt that the defendant agreed that either he

14   or another conspirator would commit a racketeering act

15   involving robbery.  To prove a robbery, the government

16   must prove each following elements beyond a reasonable

17   doubt:

18          First, that the defendant or a conspirator used

19   force or violence against another person, assaulted

20   another person or put another person in fear.

21          Second, that a defendant or a conspirator did so

22   while he was in the course of committing a larceny.  A

23   larceny is the taking or movement of someone's property or

24   money with the intent to take it away from that person

25   permanently.  In the course of committing a larceny

*15-20652; USA v. EUGENE FISHER, ET AL*

1    includes act that occurred in an attempt to commit the

2    larceny or during the commission of a larceny, or in

3    flight after the commission of a larceny, or in an the

4    attempt to retain possession of the property or money.

5          Third, the victim was presence when the defendant

6    or a conspirator was in the course of committing a

7    larceny.

8          Another type of racketeering act alleged is the

9    federal crime of distribution of a controlled substance.

10         To prove a racketeering act of distribution of a

11   controlled substance, the government must prove each of

12   the following elements beyond a reasonable doubt:

13         First, that the defendant or a conspirator

14   knowingly or intentionally distributed a controlled

15   substance.

16         And second, that the defendant or a conspirator

17   knew at the time of the distribution that the substance

18   with a controlled substance, and I'll give you more

19   detailed instructions on some of these terms.

20         You are instructed as a matter of law that

21   cocaine, cocaine base, crack cocaine, heroin, marijuana,

22   Oxycodone, Xanax, Opana, Oxymorphone and Alprazolam --

23   whatever close to that.  You can see it printed on the

24   page -- are controlled substances.

25         The term "distribute" means the defendant or the

                15-20652; USA v. EUGENE FISHER, ET AL

Case 2:15-cr-20652-GCS-DRG ECF No. 1572-8 PageID.17778 Filed 12/16/19 Page 33 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.9577 Page 33 of 115

33

1   conspirator delivered or transferred a controlled

2   substance.  The term "distribute" includes the actual,

3   constructive or attempted transfer of a controlled

4   substance.  The term "distribute" includes the sale of a

5   controlled substance.

6        To prove that the defendant or a conspirator

7   knowingly distributed a controlled substance, the

8   defendant or a conspirator did not have to know that the

9   substance was a specific controlled substance.  It is

10  enough if he knew that it was some kind of controlled

11  substance.

12       Further, the defendant or a conspirator did not

13  have to know how much of a controlled substance he

14  distributed.  It is enough that the defendant or

15  conspirator knew that they distributed some quantity of a

16  controlled substance.

17       Another type of racketeering act alleged is the

18  federal crime of conspiracy to distribute a controlled

19  substance.  This type of racketeering act occurs when two

20  or more persons conspire or agree to commit a drug crime,

21  even if they never achieve their goal.  To prove a

22  racketeering act of conspiring to distribute a controlled

23  substance, the government must prove each following

24  elements beyond a reasonable doubt:

25       First, that two or more persons conspired or

*15-20652; USA v. EUGENE FISHER, ET AL*

```
1    agreed to distribute a controlled substance.

2           And second, that the defendant or a conspirator

3    knowingly and voluntarily joined the drug conspiracy.

4           Now I will give you more detailed instructions on

5    some of these charges.

6           With regard to the first element, a criminal

7    agreement, the government must prove that two or more

8    persons conspired or agreed to cooperate with each other

9    to distribute a controlled substance.

10          This does not require proof of much any formal

11   agreement, written or spoken, nor does this require proof

12   that everyone involved agreed on all of the details, but

13   prove that people simply met together from time to time

14   and talked about common interests or engaged in similar

15   conduct is not enough to establish a criminal agreement.

16   These are things that you may consider in deciding whether

17   the government has proved an agreement, but without more

18   they're not enough.

19          What the government must prove is that there was a

20   mutual understanding, either spoken or unspoken, between

21   two or more people to cooperate with each other, to either

22   distribute a controlled substance or possess a controlled

23   substance with the intent to distribute.  This is

24   essential.  An agreement can be proved indirectly by facts

25   and circumstances, but it is up to the government to
```

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1572 PageID.21791 Filed 12/19/19 Page 35 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.9579 Page 35 of 115

35

1    convince you that such facts and circumstances existed in

2    this particular case.

3         With regard to second element, the defendant or a

4    conspirator's connection to the drug conspiracy, the

5    government must prove that he knowingly and voluntarily

6    joined that drug agreement.

7         The government must prove that a defendant knew

8    the drug conspiracy's main purpose, and voluntarily joined

9    the drug conspiracy intending to help advance or achieve

10   its goals.  This does not require proof that he knew

11   everything about the drug conspiracy, or everyone else

12   involved, or that he was a member of it from the

13   beginning, nor does it require proof that he prove that he

14   played a major role in the drug conspiracy, or that his

15   connection to it was substantial.  A slight role or

16   connection may be enough.

17        Further, this does not require proof that he knew

18   the drug involved was a particular kind of controlled

19   substance.  It is enough that he knew that it was some

20   kind of controlled substance, nor does this require proof

21   prove that he knew how much of the controlled substance

22   was involved.  It is enough that he knew some quantity was

23   involved.

24        But proof that he simply knew about a drug

25   conspiracy or was present at times or associated with

                 *15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1572 PageID.21792 Filed 12/19/18 Page 36 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.9580 Page 36 of 115

36

1   members of the drug conspiracy is not, even if he approved

2   of what was happening and did not object to it.  In a

3   similar way, just because he may have done something that

4   happened to help a drug conspiracy, does not necessarily

5   make him a conspirator in it.  These are all things that

6   you may consider in deciding whether the government has

7   proved that a defendant joined a conspiracy, but without

8   more they are not enough.

9       A defendant's or conspirator's knowledge can be

10  proved indirectly by facts and circumstances that lead to

11  a conclusion that he knew the drug conspiracy's main

12  purpose, but it is up to the government to convince you

13  that you such facts and circumstances existed in this

14  particular case.

15      Another type of racketeering act alleged is the

16  federal offense of witness intimidation.  To prove witness

17  intimidation, the government must prove each of the

18  following elements beyond a reasonable doubt:

19      First, that a defendant or a conspirator used or

20  attempted to use intimidation or threats against another

21  person.

22      Second, a defendant or conspirator acted

23  knowingly.

24      And third, a defendant or conspirator acted with

25  the intent to hinder, delay or prevent the communication

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1572 PageID.17931 Filed 12/19/19 Page 37 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.15981 Page 37 of 115

37

1    of information to a law enforcement officer of the United

2    States, or with the intent to influence, delay or prevent

3    the testimony of any person in an official proceeding.

4         And fourth, that such information related to the

5    commission or possible commission of a federal offense.

6         Intimidation includes frightening a person,

7    inspiring or affecting him by fear or deterring him by

8    threats.  It does not matter whether or not the person

9    alleged to be object of the threat is actually frightened

10   or thinks he's in physical danger.  It is enough that the

11   threat had a reasonable tendency to make the person

12   fearful.

13        A threat is simply the expression of an intention

14   to do harm.  A threat may be communicated by words, as

15   well as gestures.  In order to find that a defendant used

16   threats as charged in the indictment, you need not find

17   that he intended to carry out the threat.  The real issue

18   is whether the words allegedly used were, in fact, uttered

19   by him and expressed an intention to do harm.

20        To act with the intent to influence the testimony

21   of a witness, means to act for the purpose of getting that

22   witness to change or color or shade his or her testimony

23   in some way.  It is not necessary for the government to

24   prove that the witness's testimony was, in fact, changed

25   in any way.

*15-20652; USA v. EUGENE FISHER, ET AL*

1          An official proceeding means a proceeding before a

2    judge or court or federal agency.  The proceeding may be

3    civil or criminal.  The law does not require that the

4    federal proceeding be pending at the time of the

5    defendant's actions, as long as the proceeding was

6    foreseeable, such that the defendant knew that his actions

7    were likely to affect the proceeding.

8          In addition, government does not have to prove

9    that the defendant knew or that the proceeding would be in

10   federal court.

11         A few final points about racketeering acts.  The

12   indictment charges that in some instances a defendant or a

13   conspirator attempted to commit the crimes that have been

14   listed as a racketeering act, aided and abetted the crimes

15   that have been listed as racketeering acts, or conspired

16   to commit the crimes listed as racketeering acts, all

17   under Michigan law.  I will now explain those concepts to

18   you.

19         An attempt has two elements:

20         First, that the defendant or the conspirator

21   intended to commit the crime.

22         And second, that the defendant or the conspirator

23   took some action toward committing the crime -- the

24   alleged crime, but failed to complete the crime.  It's not

25   enough to prove that the defendant made preparations for

15-20652; USA v. EUGENE FISHER, ET AL

Case 2:15-cr-20652-GCS-DRG ECF No. 1720, PageID.17795 Filed 12/19/19 Page 39 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.15583 Page 39 of 115

39

1    committing the crime.  Things like planning the crime or

2    arranging how it will be committed are just preparations.

3    They don't qualify as an attempt.  In order to qualify as

4    an attempt, the action must go beyond mere preparation, to

5    the point where the crime would have been completed had it

6    not been interrupted by outside circumstances.  To qualify

7    as an attempt, the act must clearly and directly be

8    related to the crime that the defendant is charged with

9    attempting and not some other objective.

10        For you to find aiding and abetting under Michigan

11   law, it is not necessary for you to find that the

12   defendant or a conspirator personally committed the crime.

13   Anyone who intentionally assists someone else in

14   committing a crime is as guilty as the person who directly

15   commits it and can be convicted of that crime as an aider

16   and abettor.

17        To prove this the government must prove each

18   following elements beyond a reasonable doubt:

19        First, that the alleged crime was actually

20   committed either by the defendant or someone else.  It

21   does not matter whether anyone else has been convicted of

22   that crime.

23        Second, that before or during the crime, the

24   defendant or conspirator did something to assist in the

25   commission of the crime.

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1520, PageID.21786 Filed 12/19/19 Page 40 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1520 filed 10/01/18 PageID.15384 Page 40 of 115

40

1        And third, that at the time the defendant or the

2    conspirator must have intended the commission of the crime

3    alleged, and must have known that the other person

4    intended its commission, or that the alleged crime was a

5    natural and probable consequences of the commission of the

6    crime intended.

7        Even if the defendant or conspirator knew that the

8    alleged crime was planned or being committed, the mere

9    fact that he was present when it was committed is not

10    enough to prove that he assisted in committing it.

11        To prove a conspiracy under Michigan law -- I'm

12    just thinking about break time, but I'll go a bit longer.

13        To prove a conspiracy under Michigan law, the

14    government must prove each the following beyond a

15    reasonable doubt:

16        First, that a defendant and others knowingly

17    committed -- agreed to commit a crime.

18        Second, that a defendant and others specifically

19    intended to commit or help commit that crime.

20        And third, that this agreement took place or

21    continued on or about the date alleged in the indictment,

22    that is between the years 2003 and January 3, 2018.

23        An agreement is the coming together or meeting of

24    the minds of two or more people, each person intending and

25    expressing the same purpose.  It's not necessary for the

*15-20652; USA v. EUGENE FISHER, ET AL*

1     people involved to have made a formal agreement to commit

2     the crime or to have written down how they were going to

3     do it.  In deciding whether there was an agreement to

4     commit a crime, you should think about how the

5     witnesses -- how the members of the alleged conspiracy

6     acted, and what they said, as well as all of the other

7     evidence.

8          To find a defendant guilty of conspiracy under

9     Michigan state law, you must be satisfied beyond a

10    reasonable doubt that there was an agreement to commit the

11    crime charged.  However, you my infer that there was an

12    agreement from the circumstances, such as how the members

13    of the conspiracy alleged were acting.

14         If there was a conspiracy, you must decide whether

15    the defendant was a member of it.  You may only consider

16    what the defendant did and said during the time the

17    conspiracy took place.  A finding that the defendant was

18    merely with other people who were members of a conspiracy

19    is not enough by itself to prove that the defendant was

20    also a member.

21         In addition, the fact that a person did an act

22    that furthered the purpose of an alleged conspiracy is not

23    enough by itself to prove that a person was a member of

24    the conspiracy.  It is not necessary for all the members

25    to know each other or to know all the details of how the

                 *15-20652; USA v. EUGENE FISHER, ET AL*

1    crime will be committed, but it must be shown beyond a

2    reasonable doubt that the person agreed to commit the

3    crime, and intended to commit or help commit it.

