1

```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MICHIGAN
                       SOUTHERN DIVISION


 UNITED STATES OF AMERICA,

                 Government,
                                    HONORABLE GEORGE CARAM STEEH
      v.
                                    No. 15-20652
 D-3 EUGENE FISHER,
 D-4 COREY BAILEY,
 D-6 ROBERT BROWN,
 D-13 ARLANDIS SHY,
 D-19 KEITHON PORTER,

                 Defendants.
 _____/

                           JURY TRIAL

                    Friday, August 17, 2018

                           -   -   -
 APPEARANCES:

 For the Government:            JULIE FINOCCHIARO, ESQ.
                                JUSTIN WECHSLER, ESQ.
                                TARE WIGOD, ESQ.
                                MARK BILKOVIC, ESQ.
                                Assistant U.S. Attorneys


 For the Defendants:            HENRY M. SCHARG, ESQ.
                                On behalf of Eugene Fisher

                                CRAIG DALY, ESQ.
                                KEITH SPIELFOGEL, ESQ.
                                On behalf of Corey Bailey

                                JAMES FEINBERG, ESQ.
                                On behalf of Robert Brown


                                MARK MAGIDSON, ESQ.
                                JOHN THEIS, ESQ.
                                On behalf of Arlandis Shy
```

Case 2:15-cr-20652-GCS-DRG ECF No. 1572, PageID.31863 Filed 12/16/19 Page 2 of 15
Case 2:15-cr-20652-GCS-DRG ECF No. 1574, filed 02/04/19 PageID.17280 Page 2 of 15

2

```
                              STEVEN SCHARG, ESQ.
                              On behalf of Keithon Porter
```

                              - - -

*To Obtain Certified Transcript, Contact:*
*Ronald A. DiBartolomeo, Official Court Reporter*
*Theodore Levin United States Courthouse*
*231 West Lafayette Boulevard, Room 1067*
*Detroit, Michigan  48226*
*(313) 962-1234*

*Proceedings recorded by mechanical stenography.*
*Transcript produced by computer-aided transcription.*

Case 2:15-cr-20652-GCS-DRG ECF No. 1572, PageID.31864 Filed 12/16/19 Page 3 of 15
Case 2:15-cr-20652-GCS-DRG ECF No. 1504, filed 02/04/19 PageID.17287 Page 3 of 15

3

```
 1                    I  N  D  E  X
 2                                                              Page
 3   Jury deliberations                                            4
```

```
15                    E X H B I T S
17   Identification                              Offered    Received
19                     N    O    N    E
```

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1572, PageID.31865 Filed 12/16/19 Page 4 of 15
Case 2:15-cr-20652-GCS-DRG ECF No. 1504, filed 02/04/19 PageID.17288 Page 4 of 15

4

```
 1                            Detroit, Michigan
 2                            Friday, August 17, 2018
 3                            At 8:30 a.m.
 4                                -  -  -
 5                       (Jury began deliberations.)
 6
 7   (Proceedings held on the record without the presence of the
 8                       jury at 10:20 a.m.)
 9
10             THE COURT:  Okay.  We're on the record.
11         The Court received a note at 9:00 this morning
12   that reads:  Can we please get the video of 5-8-15
13   shooting, and the Court has had the opportunity to have
14   some discussion with counsel to get their ideas about the
15   response to this, as well as the rest of this note as it
16   relates to the request for the video.
17         It's agreed that that request is that -- that the
18   exhibit number for the video referred to in that question
19   is Number 392, and so the Court will be sending in that
20   video in response to the question.  Is that as understood
21   by defense counsel?
22             MR. H. SCHARG:  Yes.
23             MR. S. SCHARG:  Yes, your Honor.
24             THE COURT:  And the government as well?
25             MS. FINOCCHIARO:  Yes, your Honor.
```

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1572, PageID.31866 Filed 12/16/19 Page 5 of 15
Case 2:15-cr-20652-GCS-DRG ECF No. 1304, filed 02/04/19 PageID.17289 Page 5 of 15

5

1 **THE COURT:** All right. The second question
2 they asked is: Can we get a more clear definition of the
3 term "enterprise"? Both sides have suggested in our
4 discussion as to this portion of the message is to simply
5 refer them back to the instructions that were given,
6 including the first -- the discussion of the first element
7 of enterprise as defined as Instruction Number 17, but
8 also the references to enterprise that may assist them in
9 understanding the -- the definition which are included in
10 Instructions 18 and 19 as well.

