1

                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION


**UNITED STATES OF AMERICA,**

                    Government,
                                          **HONORABLE GEORGE CARAM STEEH**
         v.
                                          **No. 15-20652**
**D-3 EUGENE FISHER,**
**D-4 COREY BAILEY,**
**D-6 ROBERT BROWN,**
**D-13 ARLANDIS SHY,**
**D-19 KEITHON PORTER,**

                    Defendants.
    _____/

                         **JURY TRIAL**

                  **Tuesday, August 21, 2018**

                          -   -   -

APPEARANCES:

For the Government:             JULIE FINOCCHIARO, ESQ.
                                JUSTIN WECHSLER, ESQ.
                                TARE WIGOD, ESQ.
                                MARK BILKOVIC, ESQ.
                                Assistant U.S. Attorneys


For the Defendants:             HENRY M. SCHARG, ESQ.
                                On behalf of Eugene Fisher

                                CRAIG DALY, ESQ.
                                KEITH SPIELFOGEL, ESQ.
                                On behalf of Corey Bailey

                                JAMES FEINBERG, ESQ.
                                On behalf of Robert Brown


                                MARK MAGIDSON, ESQ.
                                JOHN THEIS, ESQ.
                                On behalf of Arlandis Shy

```
                                  STEVEN SCHARG, ESQ.
                                  On behalf of Keithon Porter



                     -   -   -


        *To Obtain Certified Transcript, Contact:*
        *Ronald A. DiBartolomeo, Official Court Reporter*
            *Theodore Levin United States Courthouse*
          *231 West Lafayette Boulevard, Room 1067*
                  *Detroit, Michigan  48226*
                         *(313) 962-1234*

       *Proceedings recorded by mechanical stenography.*
      *Transcript produced by computer-aided transcription.*
```

Case 2:15-cr-20652-GCS-DRG ECF No. 1575, PageID.21944 Filed 12/16/19 Page 3 of 19
Case 2:15-cr-20652-GCS-DRG ECF No. 1506, filed 02/04/19 PageID.17367 Page 3 of 19

3

```
 1                    I  N  D  E  X
 2   _____Page
 3   Jury deliberations                                        4
 4
 ...
15
16                    E  X  H  B  I  T  S
17   Identification_____Offered    Received
18
19                      N     O     N     E
```

15-20652; USA v. EUGENE FISHER, ET AL

Case 2:15-cr-20652-GCS-DRG ECF No. 1575, PageID.21945 Filed 12/16/19 Page 4 of 19
Case 2:15-cr-20652-GCS-DRG ECF No. 1506, filed 02/04/19 PageID.17868 Page 4 of 19

4

```
 1                          Detroit, Michigan
 2                          Tuesday, August 21, 2019
 3                          At 8:30 a.m.
 4                              -   -   -
 5                (Jurors resumed deliberations.)
 6
 7       (Proceedings held without jury at 10:12 a.m.)
 8
 9           THE COURT:  You can take a seat.
10           Again, counsel has been talking with one another
11   about suggested responses to the question.
12           For the record the question reads:  We cannot
13   reach a decision except Eugene Fisher, firearm and
14   ammunition charges.
15           So Mr. Daly?
16           MR. DALY:  Both sides have agreed to address
17   the specific question.  It's not a question actually, but
18   a statement as to what their status is.
19           We are asking you to give the jury Court
20   Instruction Number 64, Duty To Deliberate.  We have
21   modified just to take out the first sentence, and if I can
22   approach, I will hand it to you, Judge.
23           THE COURT:  Okay.
24           MR. DALY:  And we think this would directly
25   address their statement.
```

Case 2:15-cr-20652-GCS-DRG ECF No. 1575, PageID.31946 Filed 12/16/19 Page 5 of 19
Case 2:15-cr-20652-GCS-DRG ECF No. 1506, filed 02/04/19 PageID.17369 Page 5 of 19