4         A defendant is not responsible for the acts of

5    other members of the conspiracy unless those acts are part

6    of the agreement or further the purposes of the agreement.

7    If a defendant agreed to commit a completely different

8    crime, then he is not guilty of conspiracy to commit the

9    crime charged.  A person who joins a conspiracy after it

10   has already been formed is only responsible for what he

11   agreed to when joining, not for any agreement made by the

12   conspiracy before is he joined.  You may consider evidence

13   of what the other members of the alleged conspiracy did or

14   said before the defendant became a member, but only in

15   order to determine the nature and purpose of the

16   conspiracy after the defendant joined.  Members a

17   conspiracy are not responsible for what other members do

18   or say during the conspiracy.

19        Each defendant in this case is entitled to have

20   his guilt or innocence decided individually.  You must

21   decide whether each defendant was a member of the alleged

22   conspiracy as if he were being tried separately.  To

23   determine whether each defendant was a member of the

24   alleged conspiracy, you must decide whether each

25   individual defendant intentionally joined with anyone else

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1520, PageID.17799 Filed 12/19/18 Page 43 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1520, PageID.15587 Filed 10/01/18 Page 43 of 115
115

43

1   to commit the crime.  It is not enough to find that there

2   was a criminal agreement to commit the crime charged.

3   Even if you do find that there was a conspiracy, you must

4   still determine whether each defendant separately was a

5   member of that conspiracy.

6           I think we'll break for five minutes.

7

8           (Jurors excused at 10:05 a.m.)

9

10          **THE COURT:**  Okay.  Is counsel satisfied with

11  the reading of the instructions thus far?

12          **MR. DALY:**  So far.

13          **MR. FEINBERG:**  So far.

14          **THE COURT:**  Okay.  Thank you.  I want to note

15  a slight modification that was made to the jury

16  instructions that were agreed upon among all the parties

17  in case, and that is proposed Instruction Number 69, which

18  is a pattern instruction included, was agreed to be

19  modified by counsel in the case to address a concern

20  derived from Mr. Bilkovic's closing argument wherein he

21  expressed his hopes that he would get a chance to see the

22  notes of the jury, and specifically one juror who wrote, I

23  think, he said something like an encyclopedia size body of

24  notes.  I'm sure that was an attempt -- actually kind of a

25  successful attempt at humor type.  At least the jury

*15-20652; USA v. EUGENE FISHER, ET AL*

1    laughed.

2            **MR. S. SCHARG:**  I think it was intellectually

3    dishonest, your Honor.

4            **THE COURT:**  Yeah, right, and so -- but the

5    parties agreed to include an additional sentence --

6    paragraph to Number 69 which reads -- do I have a copy of

7    the amended -- which reads in the -- this is dealing with

8    juror notes, and it is a three paragraph instruction that

9    basically describes how they handle the notes in their

10   deliberations.  There's a general statement in the first

11   paragraph.

12           The second paragraph tells them if they took

13   notes, whether or not they took notes, they all must

14   participate and form and express their own opinions.

15           And then the third and agreed upon added paragraph

16   reads:  After this case is over, your notes, if any, will

17   be collected and destroyed.

18           **MR. S. SCHARG:**  Satisfactory, your Honor.

19           **THE COURT:**  Everybody else agree?

20           **MR. BILKOVIC:**  There's nothing in there

21   though that mentions that we will not have access to them

22   at all because that should be in there, if not.

23           **THE COURT:**  How are you as a typist?

24           **MR. BILKOVIC:**  They understand that they will

25   be collected and destroyed.  It doesn't let them know that

                    *15-20652; USA v. EUGENE FISHER, ET AL*

1  we can look at them prior, and I just think we should add

2  that in there, even if it is written in there, or you ad

3  lib it and give it to them when you are giving that

4  instruction.

5          THE COURT:  Yes.

6          MR. BILKOVIC:  Certainly the Court is correct

7  that I was making attempted humor.  I know that I'm not

8  allowed to look at the notes.  I just want the jurors to

9  make sure they understand that we're not allowed to look

10 at their notes.

11         MR. SPIELFOGEL:  What we had talked about was

12 three would be no one will ever see your notes.

13         THE COURT:  Right.

14         MR. SPIELFOGEL:  And then Number 4 was after

15 your deliberations, your notes will be collected -- or as

16 you have stated, your notes, if any, will be collected and

17 destroyed.  So just add that Number 3 that no one will

18 ever see your notes.

19         THE COURT:  This instruction now will be in

20 Paragraph 3:  After this case is over, your notes, if any,

21 will be collected and destroyed, and no one will ever see

22 your notes.

23         MR. SPIELFOGEL:  Yes, your Honor.

24         MR. WIGOD:  Your Honor, unfortunately I

25 noticed an error in the instructions that will need to be

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1573, PageID.17928 Filed 12/19/19 Page 46 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/07/18 PageID.15590 Page 46 of 115

46

 1    to be corrected as well.

 2              THE COURT:  That already occurred?

 3              MR. WIGOD:  Sort of, minor, and this only

 4    applies to Mr. Shy.  So on Count 20, it only lists Keithon

 5    Porter as being charged with that offense, and that's on

 6    Page 93.

 7              THE COURT:  We have not reached that point

 8    yet.

 9              MR. WIGOD:  No, but it was referenced earlier

10    during the summary of the indictment, and that's when I

11    caught it, but Page 93 should read:  Count 20 of the

12    indictment charges the defendants Keithon Porter and

13    Arlandis Shy with violating federal law, similar to Count

14    19.

15              THE COURT:  I'm back to Count 20.

16              MR. WIGOD:  Yes.  So Count 20, the first

17    paragraph should read:  Count 20 of the indictment charges

18    defendants Keithon Porter and Arlandis Shy.

19              THE COURT:  Oh, I see.

20              MR. WIGOD:  It should read basically as in

21    Count 19 with just a different victim's name.

22              THE COURT:  Okay.  We can get both of those

23    down well before --

24              MR. WIGOD:  Your Honor, that needs to be

25    corrected on Page 23, a summary of the indictment,

                *15-20652; USA v. EUGENE FISHER, ET AL*

 1    Paragraph 17 on Page 23.

 2              THE COURT:  Page 23?

 3              MR. WIGOD:  Yes, the bottom of the page.  It

 4    says Count 20 of the indictment charges Keithon Porter

 5    with violating federal law.  It should be Keithon Porter

 6    and Arlandis Shy.

 7              MR. THEIS:  And that has been read to the

 8    jury.  We're giving them a printed copy of it.  I don't

 9    think we need to read it again.

10              THE COURT:  Okay.  I think we'll make the

11    correction in case they're consulting the instructions

12    back in jury deliberations, but since we're referring to

13    it again on Page 50, I don't think we need to read the

14    earlier reference, but I'm looking for that.  Is it on

15    Page 22?

16              MR. WIGOD:  Page 23, your Honor.

17              One other quick matter.  I notice that the Court

18    gave verdict forms to each of the jurors individually.  So

19    to avoid any confusion that they each have to fill out a

20    verdict form, could I suggest that the Court just add a

21    signature line for the foreperson on one set of the

22    verdict forms, and give that to them to sign and turn into

23    the Court at the appropriate time?

24              THE COURT:  I had actually planned to pull

25    the verdict forms from all but one just so to keep it

                    15-20652; USA v. EUGENE FISHER, ET AL

1    straight.  I put them in at this point because I usually

2    walk them through the verdict form.

3              **MR. WIGOD:**  Okay.  Thank you.

4

5              (Recess taken at 10:15 a.m.)

6

7            (Proceedings with jury at 10:28 a.m.)

8

9              **THE COURT:**  All right, folks.  You can take a

10   seat.

11        Okay.  One other point about the fourth element of

12   Count 1.  The charge in Count 1 is that the defendants

13   agreed to conduct the affairs of the enterprise through a

14   pattern of racketeering activity.

15        The evidence is not required to prove that a

16   particular defendant personally committed or agreed to

17   personally commit two racketeering acts.  Rather, it is

18   enough if the evidence proves beyond a reasonable doubt

19   that a defendant agreed with another enterprise member or

20   associate that the defendant would participate in the

21   enterprise with the knowledge and intent that at least one

22   member of the conspiracy who could, but need not be the

23   defendant himself, would commit at least two racketeering

24   acts in the conduct of the affairs of the enterprise.  The

25   evidence need only show that the defendant under your

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1573, PageID.21795 Filed 12/19/18 Page 49 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.9593 Page 49 of 115

49

1    consideration knew the general nature and common purpose

2    of the conspiracy, and that the conspiracy extended beyond

3    his individual role.

4         It is not enough that the evidence prove that a

5    particular defendant was a member of the conspiracy from

6    the beginning or until its end.  Different persons may be

7    members of the conspiracy a different times.  Also, a

8    defendant may be convicted as a conspirator, even though

9    he plays only a minor role in the conspiracy, provided

10    that you find beyond a reasonable doubt that the

11    conspiracy existed, and that the defendant knowingly

12    participated in it with the intent to accomplish its

13    objectives or assist other conspirators in accomplishing

14    its objectives.

15         It is also not necessary for a defendant to

16    participate in every phase of the criminal venture,

17    provided there is assent to contribute to a common

18    enterprise.

19         You may find all of the elements of the charge in

20    Count 1, such as the conspiratorial agreement, any

21    defendant's knowledge of it, and any defendant's

22    participation in the conspiracy from the circumstantial

23    evidence.

24         For example, if you find that the evidence proves

25    that the defendant or at least one other conspirator

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1520, PageID.21796 Filed 12/19/18 Page 50 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.9394 Page 50 of 115

50

1    committed several racketeering acts in furtherance of the

2    affairs of the enterprise, you may conclude that this

3    means they agreed to conduct the affairs of the enterprise

4    through those acts.  It is entirely up to you to decide

5    whether all of the evidence, taken together, proves that a

6    particular defendant entered into the required

7    conspiratorial agreement.

8         The defendant (sic) need not prove a formal

9    agreement.  A tacit or a mutual understanding among the

10   parties is sufficient to show a conspiratorial agreement.

11   Nor does the government have to prove that everyone

12   involved agreed on all of the details, but proof that

13   people simply met together from time to time, talked about

14   common interests or engaged in similar conduct is not

15   enough to establish a criminal agreement.  These are

16   things that you may consider in deciding whether the

17   government has proved an agreement, but without more, they

18   are not enough.

19        And this relates to the fifth element of

20   interstate commerce.  Interstate commerce means trade or

21   business or travel between states.  The phrase engaged in

22   or the activities of which affect interstate commerce as

23   used in these instructions means that to be involved in or

24   to affect in some way trade or business or travel between

25   the states.  This would include the purchase or sale of

1    the goods or supplies from or to a state other than the

2    state of Michigan, the use of interstate mail or wire

3    facilities or the causing of any of those things.

4         So if you find beyond a reasonable doubt that the

5    enterprise made, purchased, sold or moved goods or

6    services that had their origin or destination outside the

7    state of Michigan, or that the actions of the enterprise

8    affected in any degree the movement of money, goods or

9    services across state lines, then interstate commerce was

10   engaged in or affected.

11        The government need not prove that a defendant

12   engaged in interstate commerce, or that the acts of a

13   defendant affected interstate commerce.  The focus is on

14   the enterprise and its effect on interstate commerce.

15   Interstate commerce is affected if you find that the

16   enterprise had any economic impact on the movement of

17   money, goods, services or persons from state to state.  It

18   is not necessary that a particular defendant has

19   personally engaged in or affected interstate commerce.

20        The enterprise alleged here is alleged to have

21   engaged in economic and non-economic activity.

22        For example, a conspiracy to distribute or

23   distribution of controlled substance is economic activity.

24   Threats and acts involving murder are non-economic

25   activity.

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1720, PageID.17988 Filed 12/16/19 Page 52 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.9596 Page 52 of 115

52

1        For economic activity, the government must prove

2    that the activities of the enterprise, however minimally,

3    had an effect on commerce between two states.  For

4    non-economic activity the government must prove that the

5    activity had a substantial effect on interstate commerce.