11 **MR. H. SCHARG:** Judge, we're opposed to you
12 directing them to specific instructions regarding
13 definition. It's clear -- we think that you can tell them
14 that there's definitions in the instructions, but there's
15 also references to enterprise and definitions and examples
16 throughout the jury instructions, and they should not be
17 limited to the areas of the instructions that you direct
18 them to. So it's clear that there's definitions.

19 The problem is is that they want you to expand on
20 what's in the instructions, which you cannot do, and you
21 should not direct them to specific -- you know, to
22 specific definitions of the enterprise in the
23 instructions. You can say that there's instructions that
24 have been designated and noted in bold print in the
25 instructions, but you can't give them any further

Case 2:15-cr-20652-GCS-DRG   ECF No. 1572, PageID.31867   Filed 12/16/19   Page 6 of 15
Case 2:15-cr-20652-GCS-DRG   ECF No. 1504, filed 02/04/19   PageID.17290   Page 6 of 15

6

1     direction as to where they should search in the body of
2     the instructions.
3               **THE COURT:**  All right.  Is the government in
4     agreement with that?
5               **MR. BILKOVIC:**  Your Honor, I don't think
6     there's anything wrong in directing them to the portion of
7     the instruction that may answer the question that they are
8     asking.  They are asking about enterprise.  I would
9     suggest that you tell them that enterprise has been
10    defined for you in Instruction 17, and instead of
11    referring them to 18, you could say, there's also other
12    discussions of enterprise throughout the instructions that
13    you should also rely on.  Rely on all of the instructions
14    in rendering your decisions, something like that.
15              **MR. H. SCHARG:**  That's fair.
16              **THE COURT:**  Okay.  The Court will respond in
17    that fashion then.
18          The next question in the note -- or statement in
19    the note reads:  We would like phone records and Instagram
20    records.
21          In response to that question, we discussed it a
22    little bit on the record -- or a little bit in advance of
23    going on the record today, and as I understand it, we're
24    going to be sending in a list of the exhibits so that they
25    can look through that list if they are searching for a

Case 2:15-cr-20652-GCS-DRG ECF No. 1572, PageID.31868 Filed 12/16/19 Page 7 of 15
Case 2:15-cr-20652-GCS-DRG ECF No. 1304, filed 02/04/19 PageID.17291 Page 7 of 15

7

```
 1    request for exhibits to be sent in, and we'll tell them
 2    that we have an exhibit list that's going to be forwarded
 3    to the jury room so that they can ask for specific
 4    exhibits as they wish.  In the meantime, we will be
 5    sending back phone records and Instagram records from that
 6    exhibit list that was received into evidence, and that
 7    would omit Facebook records because they don't
 8    specifically ask for Facebook records, and if they do, I
 9    think there's some redaction that has to occur with
10    respect to those as I understand it.
11             **MS. FINOCCHIARO:**  Actually it was for the
12    phone records, and I have already taken care of that.
13             **THE COURT:**  Okay.
14             **MS. FINOCCHIARO:**  So we should be fine.
15             **MR. WECHSLER:**  Judge, just regarding the
16    exhibit list, I've worked on the case for multiple months,
17    and some of this is confusing to me.  So just with the
18    caveat, if they don't understand the exhibit list or
19    there's something that's not clear on it, to let us know,
20    and we'll try to clarify it, just so they don't rely
21    solely on our wording.
22             **THE COURT:**  That seems to be reasonable.
23        Is defense counsel in agreement with that
24    approach?
25             **MR. DALY:**  Don't mind if you tell the jurors
```

Case 2:15-cr-20652-GCS-DRG ECF No. 1573, PageID.34869 Filed 12/16/19 Page 8 of 15
Case 2:15-cr-20652-GCS-DRG ECF No. 1504, filed 02/04/19 PageID.17292 Page 8 of 15

8

```
 1    that the exhibit list is confusing, Judge.
 2              MR. BILKOVIC:  Were you planning on sending
 3    them back all the cell phone records and Instagram
 4    records?
 5              THE COURT:  Yes.
 6              MR. BILKOVIC:  Because I would suggest --
 7              THE COURT:  So when you say "cell records" --
 8              MR. BILKOVIC:  They want the phone records.
 9    We don't know what that means.  That's what I'm saying.
10    There's call detailed records, there's text records.  I
11    would suggest after you tell them about enterprise, when
12    you tell them about the exhibit list, and tell them to
13    basically be more specific with what they want, because
14    there are a ton of phone records, and like I said, there's
15    call detailed records, which are basically phone bills.
16    Then there's the cell phone extractions of what was
17    actually on the phones, text messages, pictures and
18    videos.
19         So I would suggest that we just get more clarity
20    from them after they get the exhibit list as to what they
21    want because it would be lot quicker for us to send back
22    specifically what they want, if they only want two or
23    three of the Instagram records instead of 30 of them.
24              THE COURT:  Okay.
25              MR. DALY:  That makes sense with regards to
```