5

|    |    |
|---|---|
| 1  | **THE COURT:** Okay. I like the idea. I do |
| 2  | feel that we should suggest to them that this is very |
| 3  | early in their deliberations given the length of the |
| 4  | trial, and the mountain of information presented. |
| 5  | What I had written -- and I'm not led to any |
| 6  | particular language -- but this is what I was just jotting |
| 7  | down. It would go like this: |
| 8  | This is been a very lengthy trial, and there's |
| 9  | been a mountain of information presented. It's not |
| 10 | unusual that you would have some difficulty in reaching an |
| 11 | unanimous agreement. You have been deliberating for only |
| 12 | two and a half days, and it is very early in your |
| 13 | deliberations. |
| 14 | You should make a special effort to maintain -- |
| 15 | this is in response to the shouting and vulgar language |
| 16 | that was observed by other folks through the walls -- You |
| 17 | should make a special effort to maintain a dispassionate |
| 18 | posture in examining and discussing the evidence. |
| 19 | Remember you're fact finders, not advocates. It |
| 20 | is very destructive to your role and your relationships to |
| 21 | become verbally aggressive or overly aggressive in your |
| 22 | deliberation in the case. |
| 23 | **MR. DALY:** Judge, we are strongly opposed to |
| 24 | that for a number of reasons. Their deliberations are |
| 25 | suppose to be secretive. We're not even suppose to be |

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1575, PageID.31947 Filed 12/16/19 Page 6 of 19
Case 2:15-cr-20652-GCS-DRG ECF No. 1506, filed 02/04/19 PageID.17870 Page 6 of 19

6

| | |
|---|---|
| 1 | hearing anything, and to comment on what's going on, I |
| 2 | think -- |
| 3 | **THE COURT:** Well, nobody heard words that |
| 4 | were discernable except for some of the swear words |
| 5 | apparently. |
| 6 | **MR. DALY:** We are invading the secrecy and |
| 7 | privacy of deliberations. To comment on it in any way, |
| 8 | shape or form, we're simply asking that you give the |
| 9 | instruction that we have agreed on without any commentary |
| 10 | about how long they have been deliberating, or what they |
| 11 | should do, or what their role is. I think that's |
| 12 | intrusive as to what's been going on, and it is far beyond |
| 13 | what is necessary or what they are really looking for. |
| 14 | So what the parties have agreed to is what we have |
| 15 | submitted. Any other commentary we would object. |
| 16 | **THE COURT:** Mr. Bilkovic? |
| 17 | **MR. BILKOVIC:** Your Honor, I agree with Mr. |
| 18 | Daly in some respects. I agree with him with the |
| 19 | rereading the Instruction 64 on deliberations would be |
| 20 | present. |
| 21 | I don't necessarily have a problem with the Court |
| 22 | telling them that it's been a lengthy trial. So go back |
| 23 | and continue. I agree with Mr. Daly that the end portion |
| 24 | about the caution about what's going in the jury room |
| 25 | might not be appropriate at this point. They might think, |

Case 2:15-cr-20652-GCS-DRG ECF No. 1575, PageID.21948 Filed 12/16/19 Page 7 of 19
Case 2:15-cr-20652-GCS-DRG ECF No. 1306, filed 02/04/19 PageID.17371 Page 7 of 19

7

1 even though the Court has indicated we can't hear words,
2 they might think that somebody is listening to them, and I
3 certainly wouldn't want that to happen.
4     The other thing that we were suggesting, and I
5 know the defense is oppose to it, is that the Court to let
6 them know to continue to ask questions, and let them know
7 if needed, if there is a transcript that they want to see,
8 that we can make it available to them.
9     I know there was a question yesterday about
10 Derrick Kennedy and some other transcripts. The Court
11 told them not at this time. They might have lost the "not
12 at this time", and think they cannot get them, and for all
13 we know, they are arguing about something that Derrick
14 Kennedy testified to, and somebody says he said this, and
15 somebody said he said that, and they are not going to
16 reconcile that because people recall it differently.
17     I don't think there is anything wrong suggesting
18 to them that if there is specific transcripts that they
19 want, that we could get them available for them.
20     **MR. DALY:** Well, what's wrong with it is that
21 they have not asked for it. So the last time they asked
22 for transcripts, you answered it. They have not come back
23 and written a note and say, this is what we want. We want
24 Kennedy transcripts, or we want this. It's pure
25 speculation to now say to them, look it. If you want the