6        This concludes the portion of my instructions

7    defining the elements required for you to convict a

8    defendant of the RICO conspiracy.  For you to find a

9    defendant guilty of this crime, you must convinced that

10   the government has proved all the elements beyond a

11   reasonable doubt.  Moreover, in order to convict a

12   defendant of the RICO conspiracy offense, you must

13   unanimously agree as to which type or types of

14   racketeering activity the defendant agreed would be

15   committed.

16       For example, at least two acts involving first

17   degree murder, attempted murder, conspiracy to commit

18   murder, robbery, distribution of controlled substances,

19   conspiracy to distribute controlled substances, witness

20   intimidation or any combination thereof.  You need not

21   agree on the specific acts of racketeering activity a

22   defendant agreed would be committed.

23       If you are convinced that the government has

24   proved all of the elements for a defendant, say so by

25   returning a guilty verdict on this charge.  If you have

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG  ECF No. 1573-8  PageID.21799  Filed 12/19/19  Page 53 of 115
Case 2:15-cr-20652-GCS-DRG  ECF No. 1208  filed 10/01/18  PageID.9597  Page 53 of 115

53

1    reasonable doubt about any one of these elements, then you

2    must find the defendant not guilty of this charge.

3         If you find the defendant guilty of the RICO

4    conspiracy charge in Count 1, there are additional

5    questions that you must answer on a verdict form for that

6    defendant.  When considering these questions, you must be

7    unanimous in determining whether the government has proved

8    beyond a reasonable doubt the question asked.  If you find

9    that the government has not proved the particular

10   defendant guilty of the RICO conspiracy offense charged in

11   Count 1, then you do not need to answer those additional

12   questions.

13        Count 32 of the indictment charges Eugene Fisher,

14   Corey Bailey, Robert Brown, II, Arlandis Shy and Keithon

15   Porter with violating federal law by possessing a firearm

16   in furtherance of a crime of violence, or aiding and

17   abetting that offense.  For you to find a defendant guilty

18   of this crime, you must find that the government has

19   proved each and every one following elements beyond a

20   reasonable doubt:

21        First, that the defendant committed the RICO

22   conspiracy charged in Count 1.

23        Second, that the defendant knowingly possessed a

24   firearm.

25        Third, that possession of the firearm was in

                    *15-20652; USA v. EUGENE FISHER, ET AL*

1   furtherance of the RICO conspiracy charged in Count 1.

2   Fourth, that at least one of the racketeering acts

3   committed in furtherance of the enterprise involved a

4   substance risk that physical force may be used against the

5   person or property of another.

6   Now I will give you more detailed instructions on

7   some of these terms.

8   The term "firearm" means any weapon which will, or

9   designed to, or may readily be converted to expel a

10  projectile by the action of an explosive.  The firearm

11  need not be loaded.

12  The term "knowingly" means voluntarily and

13  intentionally, and not because of mistake or accident.

14  In order to prove "possession", the government

15  does not necessarily have to prove that a defendant

16  physically possessed the firearm.  The law recognizes two

17  kinds of possession, actual possession and constructive

18  possession.  Either of these, if proved by the government,

19  is sufficient.

20  To establish actual possession, the government

21  must prove that a defendant had direct physical control

22  over the firearm, and knew that he had control of it.

23  To establish constructive possession, the

24  government must prove that a defendant had the right to

25  exercise physical control over the firearm, and knew that

*15-20652; USA v. EUGENE FISHER, ET AL*

1    he had this right, and that he intended to exercise

2    physical control over the firearm at some point, either

3    directly or through others persons.

4        For example, if you left something with a friend

5    intending to come back later and pick it up, or intending

6    to send someone else to pick it up for you, you would have

7    constructive possession of it while it was in the actual

8    possession of your friend.

9        Further, the government does not have to prove

10   that a defendant was the only one who had possession of

11   the firearm.  Two or more people can together share actual

12   or constructive possession over property, and if they do,

13   both are considered to have possession as far as the law

14   is concerned.

15       But understand, that just being present where

16   something is located does not equal possession.  The

17   government must prove that the defendant had actual or

18   constructive possession of the firearm, and knew that he

19   did.  This again, is all for you to decide.

20       The term "in furtherance of" means that the

21   firearm was possessed to advance or promote the crime

22   charged in Count 1.  In deciding whether the firearm was

23   possessed to advance or promote the crime charged in Count

24   1, you may consider these factors:

25       Whether the firearm was strategically located so

Case 2:15-cr-20652-GCS-DRG ECF No. 1572-8 PageID.21802 Filed 12/19/18 Page 56 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.9500 Page 56 of 115

56

1    it would be quickly and easily available for use; whether

2    the firearm was loaded, the type of weapon; whether the

3    possession of the firearm was legal; the type of crime

4    violence, and it the firearm was recovered, the time and

5    circumstances under which the firearm was found.  This

6    list is not exhaustive.

7        If you're convinced the government has proved

8    these elements -- all of these elements, say so by

9    returning a guilty verdict on this charge.  If you have

10    reasonable doubt about any of these elements, then you

11    must find the defendant not guilty of this charge.

12        Next we are going to discuss murder in aid of

13    racketeering as provided in Count 2, and use of a firearm

14    during and in relation to a crime of violence causing

15    death as set forth in Count 3 involving Mr. Robert Brown,

16    II.

17        Count 2 of the indictment charges the defendant

18    Robert Brown, II with violating federal law by committing,

19    or aiding and abetting in the commission of murder in aid

20    of racketeering involving the alleged murder of Cleo

21    McDougal on June 7, 2006.

22        In order to find the defendant guilty of this

23    crime, you must be convinced that the government has

24    proved each following elements beyond a reasonable doubt:

25        One, the Seven Mile Bloods enterprise existed as

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1520-8 PageID.21803 Filed 12/19/18 Page 57 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.9801 Page 57 of 115

57

1    alleged in the indictment.

2          Two, the enterprise was engaged in interstate

3    commerce, or its activities affected interstate commerce.

4          Three, that the enterprise was engaged in

5    racketeering activity.

6          Four, the defendant committed, or aided and

7    abetted the conviction of -- or the commission of first

8    degree murder of Cleo McDougal.

9          To prove first degree murder, the government must

10   prove each of the following elements beyond a reasonable

11   doubt:

12         A, that the defendant caused the death of another

13   person, that is, that the other person died as a result of

14   the act or acts committed by the defendant.

15         B, that the defendant intended to kill the

16   decease.

17         C, that this intent to kill was premeditated, that

18   is, thought out beforehand.

19         And D, that the killing was deliberate, which

20   means that the defendant considered the pros and cons of

21   the killing and thought about it and chose his actions

22   before he did it.  There must have been real and

23   substantial reflection for long enough to give a

24   reasonable person a chance to think twice about the intent

25   to kill.  The law does not say how much time is needed.

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1728, PageID.21804 Filed 12/19/18 Page 58 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 Filed 10/01/18 PageID.9502 Page 58 of 115

58

1    It is for you to decide if enough time has passed under

2    the circumstances of this case.  The killing cannot be the

3    result of a sudden impulse without thought or reflection.

4        Five, the defendant's purpose in committing the

5    murder was to maintain or increase his position in the

6    enterprise.  It is not necessary for the government to

7    prove that this was the defendant's sole purpose in

8    committing the murder.  You need only find that it was an

9    animating purpose.  For purposes of this element, it is

10   sufficient if the defendant committed the alleged murder

11   in furtherance of his membership in the enterprise, or

12   because he knew that it was expected of him by reason of

13   that membership.

14       Now I'm going to give you some detailed

15   instructions on this charge in addition to those given so

16   far.

17       A, you must think about all the evidence in

18   deciding what the defendant's state of mind was at the

19   time of the alleged killing.

20       State of mind may be inferred from the kind of

21   weapon used, the type of wounds inflicted, the acts and

22   words of the defendant, and any other circumstances

23   surrounding the alleged killing.

24       Premeditation and deliberation may be inferred

25   from any actions of the defendant which show planning or

*15-20652; USA v. EUGENE FISHER, ET AL*

1       from any other circumstances surrounding the killing.

2               Also, I have previously instructed you regarding

3       some of the terms contained above, such at enterprise,

4       engaged in the interstate commerce and racketeering

5       activity.  Those instructions apply here as well.

6               If you're convinced that the government has proved

7       all of these elements for this charge, say so by returning

8       a guilty verdict on this charge.  If you have a reasonable

9       doubt about any of the elements, then you should find the

10      defendant -- you must find the defendant not guilty of

11      this charge.

12              As it relates to the use and carrying of a firearm

13      during and in relation to a crime of violence causing

14      death in Count 3, Count 3 of the indictment charges the

15      defendant Robert Brown, II with using a firearm in

16      furtherance of a crime of violence causing death, or

17      aiding and abetting in this offense involving the alleged

18      murder of Cleo McDougal on June 7, 2006.

19              In order to find the defendant guilty of this

20      crime, you must be convinced that the defendant has proved

21      each of the following elements beyond a reasonable doubt:

22              One, that the defendant committed the crime of

23      violence charged this Count 2, namely murder in aid of

24      racketeering.

25              Two, the defendant knowing used and carried -- or

1    carried a firearm during and in relation to the crime of

2    violence.

3            Three, in the course of committing the crime of

4    violence, the defendant caused the death of Cleo McDougal

5    through the use of a firearm.

6            Four, the defendant was an unlawful killing of a

7    human being with malice of aforethought.

8            Now I will give you more detailed instructions on

9    some of these terms.

10           To establish "use", the government must prove

11   active employment of the firearm during and in relation to

12   the crime charged.  Active employment means activities

13   such as brandishing, displaying, bartering, striking with,

14   and most obviously firing or attempting to fire a firearm.

15           Carrying a firearm includes carrying it on or

16   about one's person.  Carrying also includes knowingly

17   possessing and conveying a firearm in a vehicle in which

18   the person accompanies -- a vehicle which the person

19   accompanies including in the glove compartment or trunk.

20           The term "firearm" means any weapon which will or

21   is designed to, or may readily be converted to expel a

22   projectile by the actions of an explosive.  The firearm

23   need not be loaded.

24           The phrase during to and in related to means that

25   the firearm must have some purpose or effect with respect

*15-20652; USA v. EUGENE FISHER, ET AL*

1     to the crime charged; in other words, the firearm must

2     facilitate or further or have the potential of

3     facilitating or furthering the crime charged, and its

4     presence or involvement cannot be the result of accident

5     or coincidence.

6          The term "knowingly" means voluntarily and

7     intentionally, and not because of accident or mistake.

8          The phrase "malice aforethought" means either to

9     kill another person deliberately and intentionally, or to

10    act with callus wanton disregard for human life.  To find

11    malice aforethought, you need not be convinced that

12    defendant hated the person killed or felt ill will toward

13    the victim at the time.

14         If you are convinced that the government has

15    proved all of these elements for this charge, say so by

16    returning a guilty verdict on the charge.  If you have a

17    reasonable doubt about any of these elements, then you

18    must find the defendant not guilty of this charge.

19         Next, we're going to deal with murder and

20    attempted murder in aid of racketeering, comprising Counts

21    4, 6, 7 and 8, and use of a firearm in furtherance of

22    crimes of violence in Counts 5 and 12 involving Corey

23    Bailey.

24         Count 4 of the indictment charges defendant Corey

25    Bailey with violating federal law by committing, or aiding

1   and abetting in the commission of murder in the aid of

2   racketeering involving the alleged murder of Djuan Page on

3   July 14, 2014.

4           In order to find the defendant guilty of this

5   crime, you must be convinced that the defendant (sic) has

6   proved each of the following elements beyond a reasonable

7   doubt:

8           One, the Seven Mile Bloods enterprise existed as

9   alleged in the indictment.

10          Two, the enterprise was engaged in interstate

11  commerce or its activities affected interstate commerce.

12          Three, that the enterprise was engaged in

13  racketeering activity.

14          Four, the defendant committed, or aided and

15  abetted in the commission of first degree murder of Djuan

16  Page.  I previously provided you with the elements of

17  first degree murder set forth in Count 2.

18          Five, the defendant's purpose in committing the

19  murder was to maintain or increase his position in the

20  enterprise.  It is not necessary for the government to

21  prove that this was the defendant's sole purpose in

22  committing the murder.  You need only find that it was an

23  animating purpose.  For purposes of this element, it is

24  sufficient if the defendant committed the alleged murder

25  in furtherance of his membership in the enterprise, or

*15-20652; USA v. EUGENE FISHER, ET AL*

1    because he knew that it was expected of him by reason of

2    that membership.