Case 2:15-cr-20652-GCS-DRG ECF No. 1572, PageID.34870 Filed 12/16/19 Page 9 of 15
Case 2:15-cr-20652-GCS-DRG ECF No. 1304, filed 02/04/19 PageID.17293 Page 9 of 15

9

```
 1   that question, and the question that follows the last
 2   question.
 3            MR. BILKOVIC:  With Lawton and the cell
 4   towers slides, I agree.  The government agrees, I think.
 5            THE COURT:  As it relates to that last
 6   question that reads:  And info on Lawton shooting and cell
 7   tower slides, and you're suggesting that when they get
 8   list of exhibits, that it should be -- they should be able
 9   to discern what they're wanting to look at in that regard?
10            MR. DALY:  Yes.
11            MR. FEINBERG:  Judge, that word is "all info"
12   not and.
13            THE COURT:  All info.  I see.  Okay.  I think
14   that makes sense.  I read it as and, meaning -- and they
15   dropped the "d", but it looks like -- I can see why you
16   would conclude otherwise.  I think it could very well be
17   all info.
18        So if we're responding to it with all info on
19   Lawton shooting and cell tower slides, isn't that specific
20   enough to know what they want?
21            MR. BILKOVIC:  The cell tower slides for the
22   entire case or just Lawton?
23            MR. DALY:  And I don't know what all the
24   information on the Lawton shooting is.  I mean, I do, but
25   I don't.
```

Case 2:15-cr-20652-GCS-DRG ECF No. 1573 PageID.21871 Filed 12/16/19 Page 10 of 15
Case 2:15-cr-20652-GCS-DRG ECF No. 1304 filed 02/04/19 PageID.17294 Page 10 of 15

10

1    **MR. BILKOVIC:** I prefer we ask them for
2    clarification once they get the exhibit list of
3    specifically what exhibits they want.
4            **MR. H. SCHARG:** I've got a question regarding
5    exhibit list. The caption, Eugene Fisher, aka Fist,
6    F-i-s-t, never referred to as Fist, but Fes, and I would
7    like that corrected before the exhibit list goes into the
8    jury room.
9            **MS. FINOCCHIARO:** That's fine.
10           **THE COURT:** Corrected by removing the -- all
11   together by changing it?
12           **MR. H. SCHARG:** Whichever way you want it,
13   either by redact the aka Fist, or aka Fes, whichever way,
14   but it has to be corrected.
15           **MS. FINOCCHIARO:** Your Honor, we will
16   actually redact all the nicknames that are in the caption.
17   So it's just the actual --
18           **THE COURT:** All right.
19           **MS. FINOCCHIARO:** -- defendants' names.
20           **MR. H. SCHARG:** Second of all, you will also
21   provide them with a copy of defense exhibit list?
22           **THE COURT:** Yes. We're going to wait to send
23   the government exhibit list in until your defense exhibit
24   list is also available to send in.
25           **MR. THEIS:** I did not hear a resolution of

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1573 PageID.21872 Filed 12/16/19 Page 11 of 15
Case 2:15-cr-20652-GCS-DRG ECF No. 1304 filed 02/04/19 PageID.17295 Page 11 of 15

11

```
 1   the last part of it.  Are we going to wait until they make
 2   a separate request after they get that list?
 3            THE COURT:  Yes.
 4            MR. THEIS:  Before we send them the cell
 5   tower slides?
 6            THE COURT:  Yes.
 7            MR. THEIS:  Thank you.
 8            THE COURT:  Let's bring the jurors in.
 9
10          (Proceedings with jury at 10:28 a.m.)
11
12            THE COURT:  You may be seated.  Good morning.
13            ALL JURORS:  Good morning.
14            THE COURT:  So we received a note, and had an
15   opportunity to discuss it, and we will provide you with
16   our response.
17         This note begins:  Can we please get the video of
18   5-8-15 shooting?  We determined that to be Exhibit 392,
19   and we'll be sending that into the jury room with you.
20         We have the computer equipment here.  The video is
21   not completely set to go, but it will shortly be soon
22   after you're sent back into the jury room.
23         The next question is:  Can we get a more clear
24   definition of term "enterprise"?  Of course, we have the
25   Jury Instruction 17.  That is the definition of
```

Case 2:15-cr-20652-GCS-DRG ECF No. 1573 PageID.21873 Filed 12/16/19 Page 12 of 15
Case 2:15-cr-20652-GCS-DRG ECF No. 1304 filed 02/04/19 PageID.17296 Page 12 of 15