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1575, PageID.21949 Filed 12/16/19 Page 8 of 19
Case 2:15-cr-20652-GCS-DRG ECF No. 1306, filed 02/04/19 PageID.17372 Page 8 of 19

8

    1    transcripts of Mr. Kennedy when they have not even asked
    2    for them, you're invading what the deliberation process of
    3    the jury by trying to speculate about what they may or may
    4    not want.
    5           It would be fine if you said to them, if you have
    6    any other questions, put them in writing, and we'll do our
    7    best to answer them.  That's fine, but to try to say, you
    8    know, well, if you want the Kennedy transcripts, or if you
    9    the Scott transcripts, or you want this, just trying to
   10    guess at it, that's not appropriate because they have not
   11    asked it.
   12           I think our job is to address the questions or the
   13    comments, and not to go beyond it.
   14           **MR. BILKOVIC:**  Well, they did ask for it.
   15    They specific asked for Derrick Kennedy's transcript, and
   16    the Court at the time said not at this point.  I'm not
   17    saying tell them now, by the way, if you want Derrick
   18    Kennedy's transcript, we can make it available for you.
   19    What I'm saying, when you're instructing them on what
   20    you're going to instruct them to, suggest to them that if
   21    they need any exhibits, they are available as they've been
   22    getting them, and if there are certain transcripts they
   23    want, we can make those available for them.  I don't think
   24    there's anything harmful of that to let them know that if
   25    there is something they can't remember, we can help them

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1575, PageID.21950 Filed 12/16/19 Page 9 of 19
Case 2:15-cr-20652-GCS-DRG ECF No. 1306, filed 02/04/19 PageID.17373 Page 9 of 19

9

1   with that, especially in the light of the question they
2   asked yesterday.  I don't see anything wrong with that.
3   **MR. DALY:**  Well, what's wrong with it is they
4   are not asking for it.  We're not trying to direct the
5   jury towards a certain resolution on our own by trying to
6   guess what they may or may not want, or what may or may
7   not help them to get to a verdict.  That's not our job.
8   It's not the Court's job.  It's not the government's job,
9   and because they have not asked for anything specific,
10  there's nothing to comment on, Judge.  It's that simple.
11  They know whether that if they want exhibits, they
12  can ask them.  They have been doing that.  If they a have
13  question, they know they can ask it.  Let's not try to
14  figure out what we think may push them in a certain
15  direction when we don't really know.  I don't think that's
16  really helpful.  I think it is invasive.
17  **MR. BILKOVIC:**  And while I agree that they
18  know they can ask for exhibits and get them, right now
19  this jury may be thinking, because how that question was
20  answered yesterday, if they need a transcript or want to
21  review a transcript, tough luck.  They can't get it.
22  That's my concern, and I think it is an appropriate
23  concern.
24  **MR. DALY:**  That could be his concern, but
25  that's not way to deal with it.  Just because he may have

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1575 PageID.21951 Filed 12/16/19 Page 10 of 19
Case 2:15-cr-20652-GCS-DRG ECF No. 1306 filed 02/04/19 PageID.17574 Page 10 of 19

10

```
 1   that particular concern, isn't what the jury is asking for
 2   at this point.  They are not asking for a transcript.
 3   There is no reason to do this.
 4           So whether it is a legitimate concern or not,
 5   doesn't address why we're trying to resolve this.
 6           THE COURT:  All right.  So you've referred to
 7   this question that really isn't a question at all.  It is
 8   an expression that they cannot reach a decision, except
 9   with respect to the firearm and ammunition charges
10   involving Mr. Fisher, and the -- obviously, they want us
11   to know that they are having difficulties, and I think it
12   is reasonable for the Court to invite them if they have
13   some ideas of what would assist them in carrying out their
14   duties, to write a note as you suggested Mr. Daly, and we
15   will attempt to assist them in their deliberations.  I see
16   nothing wrong with that.
17           On behalf of the government, Mr. Bilkovic do you
18   object to that?
19           MR. BILKOVIC:  I do not.
20           THE COURT:  Mr. Daly, you do?
21           MR. DALY:  Yes.
22           THE COURT:  Well, I think we obviously want
23   to reach a conclusion in this case, if it's possible to do
24   so, and I think that the response should not be coercive
25   or -- and so I will give the modified duty to deliberate
```