3            Now I will give you more detailed instructions on

4    this charge.

5            A, the previous explanations and definitions that

6    I provided you pertaining to first degree apply here as

7    well.

8            B, I also have previously instructed you regarding

9    some of the terms above, such as enterprise, engaged in

10   interstate commerce and racketeering activity.  Those

11   instructions apply here as well.

12           And if you're convinced that the government has

13   proved all of these elements for this charge, say so by

14   returning a guilty verdict on this charge.  If you have a

15   reasonable doubt about any of these elements, then you

16   must find the defendant not guilty of this charge.

17           Count 5, use of and carrying of a firearm during

18   and in relation to a crime of violence causing death.

19           Counsel 5 of the indictment charges the defendant

20   Corey Bailey with use of a firearm in furtherance of a

21   crime of violence causing death, or aiding and abetting

22   this offense involving the alleged murder of Djuan Page on

23   July 14, 2014.

24           In order to find the defendant guilty of this

25   crime, you must be convinced that the government has

Case 2:15-cr-20652-GCS-DRG ECF No. 1572-8 PageID.21810 Filed 12/19/18 Page 64 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.15808 Page 64 of 115

64

1    proved each of the following elements beyond a reasonable

2    doubt:

3         One, that the defendant committed the crime of

4    violence charged in Count 4, namely murder in aid of

5    racketeering.

6         Two, that the defendant knowingly used or carried

7    a firearm during and in relation to a crime of violence.

8         Three, in the course of committing a crime of

9    violence, the defendant caused the death of Djuan Page

10    through the use of a firearm.

11         And four, the death was an unlawful killing of a

12    human being with malice of aforethought.

13         I've instructed you previously regarding some of

14    the terms contained above, like use, carrying, firearm,

15    during and in relation to, knowingly and malice of

16    aforethought.  Those instructions apply her as well.

17         If you're convinced that the government has proved

18    all the elements for this charge, say so by returning a

19    guilty verdict on this charge.  If you have a reasonable

20    doubt about any of these elements, then you must find the

21    defendant not guilty of this charge.

22         Count 6 of the indictment charges the defendant

23    Corey Bailey with violating federal law by committing, or

24    aiding and abetting in commission of attempted murder in

25    aid of racketeering involving the alleged attempt

*15-20652; USA v. EUGENE FISHER, ET AL*

1    murder -- attempted murder of Michael Davis on July 14,

2    2014.

3         In order to find the defendant guilty of this

4    crime, you must be convinced the government has proved

5    each of the following elements beyond a reasonable doubt:

6         One, that the Seven Mile Bloods enterprise existed

7    as alleged in the indictment.

8         Two, the enterprise was engaged in interstate

9    commerce or its activities affected interstate commerce.

10        Three, that the enterprise was engaged in

11   racketeering activity.

12        Four, that the defendant committed, or aided and

13   abetted in the commission of attempted murder of Michael

14   Davis.

15        To prove assault with intent to murder, the

16   government must prove each of the following elements

17   beyond a reasonable doubt:

18        That the defendant tried to physically injure

19   another person.

20        When the defendant committed the assault, he had

21   the ability to cause an injury or at lease believed that

22   he had the ability to do so.

23        And that the defendant intended to kill the person

24   he assaulted.

25        Five, that the defendant's purpose in committing

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1573, PageID.21812 Filed 12/19/19 Page 66 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.9010 Page 66 of 115

66

1      the attempted murder was to maintain or increase his

2      position in the enterprise.  It is not necessary for the

3      government to prove that this was the defendant's sole

4      purpose in committing the attempted murder.  You need only

5      find that it was an animating purpose.  For purposes of

6      this element, it is sufficient if the defendant committed

7      the alleged attempted murder in furtherance of his

8      membership in the enterprise, or because he knew that it

9      was expected of him by reason of that membership.

10          I have previously instructed you regarding some of

11     the terms contained above, such as enterprise, engaged in

12     interstate commerce, and racketeering activity.  Those

13     instructions apply here as well.

14          If you're convinced that the government has proved

15     all of these elements for this charge, this say so by

16     returning a guilty verdict on this charge.  If you have

17     reasonable doubt about any of these elements, then you

18     must find the defendant not guilty of this charge.

19          Count 7 of the indictment charges the defendant

20     Corey Bailey with violating federal law.  By committing,

21     or aiding and abetting the commission of attempted murder

22     in aid of racketeering involving the alleged attempted

23     murder of Martez Davis on July 14, 2014.

24          In order to find the defendant guilty of this

25     crime, you must be convinced that the government has

                    *15-20652; USA v. EUGENE FISHER, ET AL*

```
 1    proved each of the following elements beyond a reasonable
 2    doubt:
 3              One, the Seven Mile Bloods enterprise existed as
 4    alleged in the indictment.
 5              Two, the enterprise was engaged in interstate
 6    commerce or its activities affected interstate commerce.
 7              Three, that the enterprise was engaged in
 8    racketeering activity.
 9              And four, that the defendant committed, or aided
10    and betted in the commission of the attempted murder of
11    Martez Davis.
12              I have previously provided you with the elements
13    of attempted murder, also known as assault with intent to
14    murder.  You can see that as outlined in Count 6.
15              And five, the defendant's purpose in committing
16    the alleged attempted murder was to maintain or increase
17    his position within the enterprise.  It's not necessary
18    for the government to prove that this was the defendant's
19    sole purpose in committing the alleged murder or attempted
20    murder, but you need only to find that it was an animating
21    purpose.  For purposes of this element, it's sufficient if
22    the defendant committed the alleged attempted murder in
23    furtherance of his membership in the enterprise, or
24    because he knew that it was expected of him by reason of
25    that membership.
```

1    I've also previously instructed you regarding some

2    of the terms contained about, such as, enterprise, engaged

3    in interstate commerce, and racketeering activity.  Those

4    instructions apply here as well.

5    If you are convinced that the government has

6    proved all these elements for this charge, say so by

7    returning a guilty verdict on this charge.  If you have a

8    reasonable doubt about any of these elements, then you

9    must find the defendant not guilty of this charge.

10   Count 8 of the indictment charges the defendant

11   Corey Bailey with violating federal law by committing, or

12   aiding and abetting the commission of attempted murder in

13   aid of racketeering involving the alleged attempted murder

14   of Corey Crawford on July 14, 2014.

15   To find the defendant guilty of this crime, you

16   must be convinced that the government has proved each of

17   the following elements beyond a reasonable doubt:

18   One, that the Seven Mile Bloods enterprise existed

19   as alleged in the indictment.

20   Two, that the enterprise was engaged in interstate

21   commerce or its activities affected interstate commerce.

22   Three, that the enterprise was engaged in

23   racketeering activity.

24   Four, the defendant committed, or aided and

25   abetted in the commission of the attempted murder of Corey

*15-20652; USA v. EUGENE FISHER, ET AL*

 1    Crawford.  I've previously provided you with the elements

 2    of attempted murder, as well as -- which is also known as

 3    assault with intent to murder as set forth in Count 6.

 4          Number five, the defendant's purpose in committing

 5    the attempted murder was to maintain or increase his

 6    position in the enterprise.  It's not necessary for the

 7    government to prove that this was the defendant's sole

 8    purpose in committing the attempted murder.  You need only

 9    find that it was an animating purpose.  For purposes of

10    this element, it is sufficient if the defendant committed

11    the alleged attempted murder in furtherance of his

12    membership in the enterprise, or because he knew that it

13    was expected of him by reason of that membership.

14          I have previously instructed you regarding some of

15    the terms contained above, such us, enterprise, engaged in

16    interstate commerce, and racketeering activity.  These

17    instructions apply here as well.

18          If you're convinced that the government has proved

19    all of these elements for this charge, say so by returning

20    a guilty verdict on this charge.  If you have a reasonable

21    doubt about any of these elements, then you must find the

22    defendant not guilty of this charge.

23          Count 12 of the indictment charges Corey Bailey

24    with violating federal law by using and carrying a firearm

25    during and in relation to a crime of violence, or aiding

*15-20652; USA v. EUGENE FISHER, ET AL*

1    and abetting this offense involving the alleged attempted

2    murders of -- on July 14, 2014.  For you to find a

3    defendant guilty of this crime, you must find that the

4    government has proved each and every one of the following

5    elements beyond a reasonable doubt:

6         First, the defendant committed any one of the

7    crimes of violence charged in Counts 6, 7 or 8, namely

8    attempted murder in the aid of racketeering.

9         Second, that the defendant knowingly used or

10   carried a firearm.

11        Third, that the use or carrying of the firearm was

12   during and in relation to any of the crimes of violence

13   charged in Counts 6, 7 or 8, attempted murder in aid of

14   racketeering.

15        And fourth, that the firearm was discharged.

16        So I've previously instructed you regarding some

17   of the other terms contained above, such as, use,

18   carrying, firearm, during and in relation to, and

19   knowingly.  Those instructions all apply here as well.

20        If you are convinced that the government has

21   proved all of these elements, say so by returning a guilty

22   verdict on this charge.  If you have a reasonable doubt

23   about any of these elements, then you must find the

24   defendant not guilty of this charge.

25        I am going to address attempted murder in aid of

*15-20652; USA v. EUGENE FISHER, ET AL*

1     racketeering as set forth in Count 13, and use of a

2     firearm in furtherance of a crime of violence as set forth

3     in crime -- in Count 15.  Both charges are addressed to

4     Mr. Keithon Porter.

5          Count 13 of the indictment charges the defendant

6     Keithon Porter with violating federal law by committing,

7     or aiding and abetting in the commission of attempted

8     murder in aid of racketeering involving the alleged

9     attempted murder of Raphael Carter on May 1, 2015.

10         In order to find the defendant guilty of this

11    crime, you must be convinced that the government has

12    proved each of the following elements beyond a reasonable

13    doubt:

14         One, that the Seven Mile Bloods enterprise existed

15    as alleged in the indictment.

16         Two, that the enterprise was engaged in interstate

17    commerce or its activities affected interstate commerce.

18         Three, that the enterprise was engaged in

19    racketeering activity.

20         Four, that defendant committed or aided and

21    abetted in the commission of the attempted murder of

22    Raphael Carter.  I previously provided you with the

23    elements of attempted murder, also known as assault with

24    intent to murder, which you can see in Count 6.

25         Five, the defendant's purpose in committing the

*15-20652; USA v. EUGENE FISHER, ET AL*

1     attempted murder was to maintain or increase his position

2     in the enterprise.  It is not necessary for the government

3     to prove that this was the defendant's sole purpose in

4     committing the attempted murder.  You need only find that

5     it was an animating purpose.  For purposes of this

6     element, it is sufficient that the defendant committed the

7     alleged attempted murder in furtherance of his membership

8     in the enterprise, or because he knew that it was expected

9     of him by reason of that membership.

10          I have previously instructed you regarding some of

11    the terms contained above, such as, enterprise, engaged in

12    interstate commerce, racketeering activity, and those

13    instructions apply here as well.

14          If you are convinced that the government has

15    proved all of these elements for this charge, say so by

16    returning a guilty verdict on this charge.  If you have

17    reasonable doubts about any of the these elements, then

18    you must find the defendant not guilty of this charge.

19          Count 15 of the indictment charges Keithon Porter

20    with violating federal law by using and carrying a firearm

21    during and in relation to a crime of violence, or aiding

22    and abetting this offense involving the alleged attempted

23    murder of Raphael Carter on May 1, 2014.

24          For you to find a defendant guilty of this crime,

25    you must find that the government proved each and every

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1572, PageID.21819 Filed 12/19/19 Page 73 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.9901 7 Page 73 of 115

73

1    element beyond a reasonable doubt:

2         First, that the defendant Keithon Porter committed

3    the crime of violence charged in Count 13, namely

4    attempted murder in aid of racketeering.

5         Second, that the defendant knowingly used or

6    carried a firearm.

7         Third, that the use or carrying of a firearm was

8    during and in relation to a crime of violence charged in

9    Count 13, which is in this case attempted murder in aid of

10   racketeering.

11        And fourth, that the firearm was discharged.

12        I have previously instructed you regarding some of

13   the terms contained above, such as, use, carrying,

14   firearm, during and in relation to, and knowingly.  These

15   instructions apply here as well.