12

| | |
|---|---|
| 1 | enterprise, but there were references to enterprise |
| 2 | throughout the instructions that shed some light on the |
| 3 | definition as well.  So spend some time with the words and |
| 4 | the instructions, and then if you have a specific issue |
| 5 | concerning some part of the instructions that you need me |
| 6 | to address to the Court, you can do that. |
| 7 | We have -- but in the meantime, we want as much as |
| 8 | possible to focus on the whole body of the instructions as |
| 9 | it relates to the terms. |
| 10 | The next question:  We would like phone records |
| 11 | and Instagram records, and I believe it goes onto say, all |
| 12 | info or and info on Lawton shooting and cell tower slides. |
| 13 | We're going to -- in response to those questions, |
| 14 | we're going to forward to the jury room a list of exhibits |
| 15 | that have been received, and the list is somewhat |
| 16 | descriptive about the contents of those exhibits, and it |
| 17 | will allow you to focus on what you're interested in at |
| 18 | the moment.  There's no reason you can't ask for all, but |
| 19 | in this case there are various phone records as you know, |
| 20 | classes of records that were received into evidence, and |
| 21 | it's -- and rather than to throw a lot of stuff at you at |
| 22 | once, it probably would be best to try to use this list to |
| 23 | identify what you're looking for, and then if you don't |
| 24 | understand the list or you're having trouble locating what |
| 25 | you want to look at, you can follow up with another note |

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1573 PageID.21874 Filed 12/16/19 Page 13 of 15
Case 2:15-cr-20652-GCS-DRG ECF No. 1304 filed 02/04/19 PageID.17297 Page 13 of 15

13

```
 1    for us to identify the records that you're interested in.
 2             The same exists with if this is all info on Lawton
 3    shooting and cell tower slides, then cell tower slides --
 4    are you asking for cell tower slides, that relate just to
 5    the Lawton shooting, or are you asking for all of them,
 6    that kind of thing in responding to your note would be
 7    helpful for us.
 8             So you'll have those exhibit numbers, and I think
 9    that will facilitate your identifying what you want to
10    look at, and we'll have the equipment in the jury room
11    that should allow to you play those that you want to look
12    at.
13             So with those responses, is counsel satisfied with
14    the instructions given to the jury in response to this
15    note?
16                  MR. FEINBERG:  Yes, your Honor.
17                  MR. S. SCHARG:  Yes, your Honor.
18                  MS. FINOCCHIARO:  Yes, your Honor.
19                  THE COURT:  Good.  We'll let you go back and
20    continue your deliberations.
21
22     (Jury excused to continue deliberations at 10:36 a.m.)
23
24                  THE COURT:  Before everyone one leaves, if we
25    get an another question that does ask for exhibits by
```

Case 2:15-cr-20652-GCS-DRG ECF No. 1573 PageID.21875 Filed 12/16/19 Page 14 of 15
Case 2:15-cr-20652-GCS-DRG ECF No. 1304 filed 02/04/19 PageID.17298 Page 14 of 15

14

```
 1    number, we'll simply respond to that by providing the
 2    exhibits that are requested.  If there's some confusion
 3    about what exhibits they are seeking or it's not clear,
 4    then we'll bring you all down to reconvene.
 5              MS. FINOCCHIARO:  Okay.  We'll get the
 6    exhibits ready.
 7              THE COURT:  Thank you.
 8              MR. H. SCHARG:  We want to see the exhibit
 9    list before they go in.  I'll stick around.
10
11          (Recess taken at 10:36 a.m.)
12
13      (Proceedings concluded for the day at 2:30 p.m.)
14
15                        -  -  -
16
17
18
19
20
21
22
23
24
25
```

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1573 PageID.21876 Filed 12/16/19 Page 15 of 15
Case 2:15-cr-20652-GCS-DRG ECF No. 1304 filed 02/04/19 PageID.17299 Page 15 of 15

15

```
                        C E R T I F I C A T I O N

            I, Ronald A. DiBartolomeo, official court
   reporter for the United States District Court, Eastern
   District of Michigan, Southern Division, appointed
   pursuant to the provisions of Title 28, United States
   Code, Section 753, do hereby certify that the foregoing is
   a correct transcript of the proceedings in the
   above-entitled cause on the date hereinbefore set forth.
            I do further certify that the foregoing
   transcript has been prepared by me or under my direction.


   s/Ronald A. DiBartolomeo                    _February 4, 2019
   Ronald A. DiBartolomeo, CSR                        Date
   Official Court Reporter
                            -  -  -
```

*15-20652; USA v. EUGENE FISHER, ET AL*