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1575 PageID.21052 Filed 12/16/19 Page 11 of 19
Case 2:15-cr-20652-GCS-DRG ECF No. 1306 filed 02/04/19 PageID.17575 Page 11 of 19

11

          1    as the parties have agreed, but I think I will, as it
          2    relates to their expressed difficulties in reaching a
          3    decision, I think I will observe that they have been
          4    deliberating for only two and a half days, and that if
          5    they have ideas about what would assist them to carrying
          6    out their duties, they should communicate with the Court
          7    by note as instructed earlier.
          8              And for the reasons argued by Mr. Daly, I'll
          9    refrain from cautioning them to -- by describing their
         10    role as fact finder, and the need -- the desirability of
         11    not becoming verbally aggressive or overly defensive in
         12    their considerations of the case, although I think that's
         13    part of the message they need to get.  We can save that
         14    for the next expression of difficulty if there is one.
         15              **MR. THEIS:**  Your Honor, just briefly on the
         16    issue of the two and a half days, I agree that's an
         17    objective fact that's appropriate to tell them.
         18              When you talked about your proposed instruction
         19    earlier, you said that it is fairly early in their
         20    deliberation.  I would stick to just the objective part of
         21    it that it is two and a half days because there is no
         22    right or wrong or appropriate length, and it sort of
         23    implies that you're telling them that there is a certain
         24    amount of time.  So if we can just leave it to the two and
         25    a half days, that would be our preference.

                         *15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1575 PageID.21953 Filed 12/16/19 Page 12 of 19
Case 2:15-cr-20652-GCS-DRG ECF No. 1306 filed 02/04/19 PageID.17576 Page 12 of 19

12

 1    **MR. SPIELFOGEL:** Your Honor, we should not be
 2    telling them at all that we consider this early in the
 3    deliberations or this is late in your deliberations.
 4        **THE COURT:** I agree with that, and I'm not
 5    going to tell them that.
 6        **MR. SPIELFOGEL:** For them, this could be like
 7    they've been back there for a month as far as how they
 8    feel. For to us tell them this is early, get back there,
 9    that's not our role.
10        **THE COURT:** Right. Okay. Do you want to
11    receive the partial jury verdict that they said they
12    reached?
13        **MR. H. SCHARG:** Pardon me?
14        **THE COURT:** Did you want to entertain the
15    idea of receiving the partial verdict as it relates to --
16        **MR. H. SCHARG:** We defer that to a later
17    time.
18        **THE COURT:** Okay.
19        **MR. H. SCHARG:** I don't think there's the
20    necessity to take that verdict. Obviously at some point
21    in time if the -- if a mistrial is declared on the other
22    counts, we can take the verdict at that time.
23        **MR. BILKOVIC:** The government agrees with
24    that position.
25        **THE COURT:** Okay.

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1575 PageID.21954 Filed 12/16/19 Page 13 of 19
Case 2:15-cr-20652-GCS-DRG ECF No. 1306 Filed 02/04/19 PageID.17577 Page 13 of 19