16        If you are convinced that the government has

17   proved all of these elements, say so by returning a guilty

18   verdict on this charge.  If you have a reasonable doubt

19   about any of these elements, you must find the defendant

20   not guilty of this charge.

21        Next, we're addressing a charge of murder and

22   attempted murder in aid of racketeering set forth in

23   Counts 16, 18, 19 and 20, and use of a firearm in

24   furtherance of crimes of violence as in Counts 17 and 24

25   as directed to Arlandis Shy and Keithon Porter.

*15-20652; USA v. EUGENE FISHER, ET AL*

1          Count 16 of the indictment charges the defendants

2     Arlandis Shy and Keithon Porter with violating federal law

3     by committing, or aiding and abetting in the commission of

4     murder in aid of racketeering involving the alleged murder

5     of Dvante Roberts on May 8, 2015.

6          In order to find the defendants guilty of this

7     crime, you must find that the government has proved each

8     of the following elements beyond a reasonable doubt:

9          One, that the Seven Mile Bloods enterprise existed

10    as alleged in the indictment.

11         Two, that the enterprise was engaged in interstate

12    commerce or its activities affected interstate commerce.

13         Three, that the enterprise was engaged in

14    racketeering activity.

15         And four, that the defendant committed, or aided

16    and abetted in the commission of first degree murder of

17    Dvante Roberts.  I've previously provided you with the

18    elements of first degree murder as set forth in Count 2.

19         Five, the defendant's purpose in committing the

20    murder was to maintain his -- or improve his position in

21    the enterprise.  It's not necessary for the government to

22    prove that this was the defendant's sole purpose in

23    committing the murder.  You need only find that it was an

24    animating purpose, and for purposes of this element, it is

25    sufficient if the defendant committed the alleged murder

*15-20652; USA v. EUGENE FISHER, ET AL*

1     in furtherance of his membership in the enterprise, or

2     because he knew that it was expected of him by reason of

3     that membership.

4           I now give you more detailed instructions.

5           The previous explanations and definitions that I

6     provided you pertaining to first degree murder apply here

7     as well.

8           Also, I have previously instructed you regarding

9     some of the terms contained above, such as, enterprise,

10    engaged in interstate commerce, and racketeering activity.

11    Those instructions apply here as well.

12          If you are convinced that the government has

13    proved all of these elements for this charge, say so by

14    returning a guilty verdict on this charge.  If you have

15    reasonable doubts about any of these elements, then you

16    must find the defendant not guilty of this charge.

17          Count 17 of the indictment charges Arlandis Shy

18    and Keithon Porter with the use of a firearm in

19    furtherance of a crime of violence causing death, or

20    aiding and abetting this offense involving the alleged

21    murder of Dvante Roberts on May 8, 2015.

22          In order to find the defendant guilty of this

23    charge, you must be convinced that the government has

24    proved each of the following elements beyond a reasonable

25    doubt:

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1573, PageID.21823 Filed 12/19/18 Page 76 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 PageID.9502 Page 76 of 115

76

1      One, that the defendant committed the crime of

2  violence alleged in Count 1 -- I'm sorry -- in Count 16

3  namely, murder in aid of racketeering.

4      Two, the defendant used -- knowingly used or

5  carried a firearm.

6      Three, the use or carrying of the firearm was

7  during and in relation to the crime of violence.

8      Four, in the course of committing the crime of

9  violence, the defendant caused the death of another

10 person, Dvante Roberts, through the use of the firearm.

11      And five, that the death was an unlawful killing

12 of a human being with malice aforethought.

13      I have previously instructed you regarding some of

14 the terms contained above, such as, use, carrying,

15 firearm, during and in relation to, knowingly, and malice

16 aforethought.

17      If you are convinced that the government has

18 proved all of these elements for this charge, say so by

19 returning a guilty verdict on this charge.  If you have

20 reasonable doubt any of these elements, then you must find

21 the defendant not guilty of this charge.

22      Count 18 of the indictment charges defendants

23 Arlandis Shy and Keithon Porter with violating federal law

24 by committing, or aiding and abetting in the commission of

25 attempted murder in aid of racketeering involving the

Case 2:15-cr-20652-GCS-DRG  ECF No. 1520, PageID.21823  Filed 12/16/19  Page 77 of 115
Case 2:15-cr-20652-GCS-DRG  ECF No. 1520, PageID.21823  Filed 10/01/18  PageID.13501  Page 77 of 115
115

77

1    alleged attempted murder of Marquis Wicker on May 8, 2015.

2           To find the defendant guilty of this charge, you

3    must be convinced that the government has proved each of

4    the following elements beyond a reasonable doubt:

5           One, that the Seven Mile Bloods enterprise existed

6    as alleged in the indictment.

7           Two, that the enterprise was engaged in interstate

8    commerce or its activities affected interstate commerce.

9           Three, that the enterprise was engaged in

10   racketeering activity.

11          And four, that the defendant committed or aided

12   and abetted in the commission of the attempted murder of

13   Marquis Wicker.  I previously provided you with the

14   elements of attempted murder, which is also known as

15   assault with intent to murder as set forth in Count 6.

16          Five, the defendant's purpose in committing the

17   attempted murder was to maintain or increase his position

18   in the enterprise.  It's not necessary for the government

19   to prove that this was the defendant's sole purpose in

20   committing the attempted murder.  You need only find that

21   it was an animating purpose.  For purposes of this

22   element, it is sufficient if the defendant committed the

23   alleged attempted murder in furtherance of his membership

24   in the enterprise, or because he knew that it was expected

25   of him by reason of that membership.

                *15-20652; USA v. EUGENE FISHER, ET AL*

1    I've previously instructed you regarding some of

2    the terms contained above, such as, enterprise, engaged in

3    interstate commerce, and racketeering activity.  Those

4    instructions apply here as well.

5    If you are convinced that the government has

6    provided -- has proved all of these elements for this

7    charge, say so by returning a guilty verdict on this

8    charge.  If you have a reasonable doubt about any of these

9    elements, then you must find the defendant not guilty of

10   this charge.

11   Count 19 of the indictment charges the defendants

12   Arlandis Shy and Keithon Porter with violating federal law

13   by committing, or aiding and abetting in the commission of

14   attempted murder in aid of racketeering involving the

15   alleged murder of Darrio Roberts on May 8, 2015.

16   In order to find the defendant guilty of this

17   crime, you must be convinced that the government has

18   proved each of the following elements beyond a reasonable

19   doubt:

20   One, the Seven Mile Bloods enterprise existed as

21   alleged in the indictment.

22   Two, the enterprise was engaged in interstate

23   commerce or its activities affected interstate commerce.

24   Three, that the enterprise was engaged in

25   racketeering activity.

*15-20652; USA v. EUGENE FISHER, ET AL*

```
1              Four, that the defendant committed or aided and

2       abetted in the commission of the attempted murder of

3       Darrio Roberts.

4              I've previously provided you with the elements of

5       attempted murder, also known as assault with intent to

6       murder as set forth in Count 6.

7              For the defendant's purpose -- I'm sorry.

8              Number five, the defendant's purpose in committing

9       the alleged murder -- or attempted murder was to maintain

10      or increase his position in the enterprise.  It's not

11      necessary for the government to prove that this was the

12      defendant's sole purpose in committing the attempted

13      murder.  You need only find that it was an animating

14      purpose.  For purposes of this element, it is sufficient

15      if the defendant committed the alleged attempted murder in

16      furtherance of his enterprise, or because he knew it was

17      expected of him by reason of that membership.

18             I've previously instructed you regarding some of

19      the terms contained above, like enterprise, engaged in

20      interstate commerce and racketeering activity.  Those

21      instruction apply here as well.

22             If you are convinced that the government has

23      proved all of these elements for this charge, say so by

24      returning a guilty verdict on this charge.  If you have

25      reasonable doubts about any of these elements, then you
```

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG  ECF No. 1573  PageID.21826  Filed 12/19/18  Page 80 of 115
Case 2:15-cr-20652-GCS-DRG  ECF No. 1208  Filed 10/01/18  PageID.9302  Page 80 of 115

80

 1    must find the defendant not guilty of this charge.

 2              Why don't we take another short break.

 3

 4              (Recess taken at 11:21 a.m.)

 5

 6         (Proceedings held with jury at 11:35 a.m.)

 7

 8              **THE COURT:**  Okay.  You can take a seat.

 9         So Page 93.

10         Count 20 of the indictment charges defendants

11    Arlandis Shy and Keithon Porter with violating federal law

12    by committing, or aiding and abetting in commission of

13    attempted murder in aid of racketeering involving the

14    alleged attempted murder of Jesse Ritchie on May 8, 2015.

15         In order to find the defendant guilty of this

16    crime, you must be convinced that the government proved

17    each of the following elements beyond a reasonable doubt:

18         One, the Seven Mile Bloods enterprise existed as

19    alleged in the indictment.

20         Two, that the enterprise was engaged in interstate

21    commerce or its activities affected interstate commerce.

22         Three, that the enterprise was engaged in

23    racketeering activity.

24         Four, that the defendant committed, or aided and

25    abetted in the commission of the attempted murder of Jesse

                 *15-20652; USA v. EUGENE FISHER, ET AL*

1    Ritchie.  I previously provided you with the elements of

2    attempted murder, also known as assault with intent to

3    murder as set forth in Count 6.

4         Five, the defendant's purpose in committing the

5    attempted murder was to maintain or increase his position

6    in the enterprise.  It's not necessary for the government

7    to prove that this was the defendant's sole purpose in

8    committing the attempted murder.  You need only find that

9    it was an animating purpose.  For purposes of this

10   element, it is sufficient if the defendant committed the

11   alleged attempted murder in furtherance of his membership

12   in the enterprise, or because he knew that it was expected

13   of him by reason of that membership.

14        I've previously instructed you concerning some of

15   the terms contained above, such as, enterprise, engaged in

16   interstate commerce, and racketeering activity.  Those

17   instructions apply here as well.

18        If you are convinced that the government has

19   proved all of these elements for this charge, say so by

20   returning a verdict of guilty of this charge.  If you have

21   a reasonable doubt about any of these elements, then you

22   must find the defendant not guilty of this charge.

23        Count 24 of the indictment charges Arlandis Shy

24   and Keithon Porter with violating federal law by using and

25   carrying a firearm during and in relation to a crime of

*15-20652; USA v. EUGENE FISHER, ET AL*

1    violence, or aiding and abetting this offense, involving

2    the alleged attempted murders on May 8, 2015.

3            For you to find the defendant guilty of this

4    crime, you must find that the government has proved each

5    and every one of the following elements beyond a

6    reasonable doubt:

7            First, the defendant committed any of the crimes

8    of violence charged in Counts 18, 19 or 20, namely

9    attempted murder in aid of racketeering.

10           Second, the defendant knowingly used or carried a

11   firearm.

12           Third, the use and carrying of a firearm was

13   during and in relation to the crime of violence charged in

14   any of the charges of Counts 18, 19, 20 constituting

15   attempted murder in aid of racketeering.

16           Fourth, that the firearm was discharged.

17           I've previously instructed you on some terms

18   contained above, like use, carrying, firearm, during and

19   in relation to, and knowingly, and those apply here as

20   well.

21           If you are convinced that the government has

22   proved all of these elements, say so by returning a guilty

23   verdict on this charge.  If you have reasonable doubt

24   about any of these elements, you must find the defendant

25   not guilty of this charge.

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1572, PageID.21829 Filed 12/19/18 Page 83 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.15027 Page 83 of 115

83

1       Next, I'm going to address attempted murder in aid

2    of racketeering charged in Count 25, and use of a firearm

3    in furtherance of a crime of violence as charged in Count

4    27 as against defendant Eugene Fisher and Robert Brown,

5    II.

6       Count 25 of the indictment charges the defendant

7    Eugene Fisher and Robert Brown with violating federal law

8    by committing, or aiding and abetting the commission of

9    attempted murder in aid of racketeering involving the

10   alleged attempted murder of Derrick Peterson, Darnell

11   Canady and Jason Gaskin on May 10, 2015.

12      In order to find a particular defendant guilty of

13   this crime, you must be convinced that the government has

14   proved each of the following elements beyond a reasonable

15   doubt:

16      One, the Seven Mile Bloods enterprise existed as

17   alleged in the indictment.