13

```
 1                MR. BILKOVIC:  Write this down.  This is the
 2     first time that I've agreed with Mr. Scharg.
 3                MR. H. SCHARG:  I didn't hear the last part.
 4                MR. BILKOVIC:  The first time I've agreed
 5     with you in three months.
 6                MR. H. SCHARG:  I thought it was
 7     intellectually dishonest.
 8                THE COURT:  All right.  Let's call the jurors
 9     in.
10
11           (Proceedings with jury at 10:29 a.m.)
12
13                THE COURT:  All right, folks.  You can take a
14     seat.
15           So the Court has received your note.  It reads:
16     We cannot reach a decision except Eugene Fisher, firearm
17     and ammunition charges.
18           The Court is going to respond as follows:
19           It is your duty to talk to each other about the
20     evidence and to make every reasonable effort that you can
21     to reach unanimous agreement.
22           Talk with each other.  Listen carefully and
23     respectfully to each other's views, and keep an open mind
24     as you listen to what your fellow jurors have to say.  Try
25     your best to work out your differences, but don't hesitate
```

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1575 PageID.21055 Filed 12/16/19 Page 14 of 19
Case 2:15-cr-20652-GCS-DRG ECF No. 1306 filed 02/04/19 PageID.17578 Page 14 of 19

14

```
 1    to change your mind if you are convinced that other jurors
 2    are right and your original position was wrong.  Don't
 3    ever change your mind just because other jurors see things
 4    differently, or just to get the case over with.  In the
 5    end your vote must be that, exactly your own vote.
 6              It is important for you to reach unanimous
 7    agreement, but only if you can do so honestly and in good
 8    conscience.  No one will be allow to hear your discussions
 9    in the jury room, and no record will be made what you say.
10    You should all feel free to speak your own minds.  Listen
11    carefully to what the other jurors have to say, and then
12    decide for yourself if the government has proved a
13    defendant guilty beyond a reasonable doubt.
14              So with that, we'll direct you to go back and
15    continue your deliberations.
16
17    (Jurors excused and continued deliberating at 10:32 a.m.)
18
19              THE COURT:  You can take that seat.
20              So I have Mr. DiBartolomeo working on the
21    transcript of Derrick Kennedy's testimony in case they
22    come back with that request.  He is charged with deleting
23    from the transcript sidebar conferences, and any other
24    exchanges that are not within the province of the jury to
25    receive, so that if such a request is made, we can
```

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1575, PageID.21956 Filed 12/16/19 Page 15 of 19
Case 2:15-cr-20652-GCS-DRG ECF No. 1306 filed 02/04/19 PageID.17579 Page 15 of 19

15

1    respond.

2        This has been a little bit against my better
3    judgment. It seems to me that the Court should have
4    cautioned them to make a special effort to maintain a
5    dispassionate posture in examining and discussing the
6    evidence, remembering that they are fact finders and not
7    advocates.

8        So I haven't -- I decided to go with your
9    agreement, but I don't think it is especially helpful to
10   the jury, and I'm sure you could observe the misery on
11   their faces as they came into the courtroom. I think they
12   need a pep talk of some kind, and you might discuss
13   further the appropriate response, something like a
14   response that I suggested.

15       With that we'll --

16       **MR. BILKOVIC:** Your Honor, we may have
17   misunderstood. I thought the Court was going give them a
18   little bit of nudge, and let them know to continue ask
19   questions and things like. Did the Court decide not to do
20   that?

21       **THE COURT:** Right.

22       **MR. WECHSLER:** We have been talking the whole
23   time. Part of the problem of not addressing transcript
24   issues is that when they ask for specific exhibits the
25   first time, the very first time, we sent back with them a

Case 2:15-cr-20652-GCS-DRG ECF No. 1575 PageID.21957 Filed 12/16/19 Page 16 of 19
Case 2:15-cr-20652-GCS-DRG ECF No. 1306 filed 02/04/19 PageID.17580 Page 16 of 19