18      Two, that the enterprise was engaged in interstate

19   commerce or its activities that affected interstate

20   commerce.

21      Three, that the enterprise was engaged in

22   racketeering activity.

23      Four, that the defendant committed, or aided and

24   abetted in the commission of the attempted murder of

25   Derrick Peterson, Darnell Canady or Jason Gaskin.

*15-20652; USA v. EUGENE FISHER, ET AL*

1    I've previously provided you with elements of the

2  attempted murder, also known as assault with intent to

3  murder as set forth in Count 6.

4    Five, that the defendant's purpose in committing

5  the attempted murder was to maintain or increase his

6  position in the enterprise.  It's not necessary for the

7  government to prove that this was the defendant's sole

8  purpose in committing the attempted murder.  You need only

9  find that it was an animating purpose.  For purposes of

10  this element, it is sufficient if the defendant committed

11  the alleged attempted murder in furtherance of his

12  membership in the enterprise, or because he knew that it

13  was expected of him by reason of that membership.

14    I have previously instructed you regarding some of

15  the terms contained above, such as, enterprise, engaged in

16  interstate commerce, and racketeering activity.  Those

17  instructions apply here as well.

18    If you are convinced that the government has

19  proven all of these for this charge, say so by returning a

20  guilty verdict on this charge.  If you have a reasonable

21  doubt about any of these elements, then you must find the

22  defendant not guilty of this charge.

23    Count 27 of the indictment charges Eugene Fisher

24  and Robert Brown with violating federal law by using and

25  carrying a firearm during and in relation to a crime of

1  violence, or aiding and abetting this offense, involving

2  the alleged attempted murders on January 10, 2015.

3       For you to find the defendant guilty of this

4  crime, you must find that the government has proved each

5  and every one of the following elements beyond a

6  reasonable doubt:

7       First, that the defendant committed the crime of

8  violence charged in Count 25, namely attempted murder in

9  aid of racketeering.

10      Second, the defendant knowingly used or carried a

11 firearm.

12      Third, the that use or carrying of a firearm was

13 during and in relation to the crime of violence charged in

14 Count 25 being attempted murder in aid of racketeering.

15      Fourth, that the firearm was discharged.

16      As I have previously instructed you on some of the

17 terms contained above, such as, use, carrying, firearm,

18 during and in relation to, and knowingly, and those terms

19 apply here as well.

20      If you are convinced that the government has

21 proved all of these elements, say so by returning a guilty

22 verdict on this charge.  If you have reasonable doubt

23 about any of these elements, then you must find the

24 defendant not guilty of that charge.

25      This deals with the charge of felon in possession

*15-20652; USA v. EUGENE FISHER, ET AL*

1    of a firearm and ammunition against Eugene Fisher.

2          Count 33 of the indictment charges Eugene Fisher

3    with violating federal law by being a convicted felon in

4    possession of a firearm on or about September 26, 2015.

5          For you to find him guilty of this crime, you must

6    find that the government has prove each and every one of

7    the following elements beyond a reasonable doubt:

8          First, the defendant has been convicted of a crime

9    punishable by imprisonment for more than one year.  The

10   government and the defendant have agreed that the

11   defendant has previously been convicted of a crime

12   punishable by imprisonment for more than one year.

13         Second, the defendant, following his conviction,

14   knowingly possessed a firearm.

15         Third, that the firearm crossed a state line prior

16   to the alleged possession.  It is sufficient to show that

17   the firearm was manufactured in a state other than

18   Michigan.  The government and the defendant have agreed

19   that the firearm crossed a state line prior to the alleged

20   possession in this case.

21         I have previously instructed you regarding some of

22   the terms contained in the above, such as, firearm,

23   knowingly and possession.  Those instructions apply here

24   as well.

25         If you are convinced that the government has

1      proved all of these elements for this charge, say so by

2      returning a guilty verdict on this charge.  If you

3      reasonable doubts about any of these elements, then you

4      must find the defendant not guilty of this charge.

5              Count 34 of the indictment also charged Eugene

6      Fisher with violating federal law by being a convicted

7      felon in possession of a firearm or ammunition on or about

8      November 12, 2015.

9              For you to find him guilty of this charge, you

10     must find that the government has proved each and every

11     one of the following elements beyond a reasonable doubt:

12             First, the defendant has been convicted of a crime

13     punishable by imprisonment for more than one year.  The

14     government and the defendant have agreed that the

15     defendant has previously been convicted of a crime

16     punishable by imprisonment for than one year.

17             Second, that the defendant, following his

18     conviction, knowingly possessed a firearm or ammunition.

19             Third, that the firearm or ammunition crossed a

20     state line prior to the alleged possession.  It is

21     sufficient to show that the firearm and ammunition were

22     manufactured in a state other than Michigan.  The

23     government and the defendant have agreed that the firearm

24     and ammunition crossed a state line prior to the alleged

25     possession.

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1528 PageID.21834 Filed 12/19/18 Page 88 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.9832 Page 88 of 115

88

1    I have previously instructed you regarding some of

2    the terms contained above, such as, firearm, knowingly and

3    possession.  These instructions apply here as well.

4    If you are convinced that the government has

5    proved all of these elements for this charge, say so by

6    returning a guilty verdict on this charge.  If you have

7    reasonable doubt about any of these elements, then you

8    must find the defendant not guilty of this charge.

9    As it relates to charges of aiding and abetting,

10   murder and attempted in aid of racketeering as addressed

11   in Counts 2, 4, 6, 7, 8, 13, 16, 18, 19, 20 and 25.

12   A person may violate the law even though he does

13   not personally do each and every act constituting the

14   offense.  You may find a particular defendant guilty if he

15   intentionally helped or encouraged someone else to commit

16   the crime.  A person who does that is called an aider and

17   abettor.

18   For to you find a particular defendant guilty of a

19   crime as an aider and abettor, you must be convinced that

20   government has proved each and every one of the following

21   elements beyond a reasonable doubt:

22   First, that the specific crime under consideration

23   was committed.

24   Second, that the particular defendant helped to

25   commit the crime or encouraged someone else to commit the

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1570 PageID.21835 Filed 12/19/18 Page 89 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 PageID.16758 Filed 10/03/18 PageID.15033 Page 89 of 115

89

1    crime.

2         And third, that the particular defendant intended

3    to help commit or encourage the crime.

4         Proof that a particular defendant may have known

5    about a crime, even if it was there when it was committed,

6    is not enough to find him guilty.  You can consider it

7    this in deciding whether the government has proved that he

8    was an aider and abettor, but without more, it is not

9    enough.

10        What the government must prove is that the

11   particular defendant did something to help or encourage

12   the crime with the intent that the crime be committed.

13        If you are convinced that the government has

14   proved all these elements of a specific charge against a

15   particular defendant, say so by returning a guilty verdict

16   on that charge as to that defendant.  If you have

17   reasonable doubt about any one of those elements of a

18   specific charge as to a particular defendant, then you

19   cannot find the defendant guilty of that crime as an aider

20   and abettor.

21        Next, the Court will address aiding and abetting,

22   possession of a firearm in furtherance of a crime of

23   violence, and use and carry of a firearm during and in

24   relation to a crime of violence as in Counts 3, 5, 12, 15,

25   17, 24, 27 and 32.

*15-20652; USA v. EUGENE FISHER, ET AL*

1    For to you find a defendant guilty of the charges

2    contained in Counts 3, 5, 17, 17, 24, 27 or 32, it is not

3    necessary for you to find that the particular defendant

4    personally committed that crime.  You may also find him

5    guilty if he intentionally helped or encouraged someone

6    else to commit the crime.  A person doing this is called

7    an aider and abettor.

8    For to you find the defendant guilty of a crime as

9    an aider and abettor, you must be convinced that the

10   government has proved each and every one of the following

11   elements beyond a reasonable doubt:

12   First, that the specific crime under consideration

13   was committed.

14   Second, that the particular defendant helped to

15   commit or encouraged someone else to commit that crime.

16   And third, that the particular defendant intended

17   to help commit or encourage that crime.  A defendant

18   intended to aid or abet the firearm crime if he had

19   advance knowledge that an enterprise member or associate

20   would possess a firearm in furtherance of the conspiracy.

21   Advance knowledge means knowledge at a time when the

22   defendant can attempt to alter the plan or withdraw from

23   the enterprise.  Knowledge of a firearm may, but does not

24   have to exist before the underlying crime is begun.  It is

25   sufficient if the defendant gained the knowledge in the

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1573, PageID.21837 Filed 12/19/18 Page 91 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1573, PageID.21837 Filed 12/19/18 Page 91 of 115
115

91

1    midst of the underlying crime, as long as the defendant

2    chose to continue to participate in the crime and had a

3    realistic opportunity to withdraw.  You may, but need not

4    infer that the defendant had sufficient foreknowledge if

5    you find that the defendant chose to continue his

6    participation in the crime after the defendant knew an

7    accomplice possessed a firearm.

8            If you are convinced that the government has

9    proved all of these elements, say so by returning a

10   verdict of guilty on this charge.  If you have reasonable

11   doubt about any one of these elements, then you cannot

12   find the defendant guilty of possessing a firearm in

13   furtherance of a crime of violence as an aider and

14   abettor.

15           As I just described, the indictment accuses each

16   defendant of committing the crime charged in more than one

17   possible way.  The first way is that particular defendant

18   personally committed the crime.  The second way is that a

19   particular aided and abetted another person in committing

20   the crime.

21           The government does not have prove both of those

22   for you to return a verdict of guilty on a charge under

23   consideration, but to return a guilty verdict, all of

24   you -- all 12 of you must unanimously agree that the

25   particular defendant either personally committed the

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1573, PageID.21833 Filed 12/19/18 Page 92 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/03/18 PageID.9036 Page 92 of 115

92

1      offense or aided and abetted the offense under

2      consideration.

3              I am now going to address some evidentiary

4      instructions and your deliberations.

5              That concludes the part of my instructions

6      explaining the elements of the crimes and the defendants'

7      positions.

8              Next, I will explain some rules that you must use

9      in considering some of the testimony and evidence in the

10     case.

11             Now some of the people who may have involved in

12     these events are not on trial.  This does not matter.

13     There's no requirement that all members of a conspiracy or

14     event be charged and prosecuted or tried together in one

15     proceeding.  Nor is there any requirement that the names

16     of all of the other conspirators be known.  An indictment

17     can charge a defendant with a conspiracy involving people

18     whose names are not known, as long as the government can

19     prove that the defendant conspired with one or more of

20     them.  Whether they are named or not does not matter.

21             Each defendant has an absolute right not to

22     testify or to present evidence.  The fact that a defendant

23     may not testify or present evidence cannot be considered

24     by you in any way.  Do not even discuss it in your

25     deliberations.

                 *15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1572, PageID.21899 Filed 12/19/18 Page 93 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/03/18 PageID.9537 Page 93 of 115

93

1        Remember that it is up to the government to prove

2    a defendant guilty beyond a reasonable doubt.  It is up to

3    a defendant -- it is not up to a defendant to prove that

4    he is innocent.

5        You had heard testimony of FBI Special Agent

6    Joseph Jensen and Michigan State Police Laboratory

7    Technician Rebecca Smith, both of whom testified as

8    opinioned witnesses.

9        You do not have to accept their opinions.  In

10   deciding how much weight to give their opinions, you

11   should consider the witness' qualifications, and how he or

12   she reached their conclusions.  Also consider other

13   factors discussed in these instructions for weighing the

14   credibility of witnesses.

15       Remember that you alone decide how much of a

16   person's testimony to believe, and how much weight you

17   think it deserves.

18       You heard the testimony of Derrick Kennedy and

19   Special Agent Vicente Ruiz, both of them testified to both

20   facts and opinions.  Each of these types of testimony

21   should be given property weight.

22       As the testimony -- as to the testimony on facts,

23   consider the factors described earlier in these

24   instructions for weighing the credibility of witnesses.

25       As to the testimony on opinions, you don't have

*15-20652; USA v. EUGENE FISHER, ET AL*

1    accept a witness' opinion.  In deciding how many weight to

2    give it, you should consider the witness' qualifications,

3    how he reached his conclusions, along with the other

4    factors discussed in these instructions for weighing the

5    credibility of witnesses.

6          Remember that you alone decide how much of a

7    witness' testimony to believe, and how much weight you

8    believe it deserves.