16

| | |
|---|---|
| 1 | list of exhibits and said, choose what you want, and then |
| 2 | they came back and asked for the transcripts from the |
| 3 | trial, more specifically Derrick Kennedy, and we sent them |
| 4 | back and said, well, not at this time, but "not at this |
| 5 | time" appeared to sort of bury the rest of it, which is |
| 6 | your duty to collective memories and whatnot. |
| 7 | Without getting into their minds, the problem is |
| 8 | that they likely don't believe they can get transcripts, |
| 9 | and so without saying that those are available or anything |
| 10 | that you need related to the trial is available or some |
| 11 | consideration of that, because we sent them an exhibit |
| 12 | list and said, pick out what you want, they may be |
| 13 | thinking this is all that we can get, especially in light |
| 14 | of the fact they asked for the transcripts of the trial, |
| 15 | and we essentially said no. |
| 16 | So that's the concern that we have over here with |
| 17 | just leaving it as the instruction as indicated. |
| 18 | **MR. DALY:** Judge, this is not a fishing |
| 19 | expedition where one side or the other tries to figure out |
| 20 | what's going on with the jury. That's not our job. |
| 21 | **MR. WECHSLER:** It was not a fishing |
| 22 | expedition. |
| 23 | **MR. DALY:** That's exactly what they're |
| 24 | engaging in now. They are trying to figure out what the |
| 25 | jury may or may not want, and that's not our job. |

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1575 PageID.21050 Filed 12/16/19 Page 17 of 19
Case 2:15-cr-20652-GCS-DRG ECF No. 1306 filed 02/04/19 PageID.17581 Page 17 of 19

17

```
 1              MR. WECHSLER:  Sorry to interrupt.  I agree,
 2   but it's not fishing because we had a note where they
 3   specifically asked for transcripts from the trial,
 4   specifically Derrick Kennedy.  That's not out of the blue.
 5   This is what they asked for, and as we discussed
 6   yesterday, we said at this time, and --
 7              MR. DALY:  So what's different now, other
 8   than they said that they believe that they are hung, and
 9   now you're trying to go back to an issue that we already
10   agreed that the jury will be instructed in a certain way,
11   and that's really the end of the discussion for now,
12   unless they write back and have a specific request for
13   transcripts of a particular witness, and then we can deal
14   with it.
15              MR. WECHSLER:  But they did, and we.
16              MR. DALY:  That's in the past.
17              MR. WECHSLER:  It's in past, but --
18              THE COURT:  We need to take a short break.
19
20              (Recess taken at 10:38 a.m.)
21
22      (Proceedings resumed without jury at 11:09 a.m.)
23
24              THE COURT:  Okay.  So listening to counsel's
25   argument, I think, again, I did intend and didn't address
```

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1575 PageID.21050 Filed 12/16/19 Page 18 of 19
Case 2:15-cr-20652-GCS-DRG ECF No. 1306 filed 02/04/19 PageID.17582 Page 18 of 19

18

```
1    the invitation to have the jurors suggest ways that the
2    Court could assist them to reach an agreement in the case,
3    and I think at this point it is just as well that they not
4    be advised unless there's another note that comes out
5    expressing their inability to reach an outcome.
6             So we'll wait for that next communication if there
7    is one to come.
8
9                  (Recess taken at 11:11 a.m.)
10
11        (Proceedings adjourned for the day at 2:30 p.m.)
12                           -  -  -
```

*15-20652; USA v. EUGENE FISHER, ET AL*

Case 2:15-cr-20652-GCS-DRG ECF No. 1575, PageID.21960 Filed 12/16/19 Page 19 of 19
Case 2:15-cr-20652-GCS-DRG ECF No. 1306 filed 02/04/19 PageID.17583 Page 19 of 19

19

```
 1                    C E R T I F I C A T I O N

 2             I, Ronald A. DiBartolomeo, official court

 3   reporter for the United States District Court, Eastern

 4   District of Michigan, Southern Division, appointed

 5   pursuant to the provisions of Title 28, United States

 6   Code, Section 753, do hereby certify that the foregoing is

 7   a correct transcript of the proceedings in the

 8   above-entitled cause on the date hereinbefore set forth.

 9             I do further certify that the foregoing

10   transcript has been prepared by me or under my direction.

11

12   s/Ronald A. DiBartolomeo                  ___February 4, 2019
     Ronald A. DiBartolomeo, CSR                         Date
13   Official Court Reporter

14                         -   -   -
```

*15-20652; USA v. EUGENE FISHER, ET AL*