9          You heard testimony from various witnesses in

10    which evidence was admitted only as against a specific

11    defendant.  At those times I instructed you that the

12    particular testimony was only to be considered against a

13    certain defendant.

14          In those instructions, you can only consider such

15    testimony -- in those circumstances, excuse me.  You can

16    only consider such testimony as against the specific

17    defendant that I instructed you in deciding whether the

18    government has proved him guilty.  You may not consider it

19    in any against any other of the defendants charged.

20          You have heard the testimony of witnesses who made

21    statements before this trial and whose prior statements

22    differed from their testimony here in court.

23          The earlier statements were brought to your

24    attention only to help you decide how believable the

25    witness' testimony was.  You can't use the prior

*15-20652; USA v. EUGENE FISHER, ET AL*

1    statements as proof of anything else.  You can only use

2    them as one way of evaluating the witness' testimony here

3    in court.

4         You heard the testimony of Matleah Scott, Anthony

5    Lovejoy and Derrick Kennedy.  You have heard that the

6    government has promised not to use what that witness said

7    against her or him under a Kastigar agreement, and

8    promised them that they may receive time off of their

9    sentences in exchange for their cooperation.

10        This is permissible for the government to make

11   such promises, but you should consider their testimony

12   with more caution than the testimony of other witnesses.

13   Consider whether their testimony may have been influenced

14   by the government's promises.

15        But don't convict the defendant based on the

16   unsupported testimony of such a witness standing alone,

17   unless you believe his testimony beyond a reasonable

18   doubt.

19        You have heard the testimony of Matleah Scott,

20   Anthony Lovejoy and Derrick Kennedy who were involved in

21   the same crimes that the defendants are alleged -- are

22   charged with committing.  You should consider those

23   witness' testimony with more caution than the testimony of

24   other witnesses.

25        Do not convict the defendants based on the

*15-20652; USA v. EUGENE FISHER, ET AL*

1   unsupported testimony of such a witness standing alone,

2   unless you believe his or her testimony beyond a

3   reasonable doubt.

4          The fact in a Matleah Scott, Anthony Lovejoy and

5   Derrick Kennedy have pleaded guilty to a crime is not

6   evidence that the defendants are guilty, and you cannot

7   consider this against the defendants in any way.

8          You have heard some video and audio recordings

9   that were received in evidence, and you were shown some

10  transcripts of those records.

11         Keep in mind that the transcripts are not

12  evidence.  They were shown to you only as a guide to help

13  you follow what was being said.  The recordings themselves

14  are the evidence.  If you noticed any difference between

15  what you read and heard on the recordings -- excuse me.

16         If you notice any differences between what you

17  have heard on the recording and what you saw in the

18  transcripts, you must rely on what you heard, not on what

19  you read, and if you could not hear or understand certain

20  parts of the tapes, you should ignore and must ignore the

21  transcripts so far as though parts are concerned.

22         The government and the defendants have agreed or

23  stipulated to certain facts or testimony.  Therefore, you

24  must accept those facts or testimony as proved.

25         That concludes the part of my instructions

*15-20652; USA v. EUGENE FISHER, ET AL*

1    explaining the rules for considering some of the testimony

2    and evidence.  Now let me finish up by explaining some

3    things about your deliberations in the jury room and your

4    possible verdicts.

5         The first thing that you're going to do in the

6    jury room is to choose someone to act as your foreperson.

7    This person will help to guide your discussions, and will

8    speak for you here in court.

9         Once you start deliberating, do not talk to the

10   jury officers, to the court or anyone else except each

11   other about the case.  If you have any questions or

12   messages, you should write them down on a piece of paper

13   and sign them, and then give them to the jury officer, who

14   forward them to me, and I'll respond as soon as possible.

15   I may have to talk to the lawyers about what you've asked,

16   or it may take me sometime to get back to you.  Any

17   questions or messages normally should be sent to me

18   through your foreperson.

19        If you want to see any of the exhibits that were

20   admitted in evidence, you may send a message, and those

21   exhibits will be provided to you.  You can ask for

22   exhibits individually.  You can ask for groups or all of

23   the exhibits if you wish.  The only exhibits that will not

24   be provided to you for examination in the jury room are

25   the drugs, ammunition and weapons received.  That is not

*15-20652; USA v. EUGENE FISHER, ET AL*

1   to say you can't inspect those, but such inspection would

2   occur in the courtroom and not in the jury room.

3        That concludes part of my instructions explaining

4   the rules for considering some of the testimony and

5   evidence.

6        One more thing about messages.  Do not ever write

7   down tell anyone, including me, how you stand on your

8   voting.  For example, don't write down or tell anyone that

9   you're split 6-6 or 8-4 on a specific charge or charges or

10  whatever your vote happens to be.  That should stay secret

11  until you are finished.

12       Remember that you must make your decision based

13  only on the evidence that you saw and heard in court.

14       During your deliberations, you must not

15  communicate with or provide any information to anyone by

16  means -- by any means about this case.  Until I accept

17  your verdict, you may not use any electronic device or

18  media, like telephones, cell phones, smart phones,

19  iPhones, Blackberry computer, the internet, any internet

20  service, any text or instant messaging service, any

21  internet chat room, blog or website such as Facebook,

22  MySpace, LinkedIn, YouTube, Instagram, Snapchat or Twitter

23  to communicate to anyone any information about this case,

24  or to conduct any research about the case.  In other

25  words, you can't talk to anybody on the phone, correspond

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1720, PageID.21945 Filed 12/19/19 Page 99 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 PageID.19043 Filed 10/04/18 Page 99 of 115

99

1    with anyone, or electronically communicate with anyone

2    about the case.  You can only discuss this case in the

3    jury room with your fellow jurors during deliberations.

4    If you become aware of another juror's violation of these

5    instructions, I expect you to notify the Court.

6        You may not use these electronic means to

7    investigate or communicate about the case because it's

8    important that you decide case based only on the evidence

9    presented in this courtroom.  Information on the internet

10   or available through social media might be wrong,

11   incomplete or inaccurate.  You are only permitted to

12   discuss the case with your fellow jurors during

13   deliberations because they have seen and heard the same

14   evidence as you.

15       In our judicial system, it is important that

16   you're not influenced by anything or anyone outside of

17   this courtroom.  Otherwise, your decision may be based on

18   information known only to you, and not to your fellow

19   jurors or other parties in the case.  This would unfairly

20   and adversely impact the judicial process.  A juror who

21   violates these instructions jeopardizes the fairness of

22   the proceedings, and a mistrial could result, which would

23   require the trial process to start over.

24       Your verdict as to each count, and each additional

25   question that you answer concerning Count 1, whether it is

*15-20652; USA v. EUGENE FISHER, ET AL*

1    guilty or not guilty must be unanimous.

2         As to each count, in order to find a particular

3    defendant guilty, every one of you must agree that the

4    government has overcome the presumption of innocence with

5    evidence that proves his guilt beyond a reasonable doubt

6    for that count.  As to each count, in order to find a

7    particular defendant not guilty, each one of you must

8    agree that the government has failed to convince you

9    beyond a reasonable doubt as to that count.  Either way,

10   guilty or not guilty, your verdict must be unanimous has

11   to each count.

12        Now that all evidence is in, and the arguments are

13   completed, you are free talk about the case in the jury

14   room.  In fact, it is your duty to talk with each other

15   about the evidence, and to make every reasonable effort

16   you can to reach unanimous agreement.  Talk to each other,

17   listen carefully and respectfully to each other's views,

18   keep an open mind as you listen to what your fellow jurors

19   have to say.  Try your best to work out your differences.

20        Do not hesitate to change your mind if you are

21   convinced that other jurors are right, and that your

22   original position was wrong, but do not ever change your

23   mind just because other jurors see things differently, or

24   just to get the case over with.  In the end, your vote

25   must be exactly that, your own vote.  It is important for

*15-20652; USA v. EUGENE FISHER, ET AL*

1    you reach unanimous agreement, but only if you can do so

2    honestly and in good conscience.

3         No one will be allowed to hear your discussions in

4    the jury room, and no record will be made of what you say.

5    So you should all feel free to speak your own mind.

6         Listen carefully to what the other jurors have to

7    say, and then decide for yourself if the government has

8    prove a defendant guilty beyond a reasonable doubt.

9         If you decide that the government has proved a

10   defendant guilty, then it is my job to decide what the

11   appropriate punishment should be.

12        Deciding what the punishment is my job, not yours.

13   It would violate your oath as jurors to even consider the

14   possible punishment in deciding your verdict.

15        It is your job to look at the evidence, and decide

16   if the government has proved each defendant guilty beyond

17   a reasonable doubt.

18        So separate verdict forms have been created for

19   each defendant, and will be sent into the jury room with

20   you, which you'll use to record your verdict.

21        The form reads as follows, it varies with the

22   defendant based on what individual charges are against

23   those defendants.

24        So the verdict form essentially reads:

25        Count 1, with respect to the RICO conspiracy

*15-20652; USA v. EUGENE FISHER, ET AL*

1    charged in Count 1, we, the jury, unanimously find -- this

2    one I'm using as an example happens to involve Eugene

3    Fisher -- and the boxes allow you to check not guilty or

4    guilty, depending on the conclusions that you reach.

5         Again, using this example, the text goes to read:

6         With respect to Count 1, if you find Eugene Fisher

7    not guilty of RICO conspiracy, please skip to Page 3.

8    There's no need to answer the two questions listed on the

9    next page.

10        Those two questions, if your verdict is guilty on

11   Count 1 are to be answered.  The questions read:

12        Did the defendant Eugene Fisher, between July 14,

13   2014 through September 26, 2015, conspire with another

14   conspirator to assault rival gang members with intent to

15   commit murder, and you have, again, two potential options

16   either no or yes.

17        The second question on that page, again the

18   question is only to be answered if you find guilty on

19   Count 1 reads as follows:

20        Did defendant Eugene Fisher commit or cause to be

21   committed, or aid and abet in the commission of the

22   attempted murder, assault with intent to murder, of

23   Derrick Peterson, Darnell Canady or Jason Gaskin on or

24   about May 10, 2015.  Again two choices, no or yes.

25        If you found Mr. Fisher not guilty, you're not

1    answering those two questions, and you go straight to the

2    other counts that are charged, which ask you to make

3    findings of guilty or not guilty.

4         Again, as an example in Mr. Fisher's case, the

5    charges include Count 25, which is a charge of attempted

6    murder of Derrick Peterson, Darnell Canady or Jason

7    Gaskin.

8         In Count 27, which charges use and carry of a

9    firearm during and in relation to a crime of violence.

10        And Count 32, which charges possession of a

11   firearm in furtherance of a crime of violence.

12        Then Count 33 charges felon in possession of a

13   firearm, and Count 34, charging felon in possession of a

14   firearm or ammunition, and those again are all going to be

15   answered not guilty or guilty depending on your

16   conclusions in reviewing the case.

17        Each of these verdict forms are somewhat different

18   based on the different charges that you're dealing with.

19        If you decide that the government has proved the

20   charge against a particular defendant beyond a reasonable

21   doubt, say so by having your foreperson mark the

22   appropriate place on that form.  If you decide that the

23   government has not proved the charge against him beyond a

24   reasonable doubt, say so by having your foreperson mark

25   the appropriate place on the form.  Your foreperson should

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1572 PageID.21050 Filed 12/16/19 Page 104 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/05/18 PageID.15848 Page 104 of 115
115

104

1    then sign each form, date it, and notify the Court that

2    you reached a verdict.

3              Remember that the defendants are only on trial for

4    the particular crimes charged in the indictment.  Your job

5    is limited to deciding whether the government has proved

6    the crimes charged.

7              Also, remember that whether anyone else should be

8    prosecuted and convicted for these crimes is not a proper

9    matter for you to consider.  The possible guilt of others

10   is no defense to a criminal charge.  Your job is to decide

11   if the government has proved these defendants guilty.

12   Don't let the possible guilt of others influence your

13   decision in any way.

14             Let me finish up by repeating something that I

15   said to earlier.  Nothing that I've said or done during

16   trial is meant to influence your decision in any way.  You

17   decide for yourselves if the government has proved the

18   defendants guilty beyond a reasonable doubt.

19             Is counsel satisfied with the instruction as read?

20             **MR. WIGOD:**  Could we approach very briefly?

21             **THE COURT:**  Sure.

22

23        (Sidebar conference held on the record.)

24

25             **MR. WIGOD:**  There are some minor corrections

                     *15-20652; USA v. EUGENE FISHER, ET AL*

1     throughout on some -- or a handful of corrections on

2     firearm charges where introductory paragraph has some

3     incorrect language.  Nothing in the elements or the title.

4     I can put that on the record afterwards, but otherwise --

5          **MR. DALY:**  The verdict forms need a place for

6     the foreperson to sign and date it.  That would be

7     helpful.  So maybe you can tell them to leave their

8     instructions on the seats when they go in, and we can make

9     the changes how's that?

10         **THE COURT:**  Okay.

11

12         (Sidebar concluded.)

13

14         **THE COURT:**  There's one more instruction that

15    I need to give.

16         Remember that if you elected to take notes during

17    the trial, your notes should be use only as memory in the

18    case.  You should not give your notes greater weight than

19    your independent recollection of the evidence.  You should

20    rely on your own independent recollection of the evidence

21    or lack of evidence, and you should not be unduly

22    influenced by the notes of other jurors.  Notes are not

23    intended -- are entitled to anymore weight than the memory

24    or impression of each juror.

25         Whether you took notes or not, each of you should

*15-20652; USA v. EUGENE FISHER, ET AL*

 1  form and express your own opinions as to the facts in the

 2  case.

 3          After this case is over your notes, if any, will

 4  be collected and destroyed, and no one will ever see your

 5  notes.

 6          All right.  We're going to first excuse four of

 7  you from the deliberation portion.

 8          **MR. S. SCHARG:**  One moment, Judge.

 9          Can we confer with the government for one minute?

10          **THE COURT:**  Sure.

11          **MR. WIGOD:**  May we approach?

12          **THE COURT:**  Sure.

13

14          (Sidebar conference held on the record.)

15

16          **MR. WIGOD:**  There is some discussion among

17  the defense and government about stipulating to excusing

18  one of the jurors.

19          **THE COURT:**  Okay.

20          **MR. WIGOD:**  But I think we've decided to see

21  who the first three are off.  So if we can have another

22  meeting possibly?

23          **MR. S. SCHARG:**  Why don't we strain it out

24  now that if she's not included in the first three --

25          **MR. WIGOD:**  Why don't we revisit it?  I

*15-20652; USA v. EUGENE FISHER, ET AL*

1    talked to the other two.  We can revisit it after the

2    three.

3              THE COURT:  Okay.

4              MR. S. SCHARG:  We all have a concern over

5    Juror Number 11, who is in the back, who has been

6    throughout trial, has been -- not only closing eyes, but

7    dozing off on a continuous basis, even today during the

8    charging of the jury.

9              THE COURT:  That is understandable.

10             MR. THEIS:  The only thing that I would say,

11   just because out of the consideration for the service

12   they've all put in, that if we do that, that she never --

13   or no one is informed that that was done, and that's why

14   she was eliminated.

15             MR. S. SCHARG:  Won't it draw undue attention

16   if we come back?

17             MR. WIGOD:  No, we have these meetings

18   routinely.

19             MR. S. SCHARG:  Can we agree then that if

20   she's not in the first three, we will ask to approach the

21   bench?

22             THE COURT:  Yes.

23

24                 (Sidebar concluded.)

25


              *15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-00652-GCS-DRG ECF No. 1572 PageID.21054 Filed 12/16/19 Page 108 of 115
Case 2:15-cr-00652-GCS-DRG ECF No. 1208 Filed 10/01/18 PageID.15852 Page 108 of 115
115

108

1              THE COURT:  We're going to ask the clerk to

2      randomly determine three names.

3              THE CLERK:  Seat Number 6, Seat Number 1 and

4      Seat Number 4.

5              THE COURT:  Okay.  I understand that you wish

6      to approach?

7

8          (Sidebar conference held on the record.)

9

10             MR. WIGOD:  I think we can do a random

11     selection.

12             MR. THEIS:  That's fine with me.

13             MR. SPIELFOGEL:  Just pick another one at

14     random?

15             MR. THEIS:  Yes.

16             MR. SPIELFOGEL:  Okay.  Craig doesn't feel

17     that way, and I don't feel that way either.  I would

18     rather get rid of her.  She slept through -- what's the

19     government's position.

20             MR. WIGOD:  I don't have a great vantage

21     point, but I can't tell whether someone is sleeping.

22             MR. SPIELFOGEL:  The Court had a very good

23     view.

24             MR. WIGOD:  But that's not a reason to kick

25     someone off.

                    *15-20652; USA v. EUGENE FISHER, ET AL*

 1             **MR. S. SCHARG:**  That's why you have alternate

 2     jurors, because if someone --

 3             **MS. FINOCCHIARO:**  How can you Judge one more

 4     than the other?

 5             **MR. S. SCHARG:**  I was across.  Mark was able

 6     to watch the juror.  I was watching her the whole time.

 7             **MR. SPIELFOGEL:**  I don't know if any -- your

 8     Honor, when you made your observations during the course

 9     of trial, did you -- did it strike you that she was

10     falling asleep?

11             **THE COURT:**  I did not see her nodding.

12             **MR. S. SCHARG:**  I brought it to your

13     attention before today.

14             **THE COURT:**  From my observation, there are

15     people that listen with their eyes closed.  I couldn't --

16             **MR. SPIELFOGEL:**  I don't know.

17             **MR. S. SCHARG:**  The only time that she was

18     wide awake was yesterday during Feinberg's closing

19     argument.

20             **MR. SPIELFOGEL:**  That destroys all theory.

21     Your Honor, I think we just pick.  We are in agreement.

22             **MR. S. SCHARG:**  I defer.

23             **MR. SPIELFOGEL:**  Let's just pick a fourth

24     number.

25                     (Sidebar conference concluded.)

                 *15-20652; USA v. EUGENE FISHER, ET AL*

```
 1              THE COURT:  We have one more name to draw.

 2              THE CLERK:  Seat Number 3.

 3              THE COURT:  As well, I'm not sure if there

 4    should be cheers or tears, but we'll excuse the four of

 5    you, and --

 6              JUROR NO. 2:  You know we ordered lunch?

 7              THE CLERK:  Yes.  You will get lunch.  I

 8    don't think we can have you eat lunch together.  So I'll

 9    talk to the four of you.  I will not be able to have

10    opinions about the case discussed in our four on one

11    discussion, because there's always a possibility that if

12    some problem arises with the 12 that's forcing somebody

13    out of the deliberations, under those circumstances, we

14    would recall -- randomly recall one of you to replace a

15    juror who is force to withdraw, but we'll discuss those

16    things.

17              The Court wants to thank, of course, the four of

18    you as well and all the lawyers for your sacrifices.

19              With that, we'll have the four of you step down.

20    Do you have anything in the jury room that you need to

21    retrieve?  Then perhaps Sarah can pick them up and decide

22    where we should go.

23

24         (Jurors in Seats 1, 3, 4 and 6 were discharged.)

25
```

*15-20652; USA v. EUGENE FISHER, ET AL*

 1             **THE COURT:**  For the rest you, we'll probably

 2    be taking you up to the tenth floor space so you can at

 3    least see the sun while you have your lunch, and leave

 4    your binders on the seats.  We have some nominal changes

 5    that we will making, and then we will give them back to

 6    you.

 7             With that, you can head back to the jury room.

 8

 9                    (Jurors excused.)

10

11             **THE COURT:**  All right.  We're going to have

12    the court officers sworn, if you would raise your right

13    hand?

14

15             (Courts officers sworn in by deputy clerk.)

16

17             **THE COURT:**  Thank you.  So a couple of things

18    that we want to note for the record.

19             Mr. Wigod you have something first?

20             **MR. WIGOD:**  Just real quick, I noticed as the

21    Court was reading, a handful of situations where there was

22    a misstatement of the description of the crime.  The title

23    and elements were correct throughout, but there were a

24    handful of times where the description of the crime as it

25    relates to the firearm charges in the introductory

*15-20652; USA v. EUGENE FISHER, ET AL*

1   paragraph referenced in furtherance of a crime of

2   violence, rather than, during and in relation to a crime

3   of violence, and I will work with your staff in correcting

4   that.  It doesn't relate to any of the elements

5   throughout, but there needs to be some corrections.

6                   **THE COURT:**  Okay.  That was discussed and

7   agreed upon by everyone.

8                   **MR. WIGOD:**  I've discussed it with Mr. Daly.

9                   **MR. DALY:**  We agree.

10                  **THE COURT:**  I didn't ask counsel if you all

11  agree and are satisfied with the instructions as written

12  now in total?

13                  **MR. DALY:**  Other than the objections that we

14  placed previously on record, yes.

15                  **THE COURT:**  Okay.

16                  **MR. THEIS:**  Yes.

17                  **MR. FEINBERG:**  Yes.

18                  **MR. WIGOD:**  Yes, your Honor.

19                  **THE COURT:**  And so what else?

20                  **MR. S. SCHARG:**  One question, when did you

21  want the Rule 29 filed by?

22                  **THE COURT:**  Well, I can address them orally.

23                  **MR. S. SCHARG:**  I'm not prepared to do it

24  now.

25                  **MR. SPIELFOGEL:**  A couple have been filed.

*15-20652; USA v. EUGENE FISHER, ET AL*

1    We will file ours today.  We can argue them wherever you

2    would like.

3              **THE COURT:**  All right.  So the likelihood, if

4    we're getting questions from the jury, it will be over the

5    first couple of days.  So if we're able to maybe hear the

6    arguments, whether you file a written motion or you simply

7    address it orally for court to consider, is fine with me

8    either way, and maybe if we have you all coming in

9    tomorrow.

10             **MR. S. SCHARG:**  Can we do it on Monday?

11             **MR. SPIELFOGEL:**  Monday would be good.

12             **THE COURT:**  Okay.  I think we can do that.

13   Okay.  Plan on Monday morning.

14             **MR. SPIELFOGEL:**  Thank you, Judge.

15             **THE COURT:**  9:00 good?

16             **MR. SPIELFOGEL:**  I'm coming back Sunday

17   night.

18             **THE COURT:**  We have one item that defense

19   counsel will have to look at.  Defense Exhibit 27, we

20   don't have marked as received into evidence.  Mr. Anton

21   thinks it was, and I don't have any -- we don't have the

22   transcript handy.

23        If not, would the government be opposed to

24   receiving it?

25             **MR. WIGOD:**  We need to know --

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1573 PageID.21060 Filed 12/16/19 Page 114 of 115
Case 2:15-cr-20652-GCS-DRG ECF No. 1208 filed 10/01/18 PageID.15058 Page 114 of 115
115

114

1            **THE COURT:**  Unredacted text Arnold to Whitney

2    Miller, 9-25-15, Government Exhibit 28.

3            **MR. WECHSLER:**  Judge, we have no objection.

4            **THE CLERK:**  So that corresponds with the

5    Government Exhibit 28?

6            **MR. S. SCHARG:**  Yes.

7            **THE COURT:**  In agreement?

8            **MS. FINOCCHIARO:**  We're in agreement.

9            **THE COURT:**  Very fine.

10           **MR. WECHSLER:**  Is it possible to do it Monday

11    afternoon instead of Monday morning?

12           **THE COURT:**  Sure.  Okay.

13

14            (Recess taken at 12:35 p.m.)

15

16        (Proceedings adjourned for the day at 1:30 p.m.)

17

18                    -    -    -

19

20

21

22

23

24

25

              *15-20652; USA v. EUGENE FISHER, ET AL*

```
1                C E R T I F I C A T I O N

2            I, Ronald A. DiBartolomeo, official court

3     reporter for the United States District Court, Eastern

4     District of Michigan, Southern Division, appointed

5     pursuant to the provisions of Title 28, United States

6     Code, Section 753, do hereby certify that the foregoing is

7     a correct transcript of the proceedings in the

8     above-entitled cause on the date hereinbefore set forth.

9            I do further certify that the foregoing

10    transcript has been prepared by me or under my direction.

11

12    s/Ronald A. DiBartolomeo                _____
      Ronald A. DiBartolomeo, CSR                  Date
13    Official Court Reporter

14                      -   -   -

15

16

17

18

19

20

21

22

23

24

25


              15-20652; USA v. EUGENE FISHER, ET AL
```